IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                             PLAINTIFF

vs.                                        Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                                                 DEFENDANT

## ANSWER

Comes now Defendant, Legal Aid of Arkansas, and for its Answer to Plaintiff's Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint (filed as a Motion To Amend Complaint (See Dkt. # 11)) (Plaintiff's amended complaints are referred to collectively as "Amended Complaints") states and alleges as follows:

1. Defendant admits that it is a not-for-profit corporation established and existing under the laws of the State of Arkansas.

2. Defendant admits that, on or about February 27, 2011, it entered into an agreement with Plaintiff whereby Defendant agreed to provide Plaintiff pro bono legal representation and services (the "Engagement") in regard only to an attempted eviction of Plaintiff from his apartment by his landlord (the "Eviction").

3. Defendant affirmatively states and alleges that the Engagement did not involve an undertaking to represent Plaintiff in any other matter.

4. Defendant denies that Plaintiff was a repeat client of Defendant.

5. Defendant affirmatively states and alleges that, during the course of the Engagement, and thereafter, Plaintiff requested Defendant to represent him in separate civil matters.

6. Defendant affirmatively states and alleges that Defendant declined Plaintiff's requests for separate representation for nondiscriminatory reasons.

7. Defendant affirmatively states and alleges that Plaintiff's assertion that Defendant is a place of "public accommodation" as contemplated by the 42 U.S.C. § 12101, *et seq.*, the Americans With Disabilities Act, is a legal conclusion to which no response is required; to the extent a response is required, same is denied.

8. Defendant admits that Plaintiff communicated to Defendant that he suffered from Asperger Syndrome.

9. Defendant lacks sufficient information and knowledge to admit or deny whether Plaintiff actually suffers from Asperger Syndrome and, thus, denies same.

10. Defendant affirmatively states and alleges that Plaintiff's assertion that he suffers a "disability" as contemplated by the Americans With Disabilities Act is a legal conclusion to which no response is required; to the extent a response is required, same is denied.

11. Defendant denies that Plaintiff ever sought or requested a reasonable accommodation for his alleged Asperger Syndrome.

12. Defendant denies that it denied services or accommodations to Plaintiff as contemplated by the Americans With Disabilities Act.

13. Defendant denies that it has failed to comply with the Americans With Disabilities Act in providing services and accommodations to Plaintiff.

14. Defendant denies that it discriminated against Plaintiff.

15. Defendant denies that it retaliated against Plaintiff.

16. Defendant denies it provided Plaintiff with ineffective assistance of counsel.

17. Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

18. Defendant affirmatively states and alleges that, to the extent that Plaintiff has been damaged, such damage is due to his own fault, to such a degree as to bar recovery, or at least diminish it.

19. Defendant affirmatively states and alleges that, other than as specifically addressed herein, Plaintiff's Complaint and Amended Complaints fail to assert facts or allegations to which a response is required; to the extent a response is required to any such assertion, same is denied.

20. Defendant affirmatively states and alleges that, other than as specifically addressed herein, Plaintiff's Complaint and Amended Complaints assert legal conclusion to which no response is required; to the extent a response is required to any such assertion, same is denied.

21. Defendant affirmatively states and alleges that Plaintiff's Complaint and Amended Complaints fail to state facts upon which relief can be granted.

22. Defendant affirmatively states and alleges that Plaintiff lacks standing because he suffered no injury-in-fact; because a causal relationship between the alleged injury and the challenged conduct does not exist; and because the alleged injury is not redressable by the court.

23. Defendant affirmatively states and alleges that this court lacks subject matter jurisdiction as Defendant's policies and procedures are in compliance with the Americans With Disabilities Act and no case or controversy exists.

24. Defendant denies that Plaintiff is entitled to the relief and damages asserted in his Complaint and Amended Complaints.

25. Defendant affirmatively states and alleges that under applicable statutes and law applicable to Plaintiff's causes of action compensatory and punitive damages are precluded.

26. Defendant affirmatively states and alleges the defense of insufficiency of process and insufficiency of service of process.

27. Defendant hereby reserves the right to plead further and specifically reserves the right to affirmatively plead any and all other defenses and objections per the Americans With Disabilities Act, and Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure and Arkansas Rules of Civil Procedure.

28. Defendant hereby reserves the right to file a motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure at a later date asserting any one or all of the above stated affirmative defenses or objections.

WHEREFORE, Defendant, Legal Aid of Arkansas, prays that Plaintiff's Complaint and Amended Complaints be dismissed, for costs, and for all other relief to which it may be entitled.

        LEGAL AID OF ARKANSAS

By:   /s/ J. David Dixon
       J. David Dixon    #05251
       DAVIS, CLARK, BUTT, CARITHERS
         & TAYLOR, PLC
       P.O. Box 1688
       Fayetteville, AR  72702-1688
       Phone No.:  1-479-521-7600
       Fax No.:  1-479-521-7600
       Email: ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of November, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.  I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

David Stebbins, *Pro Se*
8527 Hopewell Road
Harrison, AR  72601

                         By:   /s/ J. David Dixon
                                J. David Dixon    #05251
                                DAVIS, CLARK, BUTT, CARITHERS
                                    & TAYLOR, PLC
                                P.O. Box 1688
                                Fayetteville, AR  72702-1688
                                Phone No.:  1-479-521-7600
                                Fax No.:  1-479-521-7600
                                Email:  ddixon@davis-firm.com