IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                    PLAINTIFF

vs.                              Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                            DEFENDANT


### DEFENDANT'S BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION FOR DECLARATORY RELIEF

Comes now Defendant, Legal Aid of Arkansas, and submits this Brief in Support of its Response to Plaintiff's Motion for Declaratory Relief.

## I.  BACKGROUND

On November 28, 2011, Plaintiff filed a Motion for Declaratory Relief.  (Dkt. No. 18).  By his motion, Plaintiff requests the court to adjudge certain allegations within his Complaint true.  *Id*. The allegations at issue are whether Defendant is a "place of public accommodation" as defined by 42 U.S.C. 12101, *et. seq*., the American With Disabilities Act (the "ADA"); whether Plaintiff's alleged disability, Asperger's Syndrome, is a "disability" as defined by the ADA; and whether Plaintiff suffers from same..  In its Answer, Defendant responded to these allegations by asserting that said allegations are "legal conclusion[s] to which no response is required; to the extent a response is required, same is denied." (Dkt. No. 16,  ¶¶ 7, 9, and 10).

Plaintiff's motion is procedurally improper and should be denied.  In the event the Court construes Plaintiff's motion as motion for partial summary judgment, same lacks any factual support and should be denied.  In the event the Court construes Plaintiff's motion as some other permissible motion under the Federal Rules, same should be denied, or, alternatively, Defendant requests additional time to respond.

## II. RULE AND ARGUMENT

### A. Declaratory Judgment

Rule 57 of the Federal Rules of Civil Procedures governs the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201, the Declaratory Judgment Act. The Declaratory Judgment Act provides, in relevant part, that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The "appropriate pleading" language within the Declaratory Judgment Act requires a party to bring an *action* for declaratory judgment not a *motion* for declaratory relief. *Kam-Ko Bio-Pharm Trading Co., Ltd. V. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009); *Hunter v. Bank of N.Y. Mellon*, 2011 U.S. Dist. LEXIS 96974 (M.D. Tenn., Aug. 29, 2011). There is "no such thing as a motion for declaratory relief." *Centrifungal Acquisition Corp., Inc., v. Moon*, 2010 U.S. Dist. LEXIS 7684 (E.D. Wis. Jan. 14, 2010). "The requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions." 10B Wright, Miller & Kane, Fed Practice and Procedure: Civil § 2768 (3d ed. 1998). Where a party brings a *motion* for declaratory relief, the motion should be denied as it is inconsistent with the Federal Rules of Civil Procedure. *Kam-Ko*, 560 F.3d 935; *see also Int' Bhd of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 453, 456 (S.D.N.Y. 1995).

Here, Plaintiff has not brought a separate action for declaratory judgment, but, rather, improperly seeks declaratory relief by motion filed within his civil suit under the ADA. Plaintiff's motion is contrary to the Declaratory Judgment Act and the Federal Rules of Civil Procedure, and should be denied.

### B.  Construing Plaintiff's Motion As A Motion For Partial Summary Judgment

Prior case law suggests that an improperly filed motion for declaratory relief may be construed by the court as a motion for summary judgment. *See Kam-Ko*, 560 F.3d at 943 ("the only way plaintiffs' motion can be construed as being consistent with the Federal Rules is to consture it as a motion for summary judgment."); *Hunter*, 2011 U.S. Dist. LEXIS 96974. Even construing Plaintiff's motion as a motion for partial summary judgment, relief should still be denied.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party has the burden of showing that there is no genuine issue of material fact. *Celotex*, 477 U.S. 317. Per Rule 56

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . depositions, documents, . . . affidavits or declarations, stipulations . . ., admissions, interrogatory answers . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). "To avoid summary judgment, the nonmoving party must make a sufficient showing on every essential element of her case on which she bears the burden of proof." *Wheeler v. Aventis Pharms.*, 360 F.3d 853, 857 (8th Cir. Mo. 2004).

In order to make out a prima facie case under Title III of the ADA, a plaintiff must satisfy

–3–

three elements: (1) that he is disabled; (2) that the defendant is a private entity which owns, leases or operates a place of public accommodation; and (3) that he was denied the opportunity to participate in or benefit from services or accommodations on the basis of his disability. 42 U.S.C. § 12182 ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."); *Griffin v. Public Access Cmty. TV*, 2010 U.S. Dist. LEXIS 101620, 2-3 (W.D. Tex. Sept. 27, 2010); *Lester v. Compass Bank*, 1997 U.S. Dist. LEXIS 11575 (N.D. Ala. Feb. 10, 1997); *Mayberry v. Von Valtier,* 843 F. Supp. 1160, 1164 ( E.D. Mich. 1994).

