IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                                          PLAINTIFF

v.                                          Civil No. 11-3057

LEGAL AID OF ARKANSAS                                                                        DEFENDANT

**<u>ORDER</u>**

Pending before me are the Plaintiff's motion for declaratory relief (Doc. 18) and Plaintiff's motion for the appointment of counsel (Doc. 27). In the motion for declaratory relief, Plaintiff asks the Court to declare Defendant is a place of public accommodation and that Asperger Syndrome is a disability as defined by the Americans with Disabilities Act. The motion (Doc. 18) is denied. These are issues that go to the merits of Plaintiff's case. If he believes he is entitled to judgment in his favor, Plaintiff should file a summary judgment motion.

Plaintiff's request for appointment of counsel is contained within his reply (Doc. 26) to Defendant's response to his motion to stay. The document was filed both as a reply (Doc. 26) and as a motion for the appointment of counsel (Doc. 27). If the Court does not stay the case, Plaintiff asks for the appointment of counsel. He maintains he has demonstrated an inability, not an unwillingness, to pursue the case on his own.

Under 28 U.S.C. § 1915, the Court also has the authority to request counsel to represent impoverished litigants. *See Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 302 (1989). In determining whether counsel should be appointed, the Court considers: the factual complexity of the issues; the ability of an indigent to investigate the facts;

-1-

the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues. *In re Lane,* 801 F.2d 1040 (8th Cir. 1986); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003 (8th Cir. 1984).

Review of the file indicates Plaintiff is capable of representing himself. His filings indicate that he has an understanding of the issues presented. The documents Plaintiff has filed have been easily understood by the Court. Nothing before me indicates Plaintiff is unable to represent himself. The motion (Doc. 27) is denied.

IT IS SO ORDERED this 6th day of February 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE