United States District Court for
Western District of Arkansas

David Stebbins                                Plaintiff

vs                    Case No. 11-3057

Legal Aid of Arkansas                         Defendant

MOTION FOR DEFAULT OR IN THE ALTERNATIVE FOR SANCTIONS OR IN THE ALTERNATIVE TO COMPEL FURTHER COOPERATION

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following motion for default to be entered against Defendant for failure to defend.

It is now February 15, 2012, and Defendant has not served me with their mandatory disclosure even though the 26(f) report that Defendant itself unilaterally filed ~~gives that~~ sets February 14, 2012 as that deadline. Pursuant to the final scheduling order, I have made a good faith attempt to resolve this dispute without court intervention, but Defense Counsel refused to even accept my call.

I know what Defendant is trying to do. They are trying to prevent me from having the full and fair discovery that I am entitled to. I know this because it has happened to me before, in case no. 10-3305 in the U.S. District Court for the Western District of Missouri, case of

Stebbins v. Richardson. Defendants in that case repeatedly failed to respond timely to any discovery requests unless they were requests for admissions, ~~until~~ and they continued to ignore discovery requests until motions to compel them were filed. I know this was in bad faith because, when I filed a motion for default out of frustration (just like this one), suddenly Defendants started timely responding without having to be asked! Of course, don't take my word for it; it's all on Pacer; you can look it up yourself!

As soon as I get out of jail, I intend to sue those guys AND their lawyer for abuse of process (the rules of resolving discovery disputes without court intervention were not designed for keeping parties from having meaningful discovery), and I will sue them for eleven times what I had sued them for prior (the original lawsuit amount, plus 10x that amount in punitive damages). If this motion for default is denied, and Defendant in this case continues its behavior, I will do the same to them. I am already suing them for $67,034,000; imagine them getting sued for $737 million!

Of course, perhaps this time, it was not in bad faith. After all, unlike Richardson, it has only happened once here. However, if that is the

case, I challenge Defendant to actually explain themselves, in a response to this motion. Why didn't they get the mandatory disclosures to me in the time frame that they themselves allotted? If they cannot provide this explanation, then I humbly ask the court to accept that it was in bad faith, pursuant to the maxim "qui tacet consentiture videtur." ("he who is silent is taken to agree")

If the court still finds it unnecessary to list Defendant in default for failure to defend (even though default is clearly one of the sanctions provided for under Rule 37 of the Federal Rules of Civil Procedure), I ask that Defendant be sanctioned for bad faith delaying of the case. If the court finds even THAT inappropriate, I ask that Defendant be instructed to cease and desist their failure to timely meet the deadlines in this case, less they risk sanctions.

It is so requested on this 15th day of February, 2012

David Stebbins
David Stebbins
5800 Law Dr.
Harrison, AR 72601

Certificate of Service

Defense counsel has been served with this motion by allowing them to view it on ECF.

David Stebbins
*David Stebbins*
5800 Law Dr.
Harrison, AR 72601

David Stebbins
5800 Law Dr.
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72601