<u>IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS</u>

DAVID STEBBINS                                                                                    PLAINTIFF

vs.                                              Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                                              DEFENDANT

**BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT
OR IN THE ALTERNATIVE FOR SANCTIONS OR IN THE ALTERNATIVE TO
<u>COMPEL FURTHER COOPERATION</u>**

Comes now Defendant, Legal Aid of Arkansas, and for its Brief In Support Of Response to Plaintiff's Motion For Default Or In The Alternative For Sanctions Or In The Alternative To Compel Further Cooperation, states and alleges as follows:

**I.      FACTUAL BACKGROUND**

Pursuant to Rule 26(C) of the Federal Rules of Civil Procedure, the parties must make their Initial Disclosures within 14 days after the parties' Rule 26(f) Conference, unless a different time is set by stipulation or by court order.  Pursuant to the Court's Initial Scheduling Order, the parties were to hold their Rule 26(f) Conference by January 6, 2012, and to submit their Rule 26(f) Report by January 31, 2012.  (Dkt. No. 17).  Despite Defendant's numerous attempts to contact Plaintiff to hold the Rule 26(f) Conference, he failed to respond and to participate in a Rule 26(f) Conference.  (Exhibit A).  Because of Plaintiff's failure to cooperate with the Rule 26(f) Conference, on January 31, 2012, Defendant unilaterally filed a Rule 26(f) Report. (Dkt. No. 28).  Plaintiff never responded to Defendant's Rule 26(f) Report.  Therein, Defendant proposed February 14, 2012, as a date the Initial Disclosures were to be made by the parties.  *Id.*  Plaintiff never agreed to the February 14, 2012 initial disclosure date, and has, as of the date of this pleading, failed to provide his initial disclosures to Defendant.

On or about February 15, 2012, Defendant's counsel's firm receptionist receives a collect call from the Boone County, Arkansas Jail, where Plaintiff is incarcerated. The receptionist, having no knowledge of this matter, refused to accept the collect call. This collect call is discovered only after Defendant's counsel receives Plaintiff's present motion wherein he asserts "Defense Counsel refused to even accept my call." Defendant's counsel never received a phone call from Plaintiff. It is assumed that this collect call was from Plaintiff.

On February 17, 2012, Defendant serves its initial disclosures on Plaintiff. (Exhibit B). As of the date of this pleading, Plaintiff has failed to submit his initial disclosures to Defendant. On February 23, 2012, Plaintiff files the above motion on the grounds that Defendant has delayed production of Defendant's Initial Disclosures and is proceeding in bad faith by attempting to prevent Plaintiff from having the "full and fair discovery" that he is entitled. (Dkt. No. 33).

On February 24, 2012, Defendant timely and fully responds to Plaintiff's previously propounded Requests For Admission, and Interrogatories and Requests For Production of Documents. Defendant's responses to Plaintiff's Interrogatories and Requests For Production of Documents included, among other things, information and documents duplicative of the information and documents contemplated by the initial disclosures.

As explained below, Defendant has complied with the Federal Rules of Civil Procedure, and Plaintiff's allegations of delay and bad faith are unfounded and lack good faith. Accordingly, Plaintiff's motion should be denied in full.

## II. APPLICABLE LAW AND ARGUMENT

### A. Timing of Initial Disclosures

Rule 26(c) of the Federal Rules of Civil Procedure governs the time in which a party must

make the initial disclosures. It states, in relevant part, that the initial disclosures must be made "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . ."

Here, because of Plaintiff's failure to cooperate and respond to Defendant's efforts to hold a Rule 26(f) Conference, no Rule 26(f) Conference ever occurred. Likewise, the parties did not stipulate to a time in which the Initial Disclosures would be made. Nor, additionally, has the Court ordered a time by which the Initial Disclosures would be made. (Dkt. No. 29, Final Scheduling Order). Therefore, pursuant to Rule 26(c), because none of the above prerequisite incidents occurred, there was and is no date certain by which the initial disclosures must be made. Thus, the timing of Defendant's initial disclosures was reasonable in light of the circumstances, and Plaintiff's motion should be denied.

   B. <u>Substantial Justification and Harmless</u>

Assuming, for the sake of argument, that February 14, 2012, was the deadline for the parties to provide their respective initial disclosures, Defendant's alleged delay in providing its initial disclosures on February 14, 2012, is substantially justified and harmless.

