United States District Court for the
Western District of Arkansas

David Stebbins                                    Plaintiff

vs                      Case No. 11-3057

Legal Aid of AR                                   Defendant

BRIEF IN SUPPORT OF MOTION FOR PSJ

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following brief in support of my motion for PSJ.

Background and Argument

To win a claim of retaliation, I must prove the following elements:

1. Plaintiff engaged in a protected action.
2. Defendant subjected Plaintiff to an adverse action.
3. The adverse action was done because of the protected action.
4. Plaintiff is otherwise qualified for Defendant's services.
5. To recover punitive damages, I must prove that Defendant either knew or had no rational basis for not knowing that its actions would violate the law.

Before I begin the argument proper, allow me to correct a few common misconceptions that either Defendant and/or this Court may have about the law.

First, Defendant does not have to be a "place of public accommodation" in order to be bound by retaliation laws. Simply by nature of being subject to suit, Defendant possesses "legal personhood,"

binding them to retaliation laws. The section of the ADA that deals with retaliation states that no <u>person</u> may retaliate! Theoretically, I could sue a woman for refusing to be my girlfriend because she does not like the discrimination suits I have filed. Such a suit may run into constitutional problems, as Congress does not have the right to regulate personal relationships, but the statute sure seems to be set up that way.

Second, punitive damages are not barred in a retaliation claim. Title II of the ADA bars punitive damages, but retaliation claims are governed by Title V of the ADA, which does not bar punitive damages.

Third, there is no statutory damages cap. Those caps apply to employment discrimination, but nothing in the statutory language suggests that it applies elsewhere. Therefore, my monetary recovery is limited only to what I can prove Defendant caused me.

Now that those arguments are out of the way, we can move on.

The original complaint filed in this case establishes Element #1.

Uncontroverted Fact #3 establishes element #2.
Uncontroverted Fact #2 establishes element #4.
Element #3 is established by a joint observation of Uncontroverted Facts #3 and #4. Defendant refused to represent me in any matter, because I had sued them. They call it a "conflict

of interests," but the federal laws prohibiting retaliation trump, by way of the Federal Supremacy Clause of the Constitution, state laws regarding conflicts of interest. Even third graders know that federal law trumps state law!

Remember that third grader analogy. We'll be coming back to it later.

Of course, Defendant could have not been aware that the suit was of discrimination, giving them the defense of mistake of fact. This is where the joint observation comes into play. Defendant learned of this case by veiwing it on Pacer. Defendant therefore lacks any rational basis for not knowing the nature of the suit.

Therefore, Element #3 and, ultimately, the actus reus of retaliation, is established. The only question remaining is... how much money do I get?

Uncontroverted Fact #5 establishes that the compensatory damages are $6,094,000, since that is how much Defendant cost me by forcing me to represent myself in a $6,094,000 abuse of process suit that was dismissed for a mistake that almost certainly would not have been made had I been represented by counsel in that case.

Uncontroverted Fact #6 establishes Element #5. Defendant had access to the text of the ADA and, thus, had access to the section on retaliation laws. Defendant's "defense" of a conflict of in-

terests is no defense. ~~It~~ is a frivolous pile of drivel that even a small child can tell you is bogus. (remember, I said we'd be coming back to that one?)

Because Defendant raised a totally frivolous defense, they deserve the maximum in punitive damages for wasting my time and the court's time with a defense they knew was bogus. Defendant simply had NO rational basis for thinking that its actions were legal. Their defense was merely an exercise in fantasy.

Because, as previously established, there are no statutory limitations on damages, the common law maximum of ten times the compensatory damages applies here. Therefore, the punitive damages total $60,940,000, making for a grand total of $67,034,000 in damages, as well as injunctive relief ordering Defendant to cease its retaliatory conduct.

## CONCLUSION

Wherefore, premises considered, I respectfully pray that the Court enter partial summary judgment as to the retaliation claim, enter judgment for the Plaintiff in the amount of $67,034,000, issue an injunction ordering Defendant to cease and desist its retaliatory conduct, award costs incurred, and other such relief as the court finds appropriate.

It is so requested on this 3rd day of Mar., 2012.

David Stebbins
David Stebbins
5800 Law Dr.
Harrison, AR 72601

United States District Court for the Western District of Arkansas

David Stebbins                         Plaintiff

vs              Case No. 11-3057

Legal Aid of AR                     Defendant

## CERTIFICATE OF SERVICE

I, pro se Plaintiff David Stebbins, do hereby certify under penalty of perjury that my motion for partial summary judgment, as well as my brief and statement of uncontroverted facts in support thereof, were served on Defense counsel by allowing them to view it on ECF.

David Stebbins
5800 Law Dr.
Harrison, AR 72601