United States District Court for the
Western District of Arkansas

David Stebbins                                    Plaintiff

vs                          Case No. 11-3057

Legal Aid of AR                                  Defendant

## STATEMENT OF UNCONTROVERTED FACTS FOR MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following statement of uncontroverted facts in support of its motion for partial summary judgment, or PSJ for short.

1. I filed this lawsuit against Defendant. See Document #1.

2. In February of 2011, I used Defendant's services. See Exhibit A, Admission #1. See also Exhibits B, C, D, and E.

3. In September of 2011, Defendant said that it would not represent me while I was suing them, citing a "conflict of interests." See Exhibit F.

4. Defendant found out about this suit by looking at the case on Pacer. See Exhibit G, response to interrogatory #3.

5. Because I represented myself in an abuse of process claim against Harp & Associates, it was dismissed because I was unable to perfect service of process on Dendant. See Exhibit A, Admission #9. This one may

require some explaining. ~~[struck]~~ An explanation will be provided in a minute. See also admission #8.

6. Defendant knows of and visits the website of www.ada.org.

See Exhibit ~~[struck]~~ H.

Now that the statements themselves are established, allow me to explain how Admissions #9+8 ~~[struck]~~ are evidence.

Defendant claims lack of knowledge as a basis for denying the fact. However, FRCP ~~[struck]~~ 36 states that a party ~~[struck]~~ may only do that if it also states that it has made reasonable inquiries into the matter and, despite said inquiries, still lack. As the court can clearly see, Defendant did not state this.

Even if Defendant did state that, it would be a lie. The information is available on public record in a building that Defendant's officers visit frequently as a primary job function, and ~~[struck]~~ is available without cost for inspection! Evidence which conclusively either proves or disproves the matter at hand is easily within Defendant's reach, but is completely out of reach for me, due to my incarceration. I already explained what I mean by that in a letter to Defendant that even I must admit was... less than polite.

Defendant also denied the element of

proximate cause. However, their denial is conclusive, and is thus insufficient.

For these three reasons, Defendant's response is evasive and incomplete. FRCP 37 states that an evasive or incomplete response should be treated as a failure to respond. Therefore, if that is the only response given within 30 days of the date of service, the fact is admitted by ~~default~~ default.

This request for admissions was served on Defendant on Jan. 31, 2012. See Document #3~~0~~. The 30-day time limit began on Feb. 1, 2012. See FRCP ~~6(a)~~ 6(a)(1). Therefore, accounting for the fact that this is a leap year, that means that the deadline to respond to this request for admission was March 2, 2012. Since the enclosed, insufficient response is all that has been given, despite my good faith attempt in the mail to get Defendant to get Defendant to correct its many mistakes, this fact is effectively admitted by default.

That was a long-winded explanation, but we finnally got there. In any event, these six facts are not in controversy, even if you must invoke techicalities, and as this court will soon see in the brief, they are sufficient to support my motion for partial summary judgment.

Wherefore, premises considered, I respectfully request that the motion for partial summary judgment be granted.

So requested on this 3rd day of March, 2012.

David Stebbins
*David Stebbins*
5800 Law Dr.
Harrison, AR 72601

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                      PLAINTIFF

vs.                                     Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                                   DEFENDANT

### DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Comes now the Defendant, Legal Aid of Arkansas, by and through its attorney, and for its Answers to Plaintiff's Requests for Admissions, states as follows:

REQUEST FOR ADMISSION NO. 1: In February of 2011, I solicited your services.

RESPONSE: Denied as written. Defendant admits that, in late February 2011, Plaintiff sought pro bono legal representation and services in regards only to an attempted eviction of Plaintiff from his apartment by his landlord, and such representation and services were provided to Plaintiff and eventually concluded.

REQUEST FOR ADMISSION NO. 2: In May 2011, you dropped me from your clientele.

RESPONSE: Denied.

REQUEST FOR ADMISSION NO. 3: No reason was given for your decision to drop me from your clientele.

RESPONSE: Denied.

REQUEST FOR ADMISSION NO. 4: When I informed you of my Asperger Syndrome, you accepted that I have it and requested no documentation.

RESPONSE: Denied in part and admitted in part. Defendant denies that it "accepted" that Plaintiff has Asperger Syndrome, but had no reason to doubt Plaintiff's representations regarding

same. Defendant admits that it did not request any documentation from Plaintiff to prove he had Asperger Syndrome.

REQUEST FOR ADMISSION NO. 5: After dropping me from your clientele, I contacted you by email, explaining the illegality of your actions, and threatening litigation.

RESPONSE: Denied in part and admitted in part. Defendant denies that Plaintiff was an ongoing "client" of Defendant and that it "dropped" Plaintiff from its "clientele." Defendant denies that its actions were illegal. Defendant admits that Plaintiff threatened litigation after Defendant concluded its services to Plaintiff.

