United States District Court for the Western District of Arkansas

David Stebbins, Plaintiff

vs          Case No. 11-3057

Legal Aid of Arkansas, Defendant

## SUPPLEMENT TO MOTION FOR DEFAULT, SANCTIONS, AND TO COMPEL FURTHER COOPERATION.

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following supplement to my motion for default (Document #33).

Since I filed my last supplement, I have since accumulated more evidence of Defendant's bad faith.

Defendant has responded to my discovery requests. However, their objections are frivolous and there responses are conclusive, argumentative, and simply fail to answer the questions.

~~Defendant objects~~

I have enclosed Defendant's Response to my Interrogatories and Requests for Production, excluding page 3, are being included as Exhibit A. Page 3 is included in my motion for summary judgment.

Defendant objects to several of my interrogatories on the grounds that they are "vague and ambiguous." No they are not. I have read the interrogatories many times, and try as I might, I cannot come up with more than one reasonable interpretation for each. Defendant simply did not care.

Defendant also objects on the grounds that I am asking them to comment on things about which they have no personal. That basically means that Defendant does not know why they denied the things they denied or raised any of the defenses they raised. Are the Defendants retarded?

In their response to Request for Production #1, Defendant raises the frivolous defense that the request is "overly broad and unduly burdensome." For one thing, they are hypocrites. ~~~~~ They expect me to literally get myself <u>killed</u> complying with their discovery requests, but the minute they are faced with a ~~discove~~ discovery request that requires them to actually put down their twinkies, suddenly it's "overly burdensom."

Second, Defendant adds further proof to either their stupidity or bad faith by actually thinking that any document with the word "David" in it is covered by that request, even if it is of a completely different David. By Defendant's fantastic logic, they should also have to give me all the documents they have that have the letter E in them, since my last name has that letter. Come to think of it, it also has the letters S, T and N. Yeah, RSTLNE! Gimie all the documents with those letters in 'em!

Shut up.

I did not include those exceptions because I

expected Defense Counsel to have a little common sense. Then again, these are the people who actually thought that the federal laws would not trump state laws (see brief in support of motion for PSJ), so I guess the joke is on me.

Aside from Defendant raising totally frivolous objections, the further demonstrated their malice and/or idiocy by not even fully answering the questions when did answer them. Examples are thus:

### Interrogatories #1 & 2

Defendant made no attempt, whatsoever, to explain the denials and defenses in their answer. They also gave extremely shabby explanations for their responses to my requests for admissions, even though I specifically asked for exhaustive and thorough explanations.

RFA #1. Defendant argues semantics. Why are these semantics important?

RFA #2. Again, arguing semantics. If Defendant did not "drop" me from their "clientel," then what would they call the letter they sent me saying that I "will not receive any further legal assistance from Legal Aid of Arkansas on any matter?" See Exhibit B.

RFA #3. Defendant ~~conven~~ conveniently ignores the document that actually sparked this lawsuit, which is enclosed as Exhibit B to this motion.

RFA #4. Defendant's response is neither exhaustive

nor thorough. Why did they ~~deny~~ not accept that I have Aspergers?

RFA #5. Again with the semantics! Furthermore, Defendant uses the word "ongoing," even though I did not. At what point did the concept of me having them on permanent retainer ever enter their minds? How do they feel justified thinking this? What did I do to make them think it? Remember, I asked them for an <u>exhaustive</u> and <u>thorough</u> explanation.

RFA #8. Aside from Defendant's frivolous objection, their answer is conclusive. Defendant should stick to facts. On what grounds do the justify their denial of proximate cause?

RFA #9. Same as #8.

RFA #4. Defendant's response is argumentative. It is also neither exhaustive nor ~~these~~ thorough, as it begs the obvious follow up question... why did they not think it was of any consequence?

### Interrogatory #3

Defendant's response leaves a lot to be desired, even though I request "as much detail as possible." Who was the law clerk who discovered it? When was it discovered? Do you know what this clerk was doing at the time? When was it told to you? What was the method of communication? These are only some of the details that Defendant maliciously refused to provide.

