United States District Court for the
Western District of Arkansas

David Stebbins                                            Plaintiff

vs          Case No. 11-3057

Legal Aid of AR                                           Defendant

REPLY TO RESPONSE TO MOTION FOR DEFAULT, SANCTIONS, AND TO COMPEL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following reply to Defendant's response to my motion for default (Document #33).

Defendant claims that I never agreed to the Feb. 14 deadline for initial disclosures. This is a lie. I never <u>expressly</u> agreed, but there is more than one way to accept something. By not protesting Defendant's unilateraly filed 26(f) report, I accepted it by way of qui tacet consentitur videtur ("he who is silent is taken to agree").

Defendant's delay is NOT substantially justified. By the case law that Defendant itself cites, a delay is not substantially justified because Defendant could have easily set the unilateral date for initial disclosures to another date.

Defendant's delay is not harmless, not because of what its actions did, but for what they threaten to do if Defendant makes a habit of these actions.

Defendant claims that I have "no proof" of Defendant's bad faith, besides an otherwise irrelevant case. That is not true. Please also find enclosed a supplement to my motion for default, the contents of which are hereby incorporated by reference. I also previously filed another supplement, which this court received on Feb. 28, though for some reason it was not given a number on the docket.

These two supplements provide plenty of evidence that Defendant intends to make a habit of doing this.

Lastly, I address Defendant's claim that I did not provide my initial disclosures. I already addressed my inability to provide them in my reply suggestion to my motion to stay the proceedings. Therefore, my failure to provide them is substantially justified. It is also harmless because it would have been redundant; Defendant provided every single document I otherwise intended to introduce when they served me with their ~~26(a) initial disclosures~~ response to my ~~initial disclo~~ request for production.

Wherefore, the motion for default should be granted.

David Stebbins
David Stebbins
5800 Law Dr.
Harrison, AR 72601