## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                                     PLAINTIFF

vs.                                    Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                         DEFENDANT

### DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Comes now the Defendant, Legal Aid of Arkansas, by and through its attorney, and for its Answers to Plaintiff's Interrogatories and Requests for Production of Documents, states as follows:

INTERROGATORY NO. 1: Please provide an exhaustive and thorough set of explanations for why you denied everything you denied, and made every defense you made, in both your answer and your response to my request for admissions. Please include such details as why you think my assertions are untrue, what you think the truth is, and what evidence you have to support these claims.

RESPONSE: Objection. Plaintiff objects to Plaintiff's interrogatory as it is vague and ambiguous, and asks for Defendant to speak to matters it has no personal knowledge of as to why and act did or did not occur, and to the extent it seeks attorney-work product or is an attempt for Defendant to marshal the evidence for him. Without waiving and subject to said objections, Defendant states as follows:

Request for Admission No. 1 - see response to same for explanation as to why it was denied in part or in whole.



Request For Admission No. 2 – Defendant denies this request because Defendant's services to Plaintiff were concluded in June 2011; Plaintiff was not an ongoing client of Defendant, and; Defendant did not "drop" Plaintiff from its "clientele." See documents bates stamped LA 017, 021, 030.

Request For Admission No. 3 – Defendant denies this request because a non-discriminatory reason was given as to why Defendant concluded its services to Plaintiff. See document bates stamped LA 017, 021, 030.

Request For Admission No. 4 – see response to same for explanation as to why it was denied in part or in whole.

Request For Admission No. 5 – see response to same for explanation as to why it was denied in part or in whole. See documents bates stamped LA 017, 021, 024-025, 030.

Request For Admission No. 7 – see response to same for explanation as to why it was denied in part or in whole. See document bates stamped LA 030.

Request For Admission No. 8 – an objection was asserted to this request, subject to that objection see response to same for explanation as to why it was denied in part or in whole.

Request For Admission No. 9 – see response to same for explanation as to why it was denied.

INTERROGATORY NO. 2: Please provide an exhaustive and thorough set of explanations for why you did all the things you admit to doing, and why you didn't do all the things you admit to not doing. Include details requested above.

RESPONSE: Objection. Plaintiff objects to Plaintiff's interrogatory as it is vague and ambiguous, and asks for Defendant to speak to matters it has no personal knowledge of as to why

an act did or did not occur, and to the extent it seeks attorney-work product or is an attempt for Defendant to marshal the evidence for him. Without waiving and subject to said objections, assuming that Plaintiff is still referring to his Requests For Admissions, Defendant states as follows:

Request For Admission No. 4 – Plaintiff admits that it did not request documentation from Plaintiff to prove he had Asperger Syndrome because it was of no consequence and immaterial to providing legal services to Plaintiff.

Request For Admission No. 7 – see response to same for explanation as to why it was admitted in part or in whole.

INTERROGATORY NO. 3   Explain in as much detail as possible, how you learned about this lawsuit before being served with it.

RESPONSE: A volunteer law clerk at the Center for Arkansas Legal Services inadvertently discovered that the lawsuit had been filed when performing work on the court's electronic filing system. Therefrom, the Center for Arkansas Legal Services shared that information with Defendant.

INTERROGATORY NO. 4: Please provide an exhaustive and thorough set of specific objections you have to the factual accuracy of all documents, statements and affidavits (including responses to interrogatories) submitted by me and/or my witnesses. Please remember 1) I asked for documents which verify the factual accuracy of your responses to my interrogatories, and 2) you are required - as you yourself described in your tenth interrogatory - to keep your responses up to date.

RESPONSE: Objection. Defendant objects to this request as it is unduly vague and ambiguous and fails to set forth a coherent request that can be answered. Defendant will not dignify responding to this request other than to state that Plaintiff has submitted no documents or affidavits,

and that any objections to be asserted by Defendant in response to the factual accuracy of statements made by Plaintiff by and through this matter have been addressed by Defendant's Answer to Plaintiff's Complaint or will be addressed in accordance with the Federal Rules of Civil Procedure.

REQUEST FOR PRODUCTION NO. 1: Please submit all documents you have where my name or any portion of it appears anywhere in the document. Documents which I especially want are: 1) the letter I sent you where I explained my Aspergers to you; 2) the letters you sent me vowing to not represent me in any legal matter (Defense should have a copy of the second one of these, as I included it as an attachment to an email to them when I proposed a settlement), and; 3) all emails between both Plaintiff and Defendant and Plaintiff and Defense counsel.

RESPONSE: Objection. Defendant objects to this request as it is overly broad and unduly burdensome in that it requests any and all documents that the terms "David" or "Stebbins" appear therein no matter the documents relevance to this matter or any privileges that may attach to such document. Defendant objects to this request to the extent it seeks irrelevant documents and to the extent it seeks documents subject to the attorney-client privilege, attorney-work product, or prepared in anticipation of litigation. Defendant further objects to providing emails between Plaintiff and Defendant's counsel as such emails are irrelevant to the factual basis of Plaintiff's claims, and Plaintiff has equal access to such emails from his own email account and/or computer. Without waiving and subject to said objections, see attached documents, which represent Plaintiff's case file maintained by Defendant and the communications between Plaintiff and Defendant.

