IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                          PLAINTIFF

vs.                                    Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                                            DEFENDANT

## BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S SUPPLEMENTS TO MOTION FOR DEFAULT, SANCTIONS, OR TO COMPEL

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and for its Brief In Support of Response to Plaintiff's Supplements To Motion for Default, Sanctions, or to Compel, states and alleges as follows:

## I.  BACKGROUND

On February 23, 2012, pro se Plaintiff, David Stebbins, filed a Motion for Default, Sanctions, Or In The Alternative To Compel Further Cooperation ("Motion For Default").  (Dkt. No. 33).  By his Motion For Default, Plaintiff seeks sanctions against Defendant for an alleged delay in Defendant's production of its initial disclosures, and for alleged bad faith in responding to Plaintiff's Interrogatories and Requests For Production Of Documents, and Requests For Admissions.  (Exhibit B)(Plaintiff's Interrogatories and Requests For Production Of Documents, and Requests For Admissions collectively referred to herein as "Discovery Requests"(Legal Aid's responses to Plaintiff's Discovery Requests collectively referred to herein as "Discovery Responses").  On February 28, 2012, Legal Aid filed its Response To Plaintiff's Motion For Default.  (Dkt. No. 34, 35).  The court has not yet ruled on Plaintiff's Motion For Default.  On February 28, 2012, after Legal Aid filed its Response to Plaintiff's Motion For Default, Plaintiff files a Supplement To

Motion For Default. ("First Supplemental Motion") (Dkt. No. 36). On March 6, 2012, Plaintiff files

yet another Supplement To Motion For Default. ("Second Supplemental Motion")(Dkt. No. 40).

(Both Plaintiff's supplemental motions are referred to herein, collectively, as "Supplemental

Motions"). By this response, Legal Aid addresses both of Plaintiff's Supplemental Motions.

## II.   RULE AND ARGUMENT

### A.  Legal Aid Incorporates And Adopts Its Response To Plaintiff's Motion For Default, Sanctions, Or In The Alternative To Compel Further Cooperation

Legal Aid incorporates and adopts herein, by reference, its Response To Plaintiff's Motion

For Default. (Dkt. No. 34, 35).

### B.   Plaintiff's Supplemental Motions Are Procedurally Improper

After Legal Aid filed its Response To Plaintiff's Motion for Default, Plaintiff filed his

Supplemental Motions.  Legal Aid objects to the redundancy and procedural impropriety of

Plaintiff's Supplemental Motions.

Pursuant to Rule 1 of the Federal Rules of Civil Procedure the rules "should be construed

and administered to secure the just, speedy, and inexpensive determination of every action and

proceeding." The Federal Rules of Civil Procedure do not prohibit a party from filing supplemental

motions.  Neither, however, do the Federal Rules of Civil Procedure provide a party an unqualified

right to file multiple supplemental motions when, as here, such motions are filed after the opposing

party has responded to the underlying motion, when the supplemental motions contain little or no

new substantive information, and when the supplemental motions address independent issues

unrelated to the underlying motion.

Plaintiff's First Supplemental Motion adds nothing to his argument, except to admit that he has received Legal Aid's initial disclosures, and to assert that they are "incomplete." Legal Aid's initial disclosures were provided to the court by and through Legal Aid's Response To Plaintiff's Motion For Default, and speak for themselves. (Exhibit A). Defendant's First Supplemental Motion was and is unneeded.

By Plaintiff's Second Supplemental Motion, Plaintiff attempts to retroactively provide proof to support his prior allegations of bad faith, stating "Since I filed my last supplement, I have since accumulated more evidence of Defendant's bad faith." (Dkt. No 40). Plaintiff then proceeds to address Legal Aid's Responses to Plaintiff's Interrogatories and Requests For Production of Documents, and Requests For Admissions. The merits – or, more appropriately, lack thereof – of Plaintiff's Second Supplemental Motion are addressed below.

