From 1.877.233.3839 Sat Sep 3 21:39:21 2011 PST Page 2 of 9

Dear Arkansas Legal Services,

My name is David Stebbins. I live in Harrison, AR. I am a client of Legal Aid of Arkansas, and I registered with Arkansas Legal Services Partnership sometime in February 2011. My contact information can be found at the bottom of this letter, in my signature.

I am in need of legal assistance in an appeal. I need to appeal an adverse judgment in an unlawful detainer case. I was told by the Harrison division that I should contact the Fayetteville division for appellate cases. Here is the rundown of the case:

On July 5, 2011, I was served with an unlawful detainer complaint from Harp & Associates Real Estate Services, who is the owner of the apartment at which I currently reside. I filed a motion to dismiss the claim for lack of jursidiction, because I had an arbitration agreement, and therefore, the arbitrator must decide the unlawful detainer claim. However, not only did I have an arbitration *agreement*, but I actually had an arbitration award, too! This is why I didn't just move to compel arbitration; the arbitration award had already been obtained.

Here's how it happened: On March 12, 2011, I sent an email to Harp & Associates, announcing my offer to change the terms of the lease agreement. I told them that I would pay $200 for the rent for the month of April, 2011, instead of the $192 that I was normally supposed to pay (I was on Section 8 Federal Housing Benefits at the time). If they accepted that higher-than-average rent check, they accept my proposed lease amendment.

The proposed lease amendment also contained an arbitration clause, where we must refer all legal disputes between us – even those not related to this contract – to binding arbitration. It also contained what I like to refer to tongue-and-cheek as a "forfeit victory clause," which states that, if I send them an invitation to arbitrate, and they do not accept it within 24 hours of receiving it, I automatically win the relief requested, regardless of the merits, and without even having to go to arbitration. At that point, the arbitration invitation that Harp & Associates ignored would stand in as the arbitration "award," as required by 9 U.S.C. § 13(b).

As you might have guessed, on April 1, 2011, they accepted my $200 rent check without a hitch. Therefore, later that day, I sent an email to Harp & Associates, containing an invitation to arbitrate the claim. I sought a specific performance that they cease and desist their eviction action.

Although they allowed me to continue to stay in the apartment for the remainder of the lease (partly due to Legal Aid's previous assistance, and having nothing to do with this arbitration), they still informed me on May 31, 2011 that they were not renewing my lease agreement, and that I would have to vacate the premises by June 31, 2011.

As this constituted a breach of the specific performance, I served them with another arbitration invitation, this time, calling for $75,000 in damages, which would stand in as the sanction for violating the specific performance.

They still did not cease their eviction action, so I continued to file *another* arbitration


EXHIBIT B

From 1.877.233.3839 Sat Sep 3 21:39:21 2011 PST Page 3 of 9

against them, this time, seeking $425,000 in monetary sanctions. As you might have guessed, the sanctions for continuously violating the specific performance become progressively bigger.

Anyway, now that I've got the backstory over with, let's get back to the unlawful detainer case.

So, after I filed my motion to dismiss and subsequently filed my motion to confirm the three arbitration awards in the cumulative amount of $500,000, a hearing was scheduled for August 29, 2011.

However, we also held a trial on the unlawful detainer claim. I was under the understanding that the unlawful detainer action would only begin after I had filed my answer, and until the motion to dismiss was denied, I did not have to file the answer.

However, this plea fell on deaf ears, and the Court took under advisement my jurisdictional challenge, but proceeded with the unlawful detainer claim, anyway. So, basically, the judge took the motion to dismiss as an answer, rather than a Rule 12(b) motion to dismiss, which preempted the answer.

In the documents leading up to the case, Harp & Associates raised the following counter-arguments:

1. There was no signature, and thus, the arbitration agreement was not binding, by way of the statute of frauds.
2. The arbitration clause lacked mutuality of obligation.
3. By sending it to them via email, that constituted fraud.
4. The contract was unconscionable.

In the documents leading up to the trial, I made the following counter-arguments:

1. Harp & Associates were time-barred from challenging the first arbitration award, which, even if the other two arbitration awards are vacated, the first arbitration award would put an end to the unlawful detainer claim. It is true that the Supreme Court of Arkansas has held in *Danner v. MBNA America Bank* that the time limit is not triggered until there is an agreement to arbitrate, but at the same time, the U.S. Supreme Court has held in *Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576 (2008) that the grounds for judicial review cannot be expanded in any way, shape, or form, and that is exactly what *Danner* does; it provides for a time extension that is not written into the plain text of the statute.

2. Harp & Associates did not file a motion to vacate the arbitration award; they only filed an answer. This is insufficient. See Sheet Metal Workers Int'l Ass'n, Local Union No. 36 v. Systemaire, Inc., 241 F.3d 972, (8th Cir. 2001), ("An [opponent to arbitration] may not assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate.")

RECEIVED 09-03-'11 11:42    FROM- 8772333839    TO-    Legal Aid of Ark    P0003/0009

3. Three of those four challenges were challenges to the lease amendment as a whole, and not specifically the arbitration clause within it. Therefore, the arbitrator must decide those challenges. See *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967).

4. Only one challenge was made to the arbitration clause specifically, and that was that the arbitration clause lacked mutuality of obligation. However, Harp & Associates failed to back up their claim with details and evidence. Therefore, they did not meet their burden of proof.

5. Arbitration agreements do not require signatures; they just have to be in writing. See *NCO Portfolio Management, Inc. v. McGill*, No. 21229, 2006 WL 2041476 (Ohio Ct. App. Jul 21, 2006). The arbitrator must decide whether or not the remainder of the contract requires a signature.

At the trial, I introduced the new argument that

1. Even if the Court finds that a signature is required, Harp & Associates admitted to providing me with a handwritten receipt, and that constitutes a signature.

The day after the trial, I submitted a written supplement to my arguments, stating that this lease amendment was removed from the statute of frauds by way of the partial performance doctrine. Under that doctrine, having already performed all or part of the contract removes it from the statute of frauds, and Harp & Associates has *admitted* that the eight dollars peppercorn consideration has already been provided by me.

However, all of these arguments fell on deaf ears. The Judge still threw out my motion to confirm the arbitration award, and, despite me not having enough time to prepare my case for unlawful detainer, still found that Harp & Associates was entitled to a writ of possession.

I am including a copy of the Judge's opinion in this case, for you to review. As you can see from the opinion, he has found that the statute of frauds is a valid defense, and also that there was no meeting of the minds.

Woah woah, hold on a minute! Harp & Associates never *denied* meeting of the minds!

If the Court isn't going to treat my response as a motion to dismiss, then he should at least treat it as a counter claim, since it raises new issues. Upon accepting that it is a counter-claim, that triggers the applicability of Rule 8(d) of the Arkansas Rules of Civil Procedure. As a result, because Harp & Associates did not *deny* that a meeting of the minds existed, it is admitted by default. If it were an answer, then no responsive pleading would be required, and the matter would still be presumed denied. However, it introduces new issues, which means that it's a counter-claim. Thus, a responsive pleading was required, and a meeting of the minds was not denied.

So, as you can clearly see, the Circuit Court has erred tremendously. I have a motion for

From 1.877.233.3839 Sat Sep 3 21:39:21 2011 PST Page 5 of 9

reconsideration pending in the Circuit Court, but I still need you guys on standby for when I appeal the case.

I also need a stay of the eviction until the appeal is finalized. I can't afford to pay any kind of superseades bond, so I hope you can get that waived for me.

Do you think you can help me in this case? Thank you, and please respond promptly.

*David S Stebbins*

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com