IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS PLAINTIFF

vs. Case No. CV 11-3057

LEGAL AID OF ARKANSAS DEFENDANT

**BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and for its Brief In Support Of Response to Plaintiff's Motion For Partial Summary Judgment, states and alleges as follows:

## I. INTRODUCTION

Plaintiff's action against Legal Aid arises under Title III of the American With Disabilities Act ("ADA"), which, in short, prohibits disability discrimination by private entities operating a place of public accommodation. 42 U.S.C. § 12181 et seq. By his Complaint, Plaintiff alleges, in short, that Legal Aid denied legal services to Plaintiff because of an alleged disability. (Dkt. No. 1). By his Amended Complaint, Plaintiff further alleges that Legal Aid retaliated against Plaintiff by refusing to represent him in regards to an appeal against Harp & Associates (an uninterested party to the present matter). (Dkt. No. 5).

By his Motion For Partial Summary Judgment, Plaintiff seeks summary judgment only on his retaliation claim, and entry of damages. Plaintiff erroneously asserts that Legal Aid's refusal to represent Plaintiff in his appeal against Harp & Associates amounts to retaliation. As explained below, Plaintiff cannot establish the requisite prima facie case of retaliation and, in any event, can provide no evidence to debunk Legal Aid's legitimate, non-retaliatory reasons for the alleged adverse action.

Because Plaintiff fails to carry his burden of proof and genuine issues of material fact exist, Plaintiff's Motion For Partial Summary Judgment should be denied.

## II. BACKGROUND

In February 2011, Legal Aid provided legal services to Plaintiff. (Dkt. No. 16). On June 16, 2011, Legal Aid concluded its legal services to Plaintiff. (Exhibit A). Thereafter, Plaintiff sought additional legal services from Legal Aid. (Dkt. No. 16). Legal Aid declined to represent Plaintiff by his requests.[1] (Dkt. No. 16). Plaintiff filed his Complaint on July 20, 2011. (Dkt. No. 1). Legal Aid became aware of Plaintiff's Complaint after it was filed but before it was served. (Exhibit C). Thereafter, on September 3, 2011, Plaintiff, again, sought additional legal services from Legal Aid for an appeal regarding Harp & Associates (the "Appeal"). (Exhibit B). On September 6, 2011, Legal Aid declined to represent Plaintiff in the Appeal based on legitimate, non-retaliatory reasons. (Exhibit C and G). Plaintiff then amends his Complaint to include a retaliation claim based on Legal Aid's September 6, 2011 decision to not represent him. (Dkt. No. 5). Plaintiff's Motion For Partial Summary Judgment only addresses the retaliation claim.

## II. APPLICABLE LAW

### A. Summary Judgment

"Summary judgment is appropriate if the record, viewed in a light most favorable to the nonmoving party, contains no questions of material fact and demonstrates that the moving party is

---

[1]Plaintiff's retaliation claim is allegedly based on Legal Aid's decision to not represent him after he filed his Complaint against Legal Aid. The facts surrounding Legal Aid's conduct prior to Plaintiff's Complaint are not at issue for Plaintiff's retaliation claim and, thus, little detail regarding same is provided herein.

entitled to judgment as a matter of law." *Stone Motor Co. v. GMC*, 293 F.3d 456, 465 (8th Cir. 2002). The moving party bears the burden of showing both the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

**B. The ADA and Retaliation**

The ADA prohibits discrimination in three areas: employment ("Subchapter I"); public services ("Subchapter II"); and public accommodations ("Subchapter III"). *See, e.g.*, 42 U.S.C. §§ 12202, 12205, 12203. Plaintiff files his suit under Title III. Title III provides, in relevant part, that

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 USCS § 12182. As regards retaliation, the ADA provides that:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act.

42 USCS § 12203(a). In order to establish a prima facie case of retaliation under the ADA, a plaintiff must show:

> (1) that he engaged in a statutorily protected activity,
> (2) that an adverse action was taken against him, and
> (3) a causal connection between the adverse action and the protected activity

*Id.*; *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999).

