IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                                  PLAINTIFF

vs.                                        Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                                                DEFENDANT

## STATEMENT OF MATERIAL FACTS

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and for its Statement of Material Facts, filed in support of its Response to Plaintiff's Motion For Partial Summary Judgment, states and alleges as follows:

1. Legal Aid contends no material dispute exists as to the following facts:

    a. Plaintiff sought legal services from Legal Aid beginning in February 2011. (Dkt. No. 16).

    b. Legal Aid concluded its legal services to Plaintiff on June 16, 2011. (Exhibit A).

    c. Plaintiff filed his Complaint on July 20, 2011. (Dkt. No. 1). Legal Aid became aware of Plaintiff's Complaint after it was filed but before it was served. (Exhibit B).

    d. Thereafter, on September 3, 2011, Plaintiff sought additional legal services from Legal Aid for an appeal. (Exhibit C).

    e. On September 6, 2011, Legal Aid declined to represent Plaintiff in the appeal for legitimate non-retaliatory reasons, which included that it was against Legal Aid's policies, against pertinent federal regulations, the underlying case was not ripe for appeal,

Plaintiff had not completed an application for representation and it was against applicable Rules of Professional Conduct, Rules of Civil Procedure, and Rules of Appellate Procedure. (Exhibit C and G).

5. Legal Aid contends that a material dispute exists as to all other facts not specifically uncontested herein, specifically including the following facts:

   a. Aside from Plaintiff's bare allegations, no proof exists to support whether Plaintiff filed suit against Harp & Associates, the merits of the suit, whether same was dismissed and the reason therefore, any correlation between the results of that suit and the present matter, and what, if any, damages Plaintiff would have been entitled to *if* he had been successful with the suit.

   b. Plaintiff attempts to support proof of his damages by asserting that Legal Aid's Responses To Requests For Admissions were insufficient and, thus, pursuant to Rule 37 of the Federal Rules of Civil Procedure, admitted by default. Legal Aid is not in default and has not admitted anything in regard to Plaintiff's alleged suit against Harp & Associates or the alleged damages arising therefrom.

WHEREFORE, Legal Aid of Arkansas prays that its Statement of Material Facts be taken as true, and for all other relief it may be entitled.

> BY: /s/ J. David Dixon
> Don A. Taylor           #89139
> J. David Dixon          #05251
> DAVIS, CLARK, BUTT, CARITHERS
>     & TAYLOR, PLC
> 19 E. Mountain Street
> P.O. Box 1688
> Fayetteville, AR 72702-1688
> Telephone: (479) 521-7600
> Facsimile: (479) 521-7661
> Email: ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

David Stebbins, *Pro Se*
5800 Law Dr.
Harrison, AR 72601

David Stebbins, *Pro Se*
8527 Hopewell Road
Harrison, AR 72601

By: /s/ J. David Dixon
    Don A. Taylor    #89139
    J. David Dixon    #05251
    DAVIS, CLARK, BUTT, CARITHERS
        & TAYLOR, PLC
    19 E. Mountain Street
    P.O. Box 1688
    Fayetteville, AR 72702-1688
    Telephone: (479) 521-7600
    Facsimile: (479) 521-7661
    Email: ddixon@davis-firm.com