U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 30 2012

CHRIS R. JOHNSON, Clerk

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                                                 **PLAINTIFF**

VS                                             **CASE NO. 11-3057**

**LEGAL AID OF ARKANSAS**                                    **DEFENDANTS**

## REPLY TO RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment.

First, the affidavit of Marshall Prettyman submitted by Defendant was never disclosed to me prior to this event. As a result, it is inadmissible and should be stricken accordingly.

Secondly, Defendant claims that I have failed to establish a good faith belief that Defendant was engaging in discriminatory activity. However, Defendant offers nothing in support of this claim, other than their frivolous argument that, if they are not discriminating, I cannot possibly be in good faith in thinking that they are. Essentially, Defendant is suggesting that there is no protected activity unless there is actual discrimination. This is blatantly against everything that the retaliation laws stand for. Turning to employment discrimination, using the doctrine of *in pari materia*, the EEOC flatly states that no person may retaliate, "even if EEOC later determined no discrimination occurred," according to the website of www.eeoc.gov.

Third, when attempting to claim that their actions were not adverse, Defendant makes the straw man argument that my motion for partial summary judgment pertained to their refusal to represent me on appeal. It was not. Their refusal to represent me on appeal made it abundantly clear that they would not represent me in "any case" (that was their exact words; my exhibit even circled them) while I was suing them. It therefore would have been futile for me to even *request* their representation in my abuse of process claim against Harp & Associates, and that one *did*

take place in the Circuit Court, so their lack of representation in the Circuit Court would have been irrelevant. However, they still would not have represented me in the abuse of process suit because I was suing them.

It is that failure to represent, not the failure to represent on appeal, that forms the basis of this motion for partial summary judgment. Defendant is certainly correct that I have not yet offered any proof that their failure to represent me on appeal was retaliatory; however, that is because I decided to focus on their failure to represent me in the abuse of process case for this motion. I still believe that I can prove that their refusal to represent me on appeal was retaliatory (namely, by proving that their refusal to represent me in the Circuit Court was discriminatory, and thus, their second excuse for not representing me on appeal was insufficient as a matter of law), but that was not what this motion was about.

Defendant has also failed to match proof with proof regarding my claim that I have suffered injuries due to their failure to represent me. They claim that they have not admitted to it, but they offer nothing in response to this. They provide no argument for why their responses should not be construed as default admissions, whereas I have provided this proof.

Allow me to reiterate, just in case Defendant missed it last time, my argument for why their responses to Admissions #8 and #9 constitute default admissions:

Defendants never stated that they even attempted any kind of reasonable inquiry. "The [Defendants] may assert lack of knowledge or information as a reason for failing to admit or deny <u>only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny</u>." See Fed. R. Civ. P. Rule 36(a)(4). Underlined for emphasis. A party may not "merely rely on his lack of personal knowledge when responding to requests to admit." See *Lambert v. Owens et al.*, 2002 WL 1838163, 2002

U.S. Dist. LEXIS 14789, at *2 (N.D. Ill. Aug. 9, 2002).

For this reason, these responses to requests for admissions are incomplete and evasive. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." See Fed. R. Civ. P. Rule 37(a)(4). Therefore, because Defendants officially did not respond to these facts at all, they are admitted by default. See Fed. R. Civ. P. Rule 36(a)(3).

The closest thing Defendant gets to making a coherent argument is citing case law showing that only injunctive relief is available in a retaliation claim. That's fine. Even though I cannot recover punitive damages, I can still recover the original $6,094,000. This would not be considered damages; this is the monetary equivalent to retrospective injunctive relief when true retrospective injunctive relief is not available. This is a common remedy in discrimination cases. For example, in employment discrimination, that is what back pay is legally considered to be, which is why back pay is not subject to the damages caps. The same thing applies with front pay; it is exempt from the damages caps because the Court *calls* it something different.

It is true that I did not request this relief in my original motion, but *pro se* filings are supposed to be held to less stringent standards than those drafted by attorneys. See *Haines v. Kerner*, 404 U.S. 519 (1972). Therefore, the Court should view my request for relief liberally, and deny relief only if there is no reasonable way the law can be stretched to accommodate the *pro se* Plaintiff's prayer for relief. See *Conley v. Gibson*, 355 U.S. 41 (1957). See also *Gearhart v. Anderson*, 8th Cir. Case No. 10-3859 (finding a cause of action in the *pro* se complaint by searching for the gravamen *sua sponte*). In this case, there is a way the law can be reasonably stretched to make me whole. Therefore, the Court should implement it.

Because I did not raise this request in the original motion, I would not object if Defendant

wishes to file a second response in opposition, addressing my claim that the $6,094,000 should be construed as injunctive, rather than monetary.

Wherefore, premises considered, I respectfully request that the motion for partial summary judgment be granted.

David Stebbins

*/s/ David S. Stebbins*

123 W. Ridge Ave.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge
APT D
Harrison, AR 72601

RECEIVED
WD/AR
MAR 30 2012
U.S. CLERK'S OFFICE

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701