IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                    PLAINTIFF

vs.                                    Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                            DEFENDANT

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and for its Brief In Support

Of Defendant's Motion For Partial Summary Judgment, states and alleges as follows:

**I.      INTRODUCTION**

By his Complaint, Plaintiff alleged, in short, that Legal Aid denied legal services to Plaintiff

because of an alleged disability.  (Dkt. No. 1).  By his Amended Complaint, Plaintiff alleged that

Legal Aid violated Title III of the Americans With Disabilities Act ("ADA") and retaliated against

Plaintiff by refusing to represent him in regards to an appeal (the "Appeal") against Harp &

Associates (an uninterested party to the present matter), after he had filed the present matter against

Legal Aid.  (Dkt. No. 5).  Plaintiff asserts that Legal Aid's decision to not represent him in the

Appeal was in retaliation to him filing the present matter.  *Id.*  Plaintiff seeks compensatory and

punitive damages based on his retaliation claim.  *Id.*  By its present Motion For Partial Summary

Judgment, Legal Aid seeks summary judgment as to Plaintiff's retaliation claim and the alleged

damages therefrom.

Summary judgment is appropriate on Plaintiff's retaliation claim as he fails to establish a

prima facie case of retaliation and, in any event, fails to meet his burden in showing that Legal Aid's

-2-

non-retaliatory reasons for not representing Plaintiff in his Appeal was a mere pretext for discrimination.

Even if Plaintiff has asserted a cognizable retaliation claim – which he has not – the ADA does not provide compensatory and punitive damages as a remedy thereunder, but equitable relief only. Furthermore, notwithstanding the ADA's equitable-only relief, Plaintiff has also failed to substantiate his alleged compensatory and punitive damages, thus, barring same.

## II.   LAW AND ARGUMENT

### A.   Incorporation and Adoption

Legal Aid has set forth arguments and evidence supporting its present motion by and through its Response To Plaintiff's Motion For Partial Summary Judgment, and its Brief In Support of Legal Aid's Response To Plaintiff's Motion For Partial Summary Judgment. (respectively Dkt. Nos. 47 and 48). For the sake of brevity and the Court's convenience, Legal Aid incorporates and adopts herein by reference its Response To Plaintiff's Motion For Partial Summary Judgment, and its Brief In Support of its Response To Plaintiff's Motion For Partial Summary Judgment. (respectively Dkt. Nos. 47 and 48).

### B.   Plaintiff's Fails To Make A Prima Facie Case Of Retaliation

Relying on the arguments and evidence Legal Aid incorporates herein, Legal Aid contends that Plaintiff has failed to prove a prima facie case of retaliation and, thus, summary judgment is appropriate.

### C.   Plaintiff's Fails To Meet His Burden Of Proof In Showing Legal Aid's Non-Retaliatory Reasons For The Alleged Adverse Action Were A Pretext For Discrimination.

Relying on the arguments and evidence Legal Aid incorporates herein, Legal Aid contends that Plaintiff's retaliation claim must fail as Plaintiff offers no evidence to show that Legal Aid's

legitimate, non-retaliatory reasons for its decision to not represent Plaintiff in his Appeal were a

pretext for discriminatory animus.  Accordingly, summary judgment is appropriate.

### D.  Plaintiff Is Not Entitled To Compensatory Or Punitive Damages Under The ADA.  Nonetheless, Plaintiff Has Failed To Prove Any Injury Or Damages.[1]

Although Plaintiff has failed to prove his underlying retaliation claim, Plaintiff incredulously

alleges he is entitled to $6,094,000 in compensatory damages, and $60,940,000 in punitive

damages.[2]  Yet, under Title III of the ADA, a plaintiff is not entitled to monetary damages, only

equitable relief.  Notwithstanding the ADA's equitable-only relief, Plaintiff has failed to provide any

proof that he has actually suffered any injury or damages.

Monetary relief is not available under the ADA.  *Newman v Piggie Park Enters., Inc.*, 390

U.S. 400, 401-02 (1968).

> It is well established that individual claims for damages based on alleged disability
> discrimination in violation of Title III of the ADA are precluded, and injunctive
> relief is the only available remedy. *See, e.g., Steger v. Franco, Inc.*, 228 F.3d 889,
> 892 (8th Cir. 2000) (recognizing that Title III of the ADA grants a private right of
> action for injunctive relief); *Pona v. Cecil Whittaker's Inc.*, 155 F.3d 1034, 1038 (8th
> Cir. 1998) (Panner, D.J., concurring) (in a civil action under Title III of the ADA, a
> private plaintiff can only obtain injunctive relief), cert. denied, 526 U.S. 1131, 119
> S. Ct. 1805, 143 L. Ed. 2d 1009 (1999); *see also Fischer v. SJB P.D. Inc.*, 214 F.3d
> 1115, 1120 (9th Cir. 2000) ("Monetary relief is not an option for private individuals
> under Title III of the ADA."); *Riggs v. CUNA Mutual Ins. Soc'y*, 171 F.Supp.2d
> 1210, 1214 (D. Kan. 2001) (where ADA Title III plaintiff's request for relief was

---

[1]This argument was not fully addressed in Legal Aid's Response To Plaintiff's Motion For Partial Summary Judgment, and its Brief In Support of its Response To Plaintiff's Motion For Partial Summary Judgment, and, thus, is more fully set forth herein.

[2]Plaintiff first suggested by his Amended Complaint, Dkt. No. 11, that he was entitled to $554,000 in compensatory damages and $5,540,000 in punitive damages because that is what he allegedly lost in the Appeal, allegedly because Legal Aid did not represent him.  By his more recent Motion For Partial Summary Judgment, Dkt. No. 37, Plaintiff alleged $6,094,000 in compensatory damages, and $60,940,000 in punitive damages .

limited to money damages, she failed to state a claim upon which relief could be granted and dismissal was appropriate), aff'd, 42 Fed. Appx. 334 (10th Cir. 2003).

*Woods v. Wills*, 400 F. Supp. 2d 1145, 1163 (E.D. Mo. 2005). The fact that Plaintiff claims retaliation under the ADA changes nothing. A plaintiff may not recover compensatory and punitive damages in an ADA retaliation claim, only equitable relief is available. *Johnson v. Royal Oak Enterprises, Inc.*, 2010 U.S. Dist. LEXIS 39300 (W.D. Mo. 2010); *Alvarado v. Cajun Operating Co.,* 588 F.3d 1261, 1269 (9th Cir. 2009); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004); *EEOC v. Faurecia Exhaust Sys., Inc*., 601 F. Supp. 2d 971, 975-76 (N.D. Ohio 2008); *Arredondo v. S2 Yachts*, 496 F. Supp. 2d 831, 836-37 (W.D. Mich 2007).

Interestingly, in a more recent pleading, Dkt. No. 51, Plaintiff did not contest that punitive damages are not available under the ADA, stating "That's fine." Rather, Plaintiff speculated that he can "still recover the $6,094,000" asserting that "[t]his would not be considered damages; this is the monetary equivalent to retrospective injunctive relief when true retrospective injunctive relief is not available." (Dkt. No 51). Plaintiff provides no authority for his damages theory. Indeed, no such authority exists. As stated above, monetary relief is <u>not</u> available under the ADA. *Piggie Park Enters., Inc.*, 390 U.S. 400. For this reason alone, summary judgment on Plaintiff's claim for damages is appropriate.

Notwithstanding the ADA's equitable-only relief, Plaintiff has failed to provide any proof, whatsoever, that he has suffered any injury given rise to any damages. Plaintiff alleges that his damages for compensatory and punitive damages arise from an abuse of process claim against Harp & Associates, in which Legal Aid allegedly refused to represent Plaintiff. (Dkt. No. 11). When asked through discovery requests to provide proof of his damages and how his damages are

-4-

calculated, Plaintiff stated that Legal Aid's "retaliation proximately caused the likely dismissal of [the abuse of process] case" and then concludes, without support, that his damages are $6,094,000 in compensatory damages, and $60,940,000 in punitive damages. (Exhibit H).

The causal relation of Plaintiff's loss of his abuse of process claim against Harp & Associates to his retaliation claim against Legal Aid is tenuous, at best. (See Exhibit I for Order of Dismissal in Plaintiff's abuse of process case). In any event, Plaintiff, has failed to provide any proof that he has been damaged. An award of damages must be based on competent evidence of a "genuine injury." *Fuller v. Fiber Glass Sys., LP*, 618 F.3d 858, 865 (8th Cir. 2010). For Plaintiff to prove that Legal Aid's conduct caused him a genuine injury, Plaintiff would, at minimum, have to prove that Legal Aid's acts proximately caused actual loss or damages to Plaintiff; and that but for Legal Aid's decision to not represent Plaintiff, he would have been successful in the prosecution of his abuse of process case. *See Anthony v. Kaplan*, 324 Ark. 52, 918 S.W. 2d 174 (1996) (interpreting liability in a malpractice case); *Callahan v. Clark*, 321 Ark. 376, 901 S.W. 2d 842 (1995) (same); *Macawber Eng'g, Inc. v. Robson & Miller*, 1994 U.S. Dist. LEXIS 21681 (D. Minn. Jan. 28, 1994) (same). Plaintiff offers no such evidence, only self-serving, unsupported assertions.

Moreover, assuming that Plaintiff has made a valid case that he has been damaged – which he hasn't – Plaintiff fails to provide any proof to substantiate the amount of his damages. "Damages may not be determined by mere speculation or guess." *Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 361 (8th Cir. 2009). Without more, Plaintiff's fabrication of a multi-million dollar injury is absurd and should be dismissed under summary judgment grounds.

For all the above reasons, summary judgment on Plaintiff's damages claims should be granted.

## III.    CONCLUSION

Plaintiff has failed to meet his burden of proof as regards his retaliation claim, the alleged

injury arising therefrom, and his alleged damages.

WHEREFORE, Legal Aid of Arkansas prays that its Motion For Partial Summary Judgment

be granted, for its attorney's fees and costs associated with the filing and argument of this motion,

and for all other relief it may be entitled.

LEGAL AID OF ARKANSAS


BY:    /s/ J. David Dixon
        Don A. Taylor          #89139
        J. David Dixon        #05251
        DAVIS, CLARK, BUTT, CARITHERS
           & TAYLOR, PLC
        19 E. Mountain Street
        P.O. Box 1688
        Fayetteville, AR  72702-1688
        Telephone: (479) 521-7600
        Facsimile: (479) 521-7661
        Email: ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.  I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins
123 W. Rodge St., Apt D
Harrison, AR 72601

By:   /s/ J. David Dixon
        Don A. Taylor           #89139
        J. David Dixon          #05251
        DAVIS, CLARK, BUTT, CARITHERS
            & TAYLOR, PLC
        19 E. Mountain Street
        P.O. Box 1688
        Fayetteville, AR  72702-1688
        Telephone: (479) 521-7600
        Facsimile: (479) 521-7661
        Email: ddixon@davis-firm.com