Dear Mr. Dixon,

I am in receipt of your responses to my discovery requests. I am appalled by the frivolessness of your objections and responses.

In your responses, you give only conclusions and argumentative. As a law firm, you client should know as well as anybody that conclusions and arguments are not allowed when it comes to evidence. You need to stick to facts!

Conclusions which you gave include, but are not limited to, the following:

1. "Plaintiff's request... is vague and ambiguous." No it is not. Every one of my requests were clear and unambiguous. If (and this is a big if) you can qualify how they are vague and ambiguous by giving at least two reasonable interpretations to each, I would be happy to clarify. Until then, your objection is conclusive and not backed by details.

2. "Defendant denies that its actions were illegal." This is not only conclusive, but also makes an argument of the law, both of which are not allowed in discovery.

3. "Defendant denies that its decision to not represent Plaintiff in any way caused any harm to Plaintiff." In other words, you deny proximate cause, but you give no details to support this conclusion.

EXHIBIT F

1. You claimed that my Asperger Syndrome was "of no consequence" to our legal relationship. This is neither exhaustive nor thorough, as it begs the obvious follow up question of... why do you think it is of "no consequence?" Furthermore, this explanation is, again, conclusive.

You also made the objection that I provided no statements for you to provide any objections to the factual accurancy. This is bull, and you know it. You know as well as I do that my responses to your interrogatories count as "statements," as they are made under oath.

You also made no attempt whatsoever to explain why you raised the denials and defenses that you raised in your Answer.

Next, you seem to be confused as to which of your client's denials formed the basis of my original complaint. I was not talking about the rejections shown in pages 17 and 21 of your response to my request for production, as even I must admit that those are wholly legitimate reasons for not taking a case. However, on page 18 of your response to my RFP, there is a copy of a letter where your client refused to represent me on "any matter," (effectively removing me from its clientel altogether, thus earning a response of "admit" to my second RFA) without even attempting to

explain why (earning a response of "admit" to RFA #3). I merely ~~did not remember~~ got the date wrong. You should have ~~admi~~ ~~do~~ denied the date but admitted that it happened. Furthermore, pursuant to my second interrogatory, you must explain 1) Why your client did that, and 2) why said explanation was not provided in the original letter.

The deadline for to originally make this response was March 2, 2012. I will give you until that day to correct your mistakes, and I mean every single last one of them. ~~If~~ you have not done so by then, not only will I renew my motion for default (assuming it was denied by that time) or in the alternative to compel your interrogatories, but I will also move for summary judgment. This is because, ~~if you do not corr~~ your responses to most of my RFA's are ~~som~~ conclusive and, thus, evasive and incomplete. FRCP 37 states that evasive and/or incomplete responses should be treated as failures to respond. Therefore, come March 2, all but two RFA's will be admitted by default due to your failure to respond to them.

Now that that has been addressed, allow me to respond to your grievances.

Contrary to your disagreement, it is simply im-

possible for me to obtain the documents you requested. I don't know if anyone has told you yet, so here's a new's flash: I'm in JAIL! To get these documents (such as my medical records), I have to request them in person. If I even attempt to pull a stunt like that, it will probably be thwarted, I won't get the documents anyway, and I will be charged with attempted escape to boot. That's assuming they don't just shoot me and be done with it. I will not subject myself to that, and neither will the court expect me to, just because you're a lazy piece of shit who's too damned good to do a little detective work of your own.

What I am about to give is not a request; I'm not asking you, and I sure as hell am not asking you kindly: You are to cease and desist your absurd requests that I get myself killed when I gave you a perfectly legitimate alternative. If you bring this up again, even if it is of a different discovery matter, even if it is a completely different case where you are opposing counsel, I will ask the court to sanction your ass for violation of the Local Rules' requirement to take reasonable steps to reduce the costs of the litigation.

Now that I have vented those frustrations, allow me to respond to your reaction to my

motion for default. I did not participate in the 26(f) conference because I was physically unable to for the same reasons I am unable to give you my medical records. The 26(f) conference has been waived in case no. 10-5125 in this court for this very reason. See Doc. 73 in that case.

I did not respond to your 26(f) report because you said you would file it unilaterally if I did not respond. Since I had no objections to it, I allowed the doctrine of "qui tacet consentitur videtur" to apply. I did not simply tell you "no objections" because the "silence gives consent" rule provided an adequate, but less costly, alternative.

See what I did there? I gave explanations! Furthermore, I gave facts, not mere conclusions. Please follow my example for the purposes of this discovery.

sincerely,
David Stebbins
*David Stebbins*

P.S. Pursuant to interrogatory #4, you must provide a set of objections to the factual accuracy of the statements I made in this letter.