## DAVIS, CLARK, BUTT, CARITHERS & TAYLOR, PLC

ATTORNEYS AT LAW
19 EAST MOUNTAIN ST.
P. O. BOX 1688
FAYETTEVILLE, ARKANSAS 72702-1688
PHONE (479)521-7600
FAX (479)521-7661
http://www.davis-firm.com

SIDNEY P. DAVIS, JR.
CONSTANCE G. CLARK
WM. JACKSON BUTT II
KELLY CARITHERS
DON A. TAYLOR
CASEY D. LAWSON
JOSHUA D. McFADDEN
COLIN M. JOHNSON

J. DAVID DIXON
WILLIAM F. CLARK

**WRITER'S DIRECT E-MAIL**
ddixon@davis-firm.com

February 24, 2012

RE:    David Stebbins v. Legal Aid of Arkansas; United
States District Court, Western District of
Arkansas - Case No. 11-3057

Mr. David Stebbins
5800 Law Drive
Harrison, AR 72602

Dear Mr. Stebbins:

Please find enclosed Defendant's responses to your Requests For Admissions, and Interrogatories and Request for Production of Documents. Please note that I have added your recently served Interrogatory No. 4 to the latter. By this letter, I would also like to address some of the responses and objections you asserted in response to Defendant's Interrogatories and Requests for Production of Documents.

In response to Request for Production No. 1 and 2 you assert an objection that it would be unduly burdensome for you to provide the requested documents because of your incarceration. I disagree with your objection. Although your incarceration may make it somewhat difficult for you to proceed with this matter, it does not release you from your discovery responsibilities. Defendant is entitled to the requested documents and asks that you supplement same. If you are unwilling to produce those documents, I will address it with the court.

In response to Interrogatory No. 8, you reference FRCP 72 as an excuse not to provide the requested information. FRCP 72 is irrelevant as to whether or not certain information is discoverable. Please withdraw the reference and fully answer the interrogatory.

In response to Request for Production No. 3, which asks for, in short, any, diary notes or transcriptions made by you concerning this matter, you stated "There are documents of this sort I know of." I assume your response was a mistake and you meant to state that there are "no" documents. Please confirm if my assumption is correct. If not, please provide such documents.



EXHIBIT
I

Mr. David Stebbins
February 24, 2012
Page 2

In response to Interrogatory No. 10, you state "conditional yes." This response is not fully responsive to the interrogatory posed. Please directly answer the question asked.

Separately, by your letter attached to your responses to Defendant's Interrogatories and Requests for Production of Documents, you state that I "must send [you] copies of every single damned page of [your] med records and litigation history that [I] pull." I disagree with your assertion. You apparently confuse my duty as Legal Aid's attorney with Legal Aid's duty to provide discoverable information; those duties are not the same. The Rules of Civil Procedure do not contemplate me, as Legal Aid's attorney, providing you with every piece of information I obtain on you by and through my investigation. Particularly in light of the fact that you have easier access to such documents, and that my efforts will cost my client time and money. You do not benefit from the work I do for Legal Aid. With that said, if and when this matter proceeds to trial, you will be provided with all documents I intend to use at trial. If those documents happen to include part of your medical records or litigation history, then so be it. However, I will represent to you now that I do not intend to collect your medical records. It is your burden to prove your disability, not Legal Aid's burden.

I have also received your recent Motion For Default. I find your baseless accusations of incompetence and bad faith unprofessional and quite irritating. You failed to cooperate in undertaking a Rule 26(f) Conference, failed to cooperate in drafting a Rule 26 (f) Report, and have failed to provide your Initial Disclosures. Yet, you allege Legal Aid has somehow acted improperly? I'd also like to point out that a collect call to this firm's receptionist does not amount to a good faith effort to resolve this alleged dispute. This firm is not required to pay for your phone calls, and will not accept a collect call from you. In any event, I suggest you review the Rules of Civil Procedure a little more closely to determine when the Initial Disclosure are actually due. I will respond accordingly.

Mr. Stebbins, lastly, in light of your ongoing angst toward me, I feel it necessary to state that this matter will be much easier if it is approached with a reasonable level of respect and professionalism, and less cynicism.

Sincerely,

DAVIS, CLARK, BUTT, CARITHERS
& TAYLOR, PLC

J. David Dixon

JDD/sks
Enclosure