### i. Place of Public Accommodation

Under the ADA, a "place of public accommodation," requires that the place be owned, leased or operated by a private entity (as opposed to a public entity). 42 U.S.C. § 12181. Section 12181 then lists certain private entities that are considered places of public accommodation, *if the operation of same affects commerce. Id.* (emphasis added). Granted, this list does include offices of attorneys as a place that may be considered a place of public accommodation. Yet, as explained below, such an elementary reading is insufficient to conclude, without more, that every law office is a place of public accommodation.

In the present matter, recall, Defendant denied that it was a place of public accommodation under the ADA. Plaintiff has offered no admissible or competent evidence to carry his burden of proof on whether Defendant is a place of public accommodation. Rather, Plaintiff erroneously concludes that if a entity falls within a Section 12181 category, the Act applies regardless of whether it is a public or private entity, whether it affects commerce, whether it is actually open to the public,

and whether it is exempted from coverage under Section 12187 of the ADA.

Plaintiff carries the burden on such issues and has offered no proof whatsoever on whether Defendant is a private or public entity; on whether Defendant's operation affects commerce; on whether Defendant is actually open to the public; or on whether Defendant is exempted from the ADA under 42 U.S.C. § 12187.  *See Jankey v. Twentieth Century Fox Film Corp.*, 212 F.3d 1159, 1161 (9th Cir. Cal. 2000).  Plaintiff's bare, self-serving assertions that Defendant is a place of public accommodation are insufficient to support a summary judgment motion.  *Bass v. SBC Communs., Inc.,* 418 F.3d 870, 872-873 (8th Cir. Ark. 2005) ("A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor."); *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 371 (7th Cir. Ill. 2009).

### ii.  Disability

As for a "disability" under the ADA, it is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual."  42 USCS § 12102. A "major life activity" includes such things "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  *Id*.

Again, recall, Defendant denied that Asperger Syndrome is a disability under the ADA, and that Plaintiff suffers from same.  Again, Plaintiff has offered no admissible or competent evidence to carry his burden of proof on whether Asperger Syndrome is a disability or whether he suffers from same.  "Disability" under the ADA is a highly technical term that requires satisfying each of the elements therein – "physical or mental impairment," "substantially limits," "major life

activities," and on "such individual." *See Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999) (discussing the complexity of determining whether an individual has a disability; concluding that the issue requires a factually intensive inquiry that must be resolved on a case by case basis.) Other than bare, unsupported assertions, Plaintiff has offered no proof that Asperger's Syndrome is a disability or that he suffers from same. Again, Plaintiff's bare allegations are insufficient to support a motion for summary judgment. *Bass*, 418 F.3d 870.

### C. Plaintiff's Motion Is Premature

Lastly, still construing Plaintiff's motion as a partial motion for summary judgment, the motion is premature. Defendant filed its Answer on November 22, 2011; as of the filing of this motion the initial scheduling conference has not yet occurred; and no discovery has taken place. Plaintiff's requests may be proper in the future, but not now.

## III. CONCLUSION

For any of the above reasons, separately or together, Defendant prays that Plaintiff's Motion For Declaratory Relief be denied; that if said motion is construed as a partial motion for summary judgment, that same be denied; that if said motion is construed as some other permissible motion under the Federal Rules, that same be denied, or, alternatively, that Defendant be allowed additional time to respond upon notice from the Court of same, and completion of necessary discovery.

BY:   /s/ J. David Dixon
      Don A. Taylor              #89139
      J. David Dixon           #05251
      DAVIS, CLARK, BUTT, CARITHERS
          & TAYLOR, PLC
      19 E. Mountain Street
      P.O. Box 1688
      Fayetteville, AR  72702-1688
      Telephone: (479) 521-7600
      Facsimile: (479) 521-7661
      Email: ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.  I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

David Stebbins, *Pro Se*
8527 Hopewell Road
Harrison, AR  72601

By:   /s/ J. David Dixon
      Don A. Taylor              #89139
      J. David Dixon           #05251
      DAVIS, CLARK, BUTT, CARITHERS
          & TAYLOR, PLC
      19 E. Mountain Street
      P.O. Box 1688
      Fayetteville, AR  72702-1688
      Telephone: (479) 521-7600
      Facsimile: (479) 521-7661
      Email: ddixon@davis-firm.com