Rule 37(c) of the Federal Rules of Civil Procedure governs a party's duty to provide initial disclosures, and states, in short, that if a party fails to provide the information required by Rule 26(a), that party may be subject to sanctions, "unless the failure was substantially justified or is harmless." Here, again, there was no "failure," only an alleged delay of three days.

    i. Substantially Justified

"Delays in disclosure are not 'substantially justified' when they could have reasonably been avoided." *CNH Capital Am. LLC v. McCandless*, 2007 U.S. Dist. LEXIS 45646 (N.D. Iowa June

22, 2007). As addressed above, in light of the fact that, pursuant to Rule 26(c), there was no date certain for the parties' respective initial disclosures to be made, coupled with Plaintiff's failure to respond to Defendant's efforts to undertake a Rule 26(f) Conference, failure to cooperate in drafting a Rule 26(f) Report, and failure to provide his initial disclosures, a substantial justification exist for Defendant not making the initial disclosures by February 14, 2012. Had Plaintiff fulfilled his duties under the Federal Rules of Civil Procedure, i.e., cooperate in the discovery efforts, no uncertainty would have existed for the initial disclosures deadline. As of the date of this pleading, Plaintiff has yet to provide his initial disclosures to Defendant.

Defendant's alleged three day delay in providing its initial disclosures is substantially justified. Accordingly, Plaintiff's motion should be denied.

   ii. Harmless

To be "harmful" the delay must unduly prejudice the opposing party. *CNH Capital Am. LLC*, 2007 U.S. Dist. LEXIS 45646. Defendant's Initial Disclosures were served on Plaintiff on February 17, 2012, three days after the alleged due date. (Exhibit B). The trial date of this matter is November 5, 2012; the discovery deadline is August 6, 2012. (Dkt. No. 31). As of the date Defendant's initial disclosures were made, Plaintiff had near six months to prepare the matter for trial; as of the date of this pleading, Plaintiff still has slightly over five months. Plaintiff has not been unduly prejudiced by the alleged delay in Defendant's initial disclosures. Plaintiff provides no proof that he has been harmed by Defendant's alleged three day delay because there is no harm to Plaintiff.

Defendant's alleged three day delay in providing its initial disclosures to Plaintiff is harmless. Accordingly, Plaintiff's motion should be denied.

C. <u>Bad Faith</u>

Lastly, by his motion, Plaintiff makes accusations of bad faith against Defendant. Plaintiff, however, provides no proof of bad faith but, instead, misrepresents to the Court that "Defense counsel refused to even accept [his] call," and attempts to justify his motion by referencing the Court to some prior litigation he was involved in where "this has happened to [him] before." (Dkt. No. 33). Plaintiff's accusation are baseless, lack good faith, and are in violation of Rule 11 of the Federal Rules of Civil Procedure.

Contrary to Plaintiff's suggestions, Defendant is not colluding with its counsel to deny Plaintiff discovery of this matter. (Exhibit C). Plaintiff has been provided with Defendant's initial disclosures. Moreover, Defendant has timely and fully responded to Plaintiff' Requests For Admission and Interrogatories and Requests For Production of Documents. Per the Federal Rules of Civil Procedure, Defendant will provide supplemental discovery responses if and when needed.

Secondly, Defendant's counsel has *never* received a phone call from Plaintiff. Rather, as addressed above, Plaintiff, assumedlly, is referring to the collect call he made to Defendant's counsel's firm and answered by the firm's receptionist. Having no knowledge of matter, the receptionist refused this collect call. Even had the receptionist had knowledge of this matter, Defendant is under no obligation to pay for Plaintiff's phone calls. Plaintiff's refused collect call does not amount to a good faith effort to resolve this alleged discovery dispute.

Secondly, although needless to say, what "has [allegedly] happened" to Plaintiff's before in prior litigation is completely irrelevant to the present matter, and cannot be used to support same.

Plaintiff can provide no evidence, whatsoever, to even suggest that Defendant is proceeding in bad faith, because there is none. Despite Plaintiff's lack of cooperation, non-responsiveness, and cynical attitude, Defendant has and is proceeding through this matter in good faith.

5

WHEREFORE, Defendant prays that this Court deny Plaintiff's Motion For Default Or In The Alternative For Sanctions Or In The Alternative To Compel Further Cooperation, and for any and all other relief to which it may be entitled.

        LEGAL AID OF ARKANSAS

        By:   /s/ J. David Dixon
            Don A. Taylor      #89139
            J. David Dixon      #05251
            DAVIS, CLARK, BUTT, CARITHERS
                & TAYLOR, PLC
            19 E. Mountain Street
            P.O. Box 1688
            Fayetteville, AR  72702-1688
            Telephone: (479) 521-7600
            Facsimile: (479) 521-7661
            Email: ddixon@davis-firm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.  I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

David Stebbins, *Pro Se*
5800 Law Dr.
Harrison, AR  72601

        By:   /s/ J. David Dixon
            Don A. Taylor      #89139
            J. David Dixon      #05251
            DAVIS, CLARK, BUTT, CARITHERS
                & TAYLOR, PLC
            19 E. Mountain Street
            P.O. Box 1688
            Fayetteville, AR  72702-1688
            Telephone: (479) 521-7600
            Facsimile: (479) 521-7661
            Email: ddixon@davis-firm.com