REQUEST FOR ADMISSION NO. 6: I contacted you for assistance in an appeal in September of 2011.

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO. 7: You refused to assist me in any legal matter because I had filed this discrimination suit.

RESPONSE: Denied as written. Defendant admits that it declined to represent Plaintiff in his many subsequent requests for legal assistance for non-discriminatory and non-retaliatory reasons, which, in part, included a conflict of interest arising from his previously filed lawsuit against Defendant.

REQUEST FOR ADMISSION NO. 8: When I needed to sue my former landlord for $6,094,000 (sic) for abuse of process, it would have done no good to request your legal assistance, since you already vowed in writing to not represent me in any matter, as long as I am suing you for discrimination.

<u>RESPONSE</u>: Objection. Plaintiff's Request For Admission No. 8 is vague and ambiguous, and presents a compound statement. Without waiving and subject to said objections, Defendant denies that its decision to not represent Plaintiff in any matter caused any harm to Plaintiff.

<u>REQUEST FOR ADMISSION NO. 9</u>: Because you would not represent me in that matter, my case was dismissed due to my inability to serve my former landlord with the summons and complaint within the 120 day time limit.

<u>RESPONSE</u>: Defendant lacks sufficient information and knowledge to admit or deny if or why Plaintiff's case was dismissed, and, thus, denies same. Defendant denies that its decision to not represent Plaintiff in any matter caused any harm to Plaintiff.

LEGAL AID OF ARKANSAS

By: _____
    Don A. Taylor           #89139
    J. David Dixon         #05251
    DAVIS, CLARK, BUTT, CARITHERS
        & TAYLOR, PLC
    19 E. Mountain Street
    P.O. Box 1688
    Fayetteville, AR  72702-1688
    Telephone: (479) 521-7600
    Facsimile: (479) 521-7661
    Email: ddixon@davis-firm.com

*Exh. A*

## **CERTIFICATE OF SERVICE**

      I, J. David Dixon, state on oath that I have served a copy of the foregoing pleading to the following party in the foregoing matter by placing the same in the U.S. mail, postage prepaid, on this 24th day of February, 2012.

David Stebbins, *Pro Se*
5800 Law Dr.
Harrison, AR 72601

                                                        By: _____
                                                        Don A. Taylor         #89139
                                                        J. David Dixon       #05251
                                                        DAVIS, CLARK, BUTT, CARITHERS
                                                              & TAYLOR, PLC
                                                        19 E. Mountain Street
                                                        P.O. Box 1688
                                                        Fayetteville, AR 72702-1688
                                                        Telephone: (479) 521-7600
                                                        Facsimile: (479) 521-7661
                                                        Email: ddixon@davis-firm.com

Exh. B

# Legal Aid of Arkansas, Inc.

Thursday, February 24, 2011

## Eligibility Checker

| Field | Value | Field | Value | Field | Value |
|---|---|---|---|---|---|
| Staff Number: | 1115 | Pcode: | 64 | Applicant Eligible?: | Yes |
| Casenum: | 11E-101095078 | Dopen: | 2/22/2011 | Children: 0 | Adults: 1 |
| First Name: | David | M: Anthony | Last: Stebbins | | Ext: |
| Adverse Party: | | M: | Last: Harp & Associates | Rejected Reason: | |
| Conflicts Checked: | ✓ | Know About: F | LSC Eligible: ✓ | Program Eligible: | ✓ |

| Income Source | Weekly | Monthly | Yearly | Asset | Asset Value |
|---|---|---|---|---|---|
| SSI | $155.54 | $674.00 | $8,088.00 | FS/Cash/Savings/C | $85.00 |
| | | | | Real Property | $0.00 |
| | | | | Personal Property | $0.00 |
| | Total Income | $674.00 | $8,088.00 | Total Assets | $85.00 |

| Expenses | Amount |
|---|---|
| | |
| | |
| | |
| | |
| Total Assets | $0.00 |

Per Cent of Povery Level: 74 %    Net: #Name? %

Citizen: ✓   Status: A

Inquired about prospective income? ✓

Notes: Exempt vehicle 90 Isuzu truck
Section 8 HUD

Office: 101   Unit: 2   Ext. Elig. 125-200% ☐   Gender: M

Address: 1407 North Spring Rd., Apt. 5

City: Harrison   State: AR   Zip: 72601-   County: Boone

Phone: 870 204-6024

Gov. Agency did Asset Test: ☐

LA 007

*Exh. PC*

# LEGAL AID of ARKANSAS
### Equal Access to Justice

February 23, 2011

Ms. Stephanie Sanders
Property Manager
Harp & Associates
300 South Main
Harrison, AR 72601

RE: *Lease/Rental Agreement with **David Stebbens***

Dear Ms. Sanders,

Recently David Stebbens received a letter from you dated February 15th, in which you state intention to terminate the Lease/Rental Agreement originally entered on August 13, 2008 (copy enclosed). Legal Aid of Arkansas will be representing Mr. Stebbens in this matter.

We deny that there are adequate grounds for eviction in this case, and hereby initiate Mr. Stebbens Section 8 grievance procedure.

I hereby remind you that any termination of a rental agreement by a landlord receiving federal funds must be carried out in accordance with HUD regulations, State and local law, and the terms of any agreement entered between the parties.

Furthermore, by federal statute and administrative regulations, individuals residing in public housing must be afforded "elements of due process" prior to being evicted. 24 C.F.R. 966.53. Under the applicable federal statute, public housing authorities must establish administrative grievance procedures sufficient for tenants to "(1) be advised of the specific grounds of any proposed adverse . . . action; (2) have an opportunity for a hearing before an impartial party upon timely request . . .; (3) have an opportunity to examine any documents or records or regulations related to the proposed action; (4) be entitled to be represented by another person for their choice at any hearing; (5) be entitled to ask questions of witnesses and make other statements on their behalf; and (6) be entitled to receive a written decision on the proposed action." 42 U.S.C.A. 1437d(k).

We dispute your claim that Mr. Stebbens unit was unsanitary and unsafe due to 'a number of electrical devices being plugged in and causing a fire danger', and we hereby request a grievance procedure as soon as possible. It is our position that my client should remain in the property which is his current residence at 1407 North Spring, Unit 5, and that federal funding should continue.



**LSC**
FUNDED BY
Legal Services Corporation

**HARRISON**
816 North Main Street, Suite B • Harrison, AR 72601
Phone: (870) 741-2454 • Fax: (870) 741-4255
Toll Free: (800) 967-9224



LA 009



*Exh. D*

February 24, 2011

David Stebbens
1407 North Spring Road
Apt. 5
Harrison, AR  72601

    RE:   *Lease/Eviction case*

Dear Mr. Stebbens,

Legal Aid has received and reviewed your application for services. I will represent you in the eviction matter which you currently face.

Enclosed please find two standard documents which you must sign and return to our office before we can provide any further assistance. Please get these back to us as soon as possible.

When you came by the office yesterday, I provided you with a copy of my letter to Stephanie Sanders, the property manager, asking for the eviction hearing to which you are entitled. If you hear anything further from Ms. Sanders or anyone else affiliated with the apartments, tell them that you have an attorney and that they should feel free to call me at any time.

With kindest personal regards, I am,

                                      Very truly yours,

                                      Michael Loggains
                                      Attorney at Law



FUNDED BY
Legal Services Corporation

HARRISON
816 North Main Street, Suite B • Harrison, AR 72601
Phone: (870) 741-2454 • Fax: (870) 741-4255
Toll Free: (800) 967-9224



LA 012

## CLIENT RETAINER AGREEMENT

**I authorize:**
- The attorneys of Legal Aid of Arkansas (LAA) to represent me in the following legal problem:
  Click here to enter text.
- The non-attorneys at LAA to work on my case under the immediate supervision of an attorney, where the law permits.
- My representative at LAA to do what is legally necessary in handling my case, including negotiation, litigation and administrative hearings.

**Fees and Costs:**
- I understand that LAA will not charge a fee for their legal representation but that I am responsible for all court costs and related litigation expenses.
- If LAA advances expenses on my behalf, I agree to reimburse LAA if I am financially able, and authorize LAA to retain such expenses out of any award that I might receive through a court or administrative agency.
- I authorize LAA or my volunteer private attorney to claim, collect and retain from the opposing party attorney's fees and litigation expenses that may be awarded by the Court or as part of a settlement agreement.

**Eligibility:**
- I acknowledge that the financial information I have provided to establish my eligibility for services is true and correct.
- I will notify LAA of any change in my income, household size or property.

**Cooperation:**
- I will notify LAA of any changes in my telephone number or mailing address and will fully cooperate with LAA in all areas related to my case.

**Referral:**
- I understand that my case may be referred to a private attorney who has volunteered to assist LAA and who will represent me without payment of an attorney fee and authorize LAA to release any and all information regarding my case to the private attorney volunteer.

**Appeal:**
- I understand that if I lose my case in court or at an administrative hearing, LAA will not automatically appeal the matter to a higher court.
- I understand that LAA will make a separate decision as to whether they will appeal my case and that this decision will be based on LAA's opinion as to whether there is merit for an appeal and whether the time expended on appeal would be a proper allocation of its limited resources.

**Settlement:**
- I understand that LAA will not settle my case without my approval and agree that I will not settle my case unless I have discussed the settlement with my case handler first.

**Termination:**
- I can end this agreement at any time by giving notice to my case handler that I no longer want LAA to represent me in my case.
- LAA may end this agreement if my eligibility status changes, if I fail to communicate with or cooperate with my case handler or for other just cause.

**Complaints:**
- I have a right to file a complaint with LAA if I am dissatisfied with the services provided to me or if I am found ineligible for services and understand that a copy of the formal complaint procedure will be provided to me upon request.

**Disclosure to LSC:**
- I understand that, subject to the provisions of the attorney-client privilege, certain information, including my name, eligibility status, etc., may be disclosed to the Legal Services Corporation or its authorized agents.

Dated this 27th day of February, 2011

_David Stebbins_  _____
Client Signature              Legal Aid of Arkansas Representative

LA 014

09-06-'11 01:33 TO- 18709105562          FROM- Legal Aid of Ark       P0002/0002 T-220 F-336

Exh. D F

September 6, 2011

David Stebbins
1407 N. Springs Rd.
Apt. #5
Harrison, Ar. 72601

Dear Mr. Stebbins:

    I have been referred your fax of September 3, 2011. In the fax you request our assistance on a appeal you feel may be necessary from a detainer action. Please be advised that as required by the federal Legal Services Corporation we have a strict policy as to when we take an appeal. That policy does not provide for us to take appeals where we were not the attorneys at the trial level. As such, your case would not qualify. Additionally, the matter is not ripe for appeal. You have asked us to help you with an appeal of the possession hearing in a detainer action. That is not the final hearing. Indeed if you read the second to last paragraph of the judges decision, it makes it clear that the final hearing will be scheduled some time in the future. It would only be after that hearing the matter would be ripe for appeal.

    There is an additional equally compelling reason we cannot assist you with any appeal. You have filed a suit against Legal Aid of Arkansas. While we have yet to be served, we have been made aware of the filing. It would be a clear conflict of interest to take any case for you at the same time as you are bringing an action against us.

    Finally, you seem to believe since we have represented you in the past, we are some how on permanent retainer. Please be advised that we do not work that way and indeed under the Legal Services Corporation regulations and the priorities set by our Board of Directors, cannot work that way. Each separate legal problem must be the subject of a new application and evaluated in light of our priorities. We have far more applications for services that we have the capacity to handle. And in the present political climate, with continued cuts in domestic programs, we are more likely to be limiting the number of cases we take, rather than expanding. If and when you make an application for services, that application will be considered in light of our priorities at the time of your application. However, at present you have no active case or application with this agency. Further, for the reasons stated above, we will not be able to represent you should you seek to appeal Judge Webb's decision regarding possession.

                                     Very truly yours,

                                     Legal Aid of Arkansas

                                     By:_____
                                        W. Marshall Prettyman, Esq.
                                        Director of Litigation

LA 030

Exh. G

an act did or did not occur, and to the extent it seeks attorney-work product or is an attempt for Defendant to marshal the evidence for him. Without waiving and subject to said objections, assuming that Plaintiff is still referring to his Requests For Admissions, Defendant states as follows:

Request For Admission No. 4 – Plaintiff admits that it did not request documentation from Plaintiff to prove he had Asperger Syndrome because it was of no consequence and immaterial to providing legal services to Plaintiff.

Request For Admission No. 7 – see response to same for explanation as to why it was admitted in part or in whole.

INTERROGATORY NO. 3   Explain in as much detail as possible, how you learned about this lawsuit before being served with it.

RESPONSE: A volunteer law clerk at the Center for Arkansas Legal Services inadvertently discovered that the lawsuit had been filed when performing work on the court's electronic filing system. Therefrom, the Center for Arkansas Legal Services shared that information with Defendant.

INTERROGATORY NO. 4: Please provide an exhaustive and thorough set of specific objections you have to the factual accuracy of all documents, statements and affidavits (including responses to interrogatories) submitted by me and/or my witnesses. Please remember 1) I asked for documents which verify the factual accuracy of your responses to my interrogatories, and 2) you are required - as you yourself described in your tenth interrogatory - to keep your responses up to date.

RESPONSE: Objection. Defendant objects to this request as it is unduly vague and ambiguous and fails to set forth a coherent request that can be answered. Defendant will not dignify responding to this request other than to state that Plaintiff has submitted no documents or affidavits,

Exh. H

U.S. Department of Justice
Civil Rights Division
*Disability Rights Section*



# A Guide to Disability Rights Laws

September 2005

## TABLE OF CONTENTS

Americans with Disabilities Act

Telecommunications Act

Fair Housing Act

Air Carrier Access Act

Voting Accessibility for the Elderly and Handicapped Act

National Voter Registration Act

Civil Rights of Institutionalized Persons Act

Individuals with Disabilities Education Act

Rehabilitation Act

Architectural Barriers Act

LA 052