~~Request for Production #1~~

Request for Production #2

Defendant submitted 107 pages worth of Documents, but there are still some of their responses that are not accounted for under this request for production.

Namely, where are the documents which verify the factual accuracy of RFA#1, RFA#4, RFA#7 (the admitted portion) RFA#8, RFA#9, and their response to interrogatory #3? Where are their documents verifying the factual accuracy of the claims in their answers about how Asperger Syndrome is not a disability, how they are not bound by Title III of the Americans with Disabilities Act, how this court lacks subject-matter jurisdiction, how there is insufficient service of process, etc.

Defendant raised no objection to this request for production. Therefore, all objections are waived due to not being timely asserted, unless the court, for good cause shown, excuses the failure. See FRCP 37. Therefore, Defendant has no choice but to provide said documents, no matter how many twinkies they must put down.

Interrogatory #4.

Defendant raises the frivolous objection that there are no documents that I sent them. Do they not consider my responses to their interrogatories to be a document?

Furthermore, Defendant ~~aised~~ incorporated by reference their Answer, but I specifically asked for exhaustive, thorough, and specific objections, which their Answer does not give.

## CONCLUSION

In my original motion for default, I gave Defendant a sliver of benefit of the doubt, as, at that time, their failure to comply with discovery only happened once. Now, it has happened four times. Yes, four, because I sent them a letter demanding they correct their mistakes, ~~and they did~~ as the final scheduling order requires, but they did not correct them. At this point, the benefit of the doubt is gone. Defendant is acting in bad faith, in an attempt to deprive me of discovery.

Wherefore, premises considered, I respectfully request that the motion for default be granted.

*David Stebbins*

David Stebbins
5800 Law Dr.
Harrison, AR 72601

## CERTIFATE OF SERVICE

Defense Counsel has been served with this document by allowing them to veiw it on ECF.

*David Stebbins*

David Stebbins
5800 Law Dr.
Harrison, AR 72601

Exb. B & A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                              PLAINTIFF

vs.                                    Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                                   DEFENDANT

### DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Comes now the Defendant, Legal Aid of Arkansas, by and through its attorney, and for its Answers to Plaintiff's Interrogatories and Requests for Production of Documents, states as follows:

INTERROGATORY NO. 1: Please provide an exhaustive and thorough set of explanations for why you denied everything you denied, and made every defense you made, in both your answer and your response to my request for admissions. Please include such details as why you think my assertions are untrue, what you think the truth is, and what evidence you have to support these claims.

RESPONSE: Objection. Plaintiff objects to Plaintiff's interrogatory as it is vague and ambiguous, and asks for Defendant to speak to matters it has no personal knowledge of as to why and act did or did not occur, and to the extent it seeks attorney-work product or is an attempt for Defendant to marshal the evidence for him. Without waiving and subject to said objections, Defendant states as follows:

Request for Admission No. 1 - see response to same for explanation as to why it was denied in part or in whole.

Exh. 4A

Request For Admission No. 2 – Defendant denies this request because Defendant's services to Plaintiff were concluded in June 2011; Plaintiff was not an ongoing client of Defendant, and; Defendant did not "drop" Plaintiff from its "clientele." See documents bates stamped LA 017, 021, 030.

Request For Admission No. 3 – Defendant denies this request because a non-discriminatory reason was given as to why Defendant concluded its services to Plaintiff. See document bates stamped LA 017, 021, 030.

Request For Admission No. 4 – see response to same for explanation as to why it was denied in part or in whole.

Request For Admission No. 5 – see response to same for explanation as to why it was denied in part or in whole. See documents bates stamped LA 017, 021, 024-025, 030.

Request For Admission No. 7 – see response to same for explanation as to why it was denied in part or in whole. See document bates stamped LA 030.

Request For Admission No. 8 – an objection was asserted to this request, subject to that objection see response to same for explanation as to why it was denied in part or in whole.

Request For Admission No. 9 – see response to same for explanation as to why it was denied.

INTERROGATORY NO. 2:   Please provide an exhaustive and thorough set of explanations for why you did all the things you admit to doing, and why you didn't do all the things you admit to not doing. Include details requested above.

RESPONSE:   Objection. Plaintiff objects to Plaintiff's interrogatory as it is vague and ambiguous, and asks for Defendant to speak to matters it has no personal knowledge of as to why

Exh. BA

and that any objections to be asserted by Defendant in response to the factual accuracy of statements made by Plaintiff by and through this matter have been addressed by Defendant's Answer to Plaintiff's Complaint or will be addressed in accordance with the Federal Rules of Civil Procedure.

REQUEST FOR PRODUCTION NO. 1: Please submit all documents you have where my name or any portion of it appears anywhere in the document. Documents which I especially want are: 1) the letter I sent you where I explained my Aspergers to you; 2) the letters you sent me vowing to not represent me in any legal matter (Defense should have a copy of the second one of these, as I included it as an attachment to an email to them when I proposed a settlement), and; 3) all emails between both Plaintiff and Defendant and Plaintiff and Defense counsel.

RESPONSE: Objection. Defendant objects to this request as it is overly broad and unduly burdensome in that it requests any and all documents that the terms "David" or "Stebbins" appear therein no matter the documents relevance to this matter or any privileges that may attach to such document. Defendant objects to this request to the extent it seeks irrelevant documents and to the extent it seeks documents subject to the attorney-client privilege, attorney-work product, or prepared in anticipation of litigation. Defendant further objects to providing emails between Plaintiff and Defendant's counsel as such emails are irrelevant to the factual basis of Plaintiff's claims, and Plaintiff has equal access to such emails from his own email account and/or computer. Without waiving and subject to said objections, see attached documents, which represent Plaintiff's case file maintained by Defendant and the communications between Plaintiff and Defendant.

REQUEST FOR PRODUCTION NO. 2: Please submit all documents which verify the factual accuracy of your answers to my interrogatories.

*Exh. BA*

RESPONSE: See attached documents.

REQUEST FOR PRODUCTION NO. 3: Please submit a copy of the liability insurance policy you have which caused you to seek an extension of time to plead.

RESPONSE: See attached document, bates stamped LA 001.

LEGAL AID OF ARKANSAS

By: _____
Don A. Taylor              #89139
J. David Dixon            #05251
DAVIS, CLARK, BUTT, CARITHERS
           & TAYLOR, PLC
19 E. Mountain Street
P.O. Box 1688
Fayetteville, AR 72702-1688
Telephone: (479) 521-7600
Facsimile: (479) 521-7661
Email: ddixon@davis-firm.com

**CERTIFICATE OF SERVICE**

I, J. David Dixon, state on oath that I have served a copy of the foregoing pleading to the following party in the foregoing matter by placing the same in the U.S. mail, postage prepaid, on this 24th day of February, 2012.

David Stebbins, *Pro Se*
5800 Law Dr.
Harrison, AR 72601

_____
J. David Dixon

# LEGAL AID of ARKANSAS
### Equal Access to Justice

Exh. B

June 20, 2011

David Stebbens
1407 North Spring Road
Apt. 5
Harrison, AR  72601

      RE:    *Lease/Eviction case*

Dear Mr. Stebbens,

This is in regard to your fax of June 18th.

I feel I should emphasize that *you will receive no further legal assistance from Legal Aid of Arkansas on any matter*, certainly not on the matters which you are discussing in the fax.  We wish you the best of luck.

With kindest personal regards, I remain,

                                  Very truly yours,

                                  Michael Loggains
                                  Attorney at Law


**LSC**
FUNDED BY
Legal Services Corporation

HARRISON
816 North Main Street, Suite B • Harrison, AR 72601
Phone: (870) 741-2454 • Fax: (870) 741-4255
Toll Free: (800) 967-9224


United Way

LA 018