REQUEST FOR PRODUCTION NO. 2: Please submit all documents which verify the factual accuracy of your answers to my interrogatories.

RESPONSE: See attached documents.

REQUEST FOR PRODUCTION NO. 3: Please submit a copy of the liability insurance policy you have which caused you to seek an extension of time to plead.

RESPONSE: See attached document, bates stamped LA 001.

LEGAL AID OF ARKANSAS

By: _____
Don A. Taylor                    #89139
J. David Dixon                   #05251
DAVIS, CLARK, BUTT, CARITHERS
     & TAYLOR, PLC
19 E. Mountain Street
P.O. Box 1688
Fayetteville, AR 72702-1688
Telephone: (479) 521-7600
Facsimile: (479) 521-7661
Email: ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

I, J. David Dixon, state on oath that I have served a copy of the foregoing pleading to the following party in the foregoing matter by placing the same in the U.S. mail, postage prepaid, on this 24th day of February, 2012.

David Stebbins, *Pro Se*
5800 Law Dr.
Harrison, AR 72601

_____
J. David Dixon

-5-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                    PLAINTIFF

vs.                                       Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                                DEFENDANT

### DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Comes now the Defendant, Legal Aid of Arkansas, by and through its attorney, and for its Answers to Plaintiff's Requests for Admissions, states as follows:

REQUEST FOR ADMISSION NO. 1: In February of 2011, I solicited your services.

RESPONSE: Denied as written. Defendant admits that, in late February 2011, Plaintiff sought pro bono legal representation and services in regards only to an attempted eviction of Plaintiff from his apartment by his landlord, and such representation and services were provided to Plaintiff and eventually concluded.

REQUEST FOR ADMISSION NO. 2: In May 2011, you dropped me from your clientele.

RESPONSE: Denied.

REQUEST FOR ADMISSION NO. 3: No reason was given for your decision to drop me from your clientele.

RESPONSE: Denied.

REQUEST FOR ADMISSION NO. 4: When I informed you of my Asperger Syndrome, you accepted that I have it and requested no documentation.

RESPONSE: Denied in part and admitted in part. Defendant denies that it "accepted" that Plaintiff has Asperger Syndrome, but had no reason to doubt Plaintiff's representations regarding

same. Defendant admits that it did not request any documentation from Plaintiff to prove he had Asperger Syndrome.

REQUEST FOR ADMISSION NO. 5: After dropping me from your clientele, I contacted you by email, explaining the illegality of your actions, and threatening litigation.

RESPONSE: Denied in part and admitted in part. Defendant denies that Plaintiff was an ongoing "client" of Defendant and that it "dropped" Plaintiff from its "clientele." Defendant denies that its actions were illegal. Defendant admits that Plaintiff threatened litigation after Defendant concluded its services to Plaintiff.

REQUEST FOR ADMISSION NO. 6: I contacted you for assistance in an appeal in September of 2011.

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO. 7: You refused to assist me in any legal matter because I had filed this discrimination suit.

RESPONSE: Denied as written. Defendant admits that it declined to represent Plaintiff in his many subsequent requests for legal assistance for non-discriminatory and non-retaliatory reasons, which, in part, included a conflict of interest arising from his previously filed lawsuit against Defendant.

REQUEST FOR ADMISSION NO. 8: When I needed to sue my former landlord for $6,094,000 (sic) for abuse of process, it would have done no good to request your legal assistance, since you already vowed in writing to not represent me in any matter, as long as I am suing you for discrimination.

RESPONSE: Objection. Plaintiff's Request For Admission No. 8 is vague and ambiguous, and presents a compound statement. Without waiving and subject to said objections, Defendant denies that its decision to not represent Plaintiff in any matter caused any harm to Plaintiff.

REQUEST FOR ADMISSION NO. 9: Because you would not represent me in that matter, my case was dismissed due to my inability to serve my former landlord with the summons and complaint within the 120 day time limit.

RESPONSE: Defendant lacks sufficient information and knowledge to admit or deny if or why Plaintiff's case was dismissed, and, thus, denies same. Defendant denies that its decision to not represent Plaintiff in any matter caused any harm to Plaintiff.

LEGAL AID OF ARKANSAS

By: _____
Don A. Taylor            #89139
J. David Dixon           #05251
DAVIS, CLARK, BUTT, CARITHERS
    & TAYLOR, PLC
19 E. Mountain Street
P.O. Box 1688
Fayetteville, AR  72702-1688
Telephone: (479) 521-7600
Facsimile: (479) 521-7661
Email: ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

I, J. David Dixon, state on oath that I have served a copy of the foregoing pleading to the following party in the foregoing matter by placing the same in the U.S. mail, postage prepaid, on this 24th day of February, 2012.

David Stebbins, *Pro Se*
5800 Law Dr.
Harrison, AR  72601

By: _____
Don A. Taylor                    #89139
J. David Dixon                   #05251
DAVIS, CLARK, BUTT, CARITHERS
    & TAYLOR, PLC
19 E. Mountain Street
P.O. Box 1688
Fayetteville, AR  72702-1688
Telephone: (479) 521-7600
Facsimile: (479) 521-7661
Email: ddixon@davis-firm.com

-4-