Although Plaintiff's underlying Motion For Default and his Second Supplemental Motion are broadly related, they encompass two separate issues – initial disclosures vs responses to discovery requests. Plaintiff should not be allowed to proceed unchecked and file supplemental motions after each and every future incident he believes relates to his prior Motion For Default. Otherwise, given Plaintiff's short history, Legal Aid will be responding to a supplemental pleadings every two weeks.

Plaintiff's Supplemental Motions are procedurally improper, lack merit, and should be disregarded or denied.

### C.  Plaintiff's First Supplemental Motion

By Plaintiff's First Supplemental Motion, Plaintiff confirms that he has received Legal Aid's initial disclosures, but alleges that they are incomplete, and reasserts his Motion For Default.

Plaintiff specifically alleges that Legal Aid, by its initial disclosures, did not provide a copy of the therein referenced email records and insurance policy.  (Exhibit A).  Legal Aid does not deny that it did not provide these documents by its initial disclosures, but contends that Plaintiff misinterprets the spirit, intent, and duties of Rule 26 of the Federal Rules of Civil Procedure, and misrepresents the actual circumstances of this matter.

Rule 26(a)(1) imposes on parties a duty to disclose certain basic information "that the disclosing party may use to support its position." Advisory Committee Notes to 1993 and 2000 Amendments.  Rule 26(a)'s initial disclosure requirement should be applied "with common sense … keeping in mind the salutory purposes that the rule is intended to accomplish." *Id*.  "[A] duty to disclose is not synonymous with a duty to produce. While some sections of Rule 26 require information be both disclosed and produced, Rule 26(a)(1)(A)(ii) only requires parties to provide notice regarding documents." *Washam v. Evans*, 2011 U.S. Dist. LEXIS 70704, 4-5 (E.D. Ark. June 29, 2011).  In any event, Rule 26(e) assures that, after disclosures are made under Rule 26(a), a party "must supplement or correct its disclosure[s]."  Fed. R. Civ. P. 26(c)1.

By its initial disclosures, Legal Aid complied with Rule 26 by describing the documentation – correspondence and emails between Legal Aid and Plaintiff  – that it may use to support its position.   (Exhibit A).  On February 24, 2012, seven days after Legal Aid served its initial disclosures, Legal Aid fully responded to Plaintiff's Discovery Requests, providing some 100 pages of documents.  (Exhibit B).  By Legal Aid's Discovery Responses, Legal Aid provided the documentation it referenced in its initial disclosures – correspondence and emails between Legal Aid and Plaintiff, and pursuant to Rule 26(e), timely disclosed and supplemented the insurance policy subject of the initial disclosures.  Aside from all this, Plaintiff would have the court believe that

-4-

Legal Aid has somehow acted improperly by disclosing certain information by its initial disclosures and then, seven days later, producing or supplementing the subject documentary evidence.

Plaintiff's position is contrary to the spirit, intent, and explicit requirements of Rule 26, and completely misrepresents the circumstances of this matter.  Contrary to Plaintiff's cynical musings, the above circumstances do not give rise to any bad faith, wrongdoing, or violation of the Federal Rules of Civil Procedure.  Legal Aid has complied with the Federal Rules of Civil Procedure and Plaintiff's Motion For Default should be denied.

## B.  Plaintiff's Second Supplemental Motion

By his Second Supplemental Motion, Plaintiff objects to Legal Aid's Discovery Responses. Plaintiff asserts that Legal Aid "is acting in bad faith in an attempt to deprive me of discovery." (Dkt. No. 40, Pg. 6).  This is incorrect.  As shown below, Legal Aid, attempting, in good faith, to respond to Plaintiff's poorly written Discovery Requests, made meritorious objections, and, subject to those objections, provides Plaintiff with all relevant information.  Legal Aid's Discovery Responses are in compliance with the Federal Rules of Civil Procedure.

### i.  *Legal Aid Asserts Meritorious Objections*

This Court has broad discretion in matters pertaining to discovery.  *Sallis v. Univ. of Minn.*, 408 F.3d 470, 477 (8th Cir. 2005). Legal Aid has properly provided Plaintiff with information relevant to his matter.  Yet, Plaintiff takes issue with the objections by Legal Aid's Discovery Responses.  Plaintiff cites to no Federal Rule or case law to support his position.  Plaintiff, however, asserts numerous unsupported and unprofessional statements regarding the sufficiency of Legal Aid's objections to Plaintiff's Discovery Requests stating:  "no they are not" when responding to Legal Aid's objection based on vagueness and ambiguity; "are the Defendants retarded?" regarding

Legal Aid's objection that it has no personal knowledge of certain alleged acts Plaintiff's inquires

about; "they are hypocrites" when arguing against Legal Aid's objection based on the burdening

nature of Plaintiff's discovery requests, and; "shut up" when faced with Legal Aid's relevancy

objection.  Aside from these improper, unprofessional statements, Plaintiff provides no legal basis

to support his position.[1]

 Plaintiff asserts that Legal Aid's objections to Interrogatories No. 1, 2, and 4 are improper.

These interrogatories are addressed below.

 <u>Interrogatories No. 1 and 2</u>.  Interrogatories No. 1 and 2 are similar and are addressed

together.  Interrogatories No. 1 and 2 ask, in short, for Legal Aid to admit or deny everything it

admitted or denied in regards to his Requests For Admissions.  Plaintiff states:

> <u>INTERROGATORY NO. 1:</u>  Please provide an exhaustive and thorough set of explanations for why you denied everything you denied, and made every defense you made, in both your answer and your response to my request for admissions.  Please include such details as why you think my assertions are untrue, what you think the truth is, and what evidence you have to support these claims.

> <u>INTERROGATORY NO. 2:</u>  Please provide an exhaustive and thorough set of explanations for why you did all the things you admit to doing, and why you didn't do all the things you admit to not doing.  Include details requested above.

(Exhibit B).  Legal Aid objects to each of these requests as follows:

> <u>RESPONSE TO INTERROGATORY NO. 1</u>:  Objection.  Plaintiff objects to Plaintiff's interrogatory as it is vague and ambiguous, and asks for Defendant to speak to matters it has no personal knowledge of as to why and act did or did not occur, and to the extent it seeks attorney-work product or is an attempt for Defendant to marshal the evidence for him.  Without waiving and subject to said objections,

---

[1]Due to Plaintiff's nonsensical and broad arguments, counsel for Legal Aid finds difficulty in arguing against this shapeless form.  Legal Aid refuses to give substance to Plaintiff's argument when none exist, but, hereby, attempts to address what he gleans is the gist of Plaintiff's argument.

Defendant states as follows:

> RESPONSE TO INTERROGATORY NO. 2:  Objection.  Plaintiff objects to Plaintiff's interrogatory as it is vague and ambiguous, and asks for Defendant to speak to matters it has no personal knowledge of as to why an act did or did not occur, and to the extent it seeks attorney-work product or is an attempt for Defendant to marshal the evidence for him.  Without waiving and subject to said objections, assuming that Plaintiff is still referring to his Requests For Admissions, Defendant states as follows:

*Id*.  After each of the above responses, Legal Aid, then, lists the reasons why it denied or admitted everything it denied or admitted regarding Plaintiff's Requests For Admissions.  *Id*.

Legal Aid, first, objects to Interrogatories No. 1 and 2 because they are vague and ambiguous as they each lack specificity and contain broad terms.  For example, each interrogatory contains or references the terms "defenses",  "assertions", and "claims" in regard to Legal Aid's Responses to Plaintiff's Requests For Admissions.  Yet, Plaintiff's Requests For Admission contain no "defenses", "assertions", or "claims;" they are merely requests for admission.  Thus, the reference to such terms is vague and ambiguous.[2]

Legal Aid, additionally, objects to Interrogatories No. 1 and 2 based on lack of personal knowledge because, by and through the reference to Plaintiff's Requests For Admissions, Plaintiff asks Legal Aid to speak to acts that were allegedly performed by Plaintiff.  For example, with Interrogatory No. 2, Plaintiff asks Legal Aid to explain why it admitted that "I contacted you for assistance in an appeal in September of 2011."  (Exhibit B, Plaintiff's Requests For Admission No. 6).  Legal Aid admits this request for admission, but cannot explain why Plaintiff did what he did.

---

[2]It is now clear from Plaintiff's Second Supplemental Motion, that he actually intended Interrogatories No. 1 and 2 to include Legal Aid's Answer to Plaintiff's Complaint.  Such confusion is the reason for the objections.  Subject to any additional objections, such a request will be timely answered upon a properly written interrogatory requesting same.

This same reasoning holds true for several other Requests For Admissions.  For the Requests For Admissions Legal Aid was able to speak to, it answered same explaining why it admitted or denied the request.  (Exhibit B).  The objection is sound.

Interrogatory No. 4.  Interrogatory No. 4 states:

INTERROGATORY NO. 4:  Please provide an exhaustive and thorough set of specific objections you have to the factual accuracy of all documents, statements and affidavits (including responses to interrogatories) submitted forth by me and/or my witnesses.  Please remember 1) I asked for documents which verify the factual accuracy of your responses to my interrogatories, and 2) you are required - as you yourself described in your tenth interrogatory - to keep your responses up to date.

*Id*.  Legal Aid responded:

RESPONSE TO INTERROGATORY NO 4:  Objection.  Defendant objects to this request as it is unduly vague and ambiguous and fails to set forth a coherent request that can be answered.  Defendant will not dignify responding to this request other than to state that Plaintiff has submitted no documents or affidavits, and that any objections to be asserted by Defendant in response to the factual accuracy of statements made by Plaintiff by and through this matter have been addressed by Defendant's Answer to Plaintiff's Complaint or will be addressed in accordance with the Federal Rules of Civil Procedure.

*Id*.

Legal Aid objects to Interrogatory No. 4 as vague and ambiguous.  Interrogatory No. 4 is vague and ambiguous because it lacks specificity and contains broad terms.  For example, it asks for an explanation of any "objections" Legal Aid has of all "documents, statements, and affidavits" submitted by Plaintiff or any witness.  Plaintiff does not specify what documents, statements or affidavits he is referring.  Indeed, neither Plaintiff nor any witness has submitted any documents, statements or affidavits in this matter.  If Plaintiff is referring to his Complaint, Legal Aid expressed its position to same by its Answer.  If Plaintiff is referring to "objections" to Plaintiff's Response to Legal Aid's Interrogatories and Requests For Production of Documents, Legal Aid's counsel has

written Plaintiff asserting objections to his responses to same. (Exhibit C).  As proof of the vagueness and ambiguity of Interrogatory No. 4, the above "if" scenarios could go on.

        <u>Request For Production No. 1</u>.  Legal Aid objects to Request For Production No. 1 based on its breadth and burdensomeness.  Request For Production No. 1 asks, in pertinent part, that Legal Aid "submit all documents you have where my name or any portion of it appears anywhere in the document." (Exhibit B).  Legal Aid responded, in part, states "Defendant objects to this request as it is overly broad and unduly burdensome in that it requests any and all documents that the terms "David" or "Stebbins" appear therein no matter the documents relevance to this matter or any privileges that may attach to such document."  *Id*.  Oddly enough, Plaintiff appears to agree with Legal Aid's objection, but asserts that Legal Aid is either stupid or proceeding in bad faith to assert such an objection.  (Dkt. No. 40, Pg. 2).  Regardless, as written, Request For Production No. 1 is flawed, and the objection is sound.

        Legal Aid is not required to give meaning to Plaintiff's poorly written Discovery Requests.  Nor is Legal Aid required to speak to acts to which it has no personal knowledge.  Legal Aid's objections are necessary in light of the Plaintiff's inarticulate Discovery Requests.  Legal Aid did not refuse to answer a question altogether, rather, in compliance with the Federal Rules Of Civil Procedure, Legal Aid has, in good fath, attempted to answer Plaintiff's Discovery Requests.  Plaintiff's Motion For Default should be denied.

        *ii.  Legal Aid's Responses Comply With The Federal Rules Of Civil Procedure*

        Plaintiff next argues that Legal Aid's responses Interrogatories No. 1, 2, 3 and 4, and Requests For Production No. 2 are insufficient.  As explained above, Legal Aid's Discovery Responses speak for themselves and, subject to the asserted objections, are a good faith effort to

answer the poorly written request.  (Exhibit B).  Still, as evidenced by his Second Supplemental Motion, Plaintiff, apparently, by and through his Discovery Requests, improperly seeks to have Legal Aid assist Plaintiff in preparing his case by providing Plaintiff with a narrative account of <u>all</u> facts, evidence, law, and application of law to the facts which may, without limit, be associated with this matter.[3]

Such discovery requests are known as contention interrogatories and are largely frowned upon absent the moving party proving their necessity at such an early stage of discovery.  *Helmert v. Butterball, LLC*, 2010 U.S. Dist. LEXIS 121902, 3-5 (E.D. Ark. Nov. 3, 2010).  Plaintiff has failed to carry his burden of proving the necessity of any alleged contention interrogatory.[4] Moreover, assuming such a contention interrogatory, Plaintiff's Discovery Requests intrude upon the attorney-work product privilege.

Plaintiff further erroneously assumes that because a discovery response does not contain facts as Plaintiff believes them to be, or does not contain documentation that Plaintiff believes should exist, then the response is "maliciously" deficient.  (See Dkt. No. 40, Pg 4-5, arguments concerning Interrogatory No. 3 and Request For Production No. 2).  Merely because Legal Aid's Discovery Responses do not match with Plaintiff's illusions of reality does not mean the response is inadequate.  Subject to any asserted objection, Legal Aid has provided Plaintiff with the knowledge and documentation it currently possesses.

---

[3] Legal Aid does not waive any objections that Plaintiff's Discovery Requests are vague and ambiguous, and do not assert a properly drafted contention interrogatory.

[4] Due to Plaintiff's nonsensical Complaints and Amended Complaints, Legal Aid has already provided, by its Answer, a detailed recitation of the facts subject of this Plaintiff's claims.

-10-

### III.   CONCLUSION

Legal Aid has, in good faith, complied with the Federal Rules of Civil Procedure.  Plaintiff's Motion For Default and Supplemental Motions are filed in bad faith and frivolous, and should be denied.

For any of the above reasons, Legal Aid of Arkansas prays that Plaintiff's Motion For Default and Supplemental Motions be denied, for attorney's fees and costs associated with the filing and argument of these motions, and for any and all relief to which it may be entitled.

BY:___/s/ J. David Dixon_____
Don A. Taylor                    #89139
J. David Dixon                   #05251
DAVIS, CLARK, BUTT, CARITHERS
        & TAYLOR, PLC
19 E. Mountain Street
P.O. Box 1688
Fayetteville, AR  72702-1688
Telephone: (479) 521-7600
Facsimile: (479) 521-7661
Email: ddixon@davis-firm.com

-11-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of March, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.  I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

David Stebbins, *Pro Se*
5800 Law Dr.
Harrison, AR  72601

By:     /s/ J. David Dixon
        Don A. Taylor               #89139
        J. David Dixon               #05251
        DAVIS, CLARK, BUTT, CARITHERS
            & TAYLOR, PLC
        19 E. Mountain Street
        P.O. Box 1688
        Fayetteville, AR  72702-1688
        Telephone: (479) 521-7600
        Facsimile: (479) 521-7661
        Email: ddixon@davis-firm.com