If plaintiff establishes a prima facie case, the Eighth Circuit uses a modified burden-shifting analysis, similar to the McDonnell Douglas employment discrimination burden shifting framework,

to analyze the retaliation claim. *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1074 (8th Cir. 2006). In *Stewart v. Indep. Sch. Dist. No. 196*, the Eighth Circuit summarized the modified burden-shifting analysis, stating:

> If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to show a non retaliatory reason for the adverse employment action. If the defendant can show a legitimate, non-retaliatory reason for its actions, the burden returns to the plaintiff who is then obliged to present evidence that (1) creates a question of fact as to whether defendant's reason was pretextual and (2) creates a reasonable inference that defendant acted in retaliation.
>
> We have described the actual evidentiary burden that a plaintiff must meet at the prima facie stage as minimal. Where the evidence used to establish a prima facie case meets this minimal burden but is not strong, that evidence, standing alone, may be insufficient to sustain the plaintiff's case at the final stage of the burden-shifting analysis. An employee's attempt to prove pretext requires more substantial evidence than it takes to make a prima facie case because unlike evidence establishing a prima facie case, evidence of pretext and retaliation is viewed in light of the employer's justification. . . . Conversely, where the evidence of causation for purposes of establishing a prima facie case is quite strong, it may be sufficient, standing alone, to prove a defendant's liability without resort to further evidence.
>
> Taken together, these cases demonstrate that the burden-shifting framework is merely an analytical construct; the ultimate burden of proving retaliation remains at all times with the plaintiff; and the level of proof required to show causation is less at the prima facie stage than at the final stage of the McDonnell-Douglas analysis. As such, if an employer has articulated a legitimate reason for its actions, it is permissible for courts to presume the existence of a prima facie case and move directly to the issue of pretext and the determinative issue of causation when bypassing the prima facie case analysis leads to clarity in framing the issues under review.

481 F.3d 1034, 1043 (8th Cir. 2007)(quotations, internal marks and citations omitted). Ultimately, this burden shifting analysis boils down to Plaintiff proving that retaliatory animus played a role in the decision making process and that it had a determinative effect on the outcome of that process. *See Gibson v. Am. Greetings Corp.*, 2012 U.S. App. LEXIS 4475, 23-24 (8th Cir. Ark. Mar. 5, 2012); *Peebles v. Potter,* 354 F.3d 761, 770 (8th Cir. 2004); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 931-35 (3d Cir. 1997); *Gonzagowski v. Widnall*, 115 F.3d 744, 749 (10th Cir. 1997).

## III. ARGUMENT

### A. Plaintiff Has Failed To Prove He Engaged In Statutorily Protected Activity And Suffered An Adverse Action

To support his prima facie case of retaliation, Plaintiff concludes, without any evidentiary support, that he engaged in "statutorily protected activity" and suffered an "adverse action." Plaintiff premises his statutorily protected activity upon his filing of his Complaint herein, and the "adverse action" on Legal Aid's decision to not represent him in his Appeal after the filing of the Complaint.

i. Statutorily Protected Activity

"A person cannot show that he engaged in a statutorily protected activity without first demonstrating that he had a good faith reasonable belief that the alleged retaliator was engaging in discriminatory activity." *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999). Here, Plaintiff has offered no proof to support that he had a "good faith reasonable belief" that Legal Aid was engaging in discriminatory activity. Plaintiff merely assumes, without proof of a "good faith reasonable belief," that Legal Aid had previously engaged in discriminatory activity merely because it declined to represent him in his numerous requests for legal representation. Plaintiff cannot prove such a good faith reasonable belief in light of the fact that Legal Aid accepted Plaintiff's first request for representation regarding an eviction matter, which Plaintiff later expressed his satisfaction with Legal Aid's representation. (Exhibit D). Plaintiff's unwarranted assumption that Legal Aid was engaging in discriminatory activity also fails to consider the merits or frivolousness of the subsequent cases for which Plaintiff requested representation. This is of particular import given Plaintiff's frivolous litigation history. (Exhibit E) (including the present matter, Plaintiff has had 15 cases over the past two years, nine of which, at least according to Plaintiff, have either been

dismissed, non-suited by Plaintiff, the opposing party won, or Plaintiff simply does not know the status of the case)). Plaintiff's unwarranted assumption also fails to consider the time and resources Legal Aid had or did not have to contribute to Plaintiff. (Exhibit F). Plaintiff carries the burden on his claim. Because Plaintiff offers no good faith reasonable belief to support that Legal Aid had engaged in alleged discriminatory conduct, it must be dismissed.

ii. Adverse Action

An "adverse action" is one that is "materially adverse," in that it "well might have dissuaded a reasonable [individual] from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006). Legal Aid does not deny that it declined to represent Plaintiff in his Appeal, but contends that such a decision was not "adverse" in that Plaintiff had already filed his charge of discrimination and, thus, no dissuasion could come from it. Plaintiff offers no evidence to suggest that Legal Aid declined to represent Plaintiff in the Appeal in order to dissuade him from pursuing his previously filed lawsuit against Legal Aid. Accordingly, Plaintiff's prima facie case fails.

For the above reasons, Plaintiff fails to prove a prima facie case of retaliation, and his Motion For Partial Summary Judgment should be dismissed.

**B. Plaintiff Fails To Prove That Legal Aid Acted With Retaliatory Animus**

Even assuming Plaintiff has made a prima facie case of retaliation against Legal Aid, Plaintiff's case still must fail as he cannot offer any evidence to show that Legal Aid's legitimate, non-retaliatory reasons for its decision were a pretext for discriminatory animus.

Legal Aid has offered legitimate, non-retaliatory reasons for declining to represent Plaintiff with his Appeal. (Exhibit C and G). The reasons given by Legal Aid for declining to represent Plaintiff with his Appeal were plainly stated in a letter to Plaintiff from Mr. W. Marshall Prettyman, Legal Aid's Director of Litigation. (Exhibit C). By this letter, the reasons for declining to represent Plaintiff in his Appeal included that: the underlying case upon which Plaintiff sought an Appeal was not ripe for appeal; that it would be a violation of the federal regulations by which Legal Aid must abide; that it would be a violation of Legal Aid's internal policies; that it would create a conflict of interest for an attorney to represent a client in one matter while the client sued the attorney in another matter; that Plaintiff had not completed an application for legal services; that, if and when an application was completed by Plaintiff, it was unlikely Legal Aid would have the time or resources to handle Plaintiff's request. (Exhibit C).

Although plainly stated by the letter, Exhibit C, Mr. Prettyman, by his Affidavit provided herewith, Exhibit G, further sets forth his legitimate, non-retaliatory reasoning in making the decision to not represent Plaintiff, also providing hard copies of the regulations, policies, and rules that influenced his decision. (Exhibit G). By his Affidavit, Mr. Prettyman shows that for Legal Aid to have elected to represent Plaintiff in his Appeal, it would have amounted to a violation of federal regulations to which Legal Aid is subject, see 45 C.F.R. § 1600 et seq, thus, possibly causing Legal Aid to be denied any further funding; would have amounted to a violation of Legal Aid's internal policies as the Appeal would be frivolous given that the case was not ripe for appeal; would have been a violation of Legal Aid's policies as filing a frivolous appeal would have been a waste of Legal Aid's time and resources; would have amounted to a violation of the Arkansas Rules of Professional

Conduct regarding a conflict of interest and an attorney's duty to a client, thus, possibly exposing Legal Aid and its attorneys to ethical violations; would have possibly been a violation of Rule 11 of the Arkansas Rules of Civil Procedure to file a frivolous appeal; and, last but not least, upon filing for the subject appeal, it would have amounted to the Arkansas Court of Appeals dismissing the appeal as a final order has not yet been entered. (Exhibit G, and Exhibit G5 thereto).

All these reasons are legitimate non-retaliatory reasons for Legal Aid to decline Plaintiff's request for representation. There is no inference, whatsoever, that Legal Aid's decision was laced with any discriminatory animus. Rather, Legal Aid's decision was based on sound business and legal judgment. Where a defendant's alleged retaliatory decision is based on business judgment, the court cannot second guess the decision. *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 471 (8th Cir. 2011) (employers are free to make their own business decisions, even inefficient ones, so long as they do not discriminate unlawfully); *Elam v. Regions Fin. Corp.*, 601 F.3d 873, 880-81 (8th Cir. 2010) (court does not sit as super-personnel department reviewing wisdom or fairness of business judgments, except to extent those judgments involve intentional discrimination). Here, clearly, Legal Aid's decision to not represent Plaintiff rests on logical business judgment, that included proper consideration of external influences and internal policies. (Exhibit C and G).

Contrary to Plaintiff's fanatical illusions, the above proves that Legal Aid's decision in declining to represent Plaintiff in his Appeal was <u>not</u> due to any alleged retaliatory reasons. Other than alleging that Legal Aid's actions amount to retaliation, Plaintiff has provided no proof to suggest that a reasonable inference of pretextual retaliatory animus exists. "A party's unsupported self-serving allegation that [the subject] decision was based on retaliation does not establish a

genuine issue of material fact." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1088 (8th Cir. 2011). "Showing of pretext necessary to survive summary judgment requires more than merely discrediting [the opposing party's] asserted reasoning for [the alleged adverse action]; plaintiff must also demonstrate that circumstances permit reasonable inference of discriminatory animus." *Moten v. Warren Unilube, Inc.*, 2012 U.S. App. LEXIS 1826 (8th Cir. Ark. Jan. 31, 2012).

Because Plaintiff can present no evidence from which a jury could conclude that Legal Aid's proffered legitimate non-retaliatory reasons for declining to represent him in his Appeal was pretextual, summary judgment is appropriate. *Gacek v. Owens & Minor Distrib., Inc.*, 666 F.3d 1142, at *4 (8th Cir. 2012).

**C. Compensatory and Punitive Damages Are Barred In A Title III ADA Retaliation Claim**

Plaintiff incredulously alleges he is entitled to $6,094,000 in compensatory damages, and $60,940,000 in punitive damages. Although Plaintiff has failed to prove his underlying retaliation claim, fails to provide any proof of injury to support compensatory damages, and fails to provide any proof of malice to support punitive damages (and, thus, Plaintiff's damages claim must fail as a matter of law, *see Fuller v. Fiber Glass Sys., LP*, 618 F.3d 858, 865 (8th Cir. 2010) and *Hunley v. Sprint United Mgmt. Co.*, 21 Fed. Appx. 532, 534 (8th Cir. 2001)), it is important to note that under the ADA, a plaintiff is only entitled to equitable relief and is not entitled to compensatory and punitive damages.

Monetary damages are not available under 42 U.S.C. § 2000a-3, the ADA's retaliation remedies provision. *Newman v Piggie Park Enters., Inc.*, 390 U.S. 400, 401-02 (1968).

> It is well established that individual claims for damages based on alleged disability discrimination in violation of Title III of the ADA are precluded, and injunctive relief is the only available remedy. *See, e.g., Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (recognizing that Title III of the ADA grants a private right of action for injunctive relief); *Pona v. Cecil Whittaker's Inc.*, 155 F.3d 1034, 1038 (8th Cir. 1998) (Panner, D.J., concurring) (in a civil action under Title III of the ADA, a private plaintiff can only obtain injunctive relief), cert. denied, 526 U.S. 1131, 119 S. Ct. 1805, 143 L. Ed. 2d 1009 (1999); *see also Fischer v. SJB P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir. 2000) ("Monetary relief is not an option for private individuals under Title III of the ADA."); *Riggs v. CUNA Mutual Ins. Soc'y*, 171 F.Supp.2d 1210, 1214 (D. Kan. 2001) (where ADA Title III plaintiff's request for relief was limited to money damages, she failed to state a claim upon which relief could be granted and dismissal was appropriate), aff'd, 42 Fed. Appx. 334 (10th Cir. 2003).

*Woods v. Wills*, 400 F. Supp. 2d 1145, 1163 (E.D. Mo. 2005). A plaintiff may not recover compensatory and punitive damages in an ADA retaliation claim, only equitable relief is available. *Johnson v. Royal Oak Enterprises, Inc.*, 2010 U.S. Dist. LEXIS 39300 (W.D. Mo. 2010); *Alvarado v. Cajun Operating Co.,* 588 F.3d 1261, 1269 (9th Cir. 2009); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004); *EEOC v. Faurecia Exhaust Sys., Inc.*, 601 F. Supp. 2d 971, 975-76 (N.D. Ohio 2008); *Arredondo v. S2 Yachts*, 496 F. Supp. 2d 831, 836-37 (W.D. Mich 2007).

## IV. CONCLUSION

Plaintiff has failed to prove a prima facie case of retaliation. Notwithstanding, Plaintiff has failed to provide any evidence to reasonably infer that Legal Aid's legitimate non-retaliatory reasons for declining to represent him was pretextual. Accordingly, Plaintiff's Motion For Partial Summary Judgment must fail.

WHEREFORE, Legal Aid of Arkansas prays that Plaintiff's Motion For Partial Summary Judgment be denied, for its attorney's fees and costs associated with the filing and argument of this motion, and for all other relief it may be entitled.

LEGAL AID OF ARKANSAS

BY: /s/ J. David Dixon
Don A. Taylor #89139
J. David Dixon #05251
DAVIS, CLARK, BUTT, CARITHERS & TAYLOR, PLC
19 E. Mountain Street
P.O. Box 1688
Fayetteville, AR 72702-1688
Telephone: (479) 521-7600
Facsimile: (479) 521-7661
Email: ddixon@davis-firm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

David Stebbins, *Pro Se*
5800 Law Dr.
Harrison, AR 72601

David Stebbins, *Pro Se*
8527 Hopewell Road
Harrison, AR 72601

By: /s/ J. David Dixon
Don A. Taylor #89139
J. David Dixon #05251
DAVIS, CLARK, BUTT, CARITHERS & TAYLOR, PLC
19 E. Mountain Street
P.O. Box 1688
Fayetteville, AR 72702-1688
Telephone: (479) 521-7600
Facsimile: (479) 521-7661
Email: ddixon@davis-firm.com