## DAVIS, CLARK, BUTT, CARITHERS & TAYLOR, PLC

ATTORNEYS AT LAW
19 EAST MOUNTAIN ST.
P. O. BOX 1688
FAYETTEVILLE, ARKANSAS 72702-1688
PHONE (479)521-7600
FAX (479)521-7661
http://www.davis-firm.com

SIDNEY P. DAVIS, JR.
CONSTANCE G. CLARK
WM. JACKSON BUTT II
KELLY CARITHERS
DON A. TAYLOR
CASEY D. LAWSON
JOSHUA D. McFADDEN
COLIN M. JOHNSON

J. DAVID DIXON
WILLIAM F. CLARK

WRITER'S DIRECT E-MAIL
ddixon@davis-firm.com

February 29, 2012

RE: David Stebbins v. Legal Aid of Arkansas; United States District Court, Western District of Arkansas - Case No. 11-3057

Mr. David Stebbins
5800 Law Drive
Harrison, AR  72602

Dear Mr. Stebbins:

I am in receipt of your February 28, 2012, letter whereby you raise issues concerning the parties respective discovery responses. The purpose of this letter is to: briefly address the discovery disputes; to request dates for the taking of your deposition; and, to put you on notice of Legal Aid's position regarding your ongoing incivility and frivolous demands and pleadings.

Foremost, Legal Aid stands by its discovery responses and objections and does not intend to "correct" any alleged "mistakes." The discovery responses provided by Legal Aid fully and fairly answered the interrogatory or request for admission posed. Merely because you disagree with the response given does not mean the response is somehow insufficient. Proceed as you feel you must, but be aware that Legal Aid will not stand by while you continue to engage in these improper attack dog tactics. See below.

As for your alleged inability to obtain documentary evidence to respond to Legal Aid's discovery request, again, the fact that you are in jail does not prevent you from obtaining such documents. You have access to a phone and mail; use them. Legal Aid will not incur the time and costs to obtain such documents for you. Legal Aid's objection still stands -- withdraw your objections and supplement the relevant request. Neither have you addressed any of the other prior objections Legal Aid asserted to your discovery responses. Please do so.

I would like to take your deposition within the next month or two and request that you respond with the status of your incarceration, i.e., if and when you may be released from jail, so that I may properly schedule your deposition.

EXHIBIT J

Mr. David Stebbins
February 29, 2012
Page 2

Lastly, Mr. Stebbins, please know that Legal Aid takes issue with your ongoing baseless assertions and frivolous pleadings. Although you are proceeding pro se, you are held to the same standards as any attorney. Your assertions of incompetence, malice, and bad faith against me and Legal Aid completely lack evidentiary support and are contrary to Rule 11 of the Federal Rules of Civil Procedure. So too, your implications that the alleged initial disclosure's deadline was somehow implicit to the parties' understanding is an act of subterfuge upon the Court. Indeed, you still have yet to provide Legal Aid with your initial disclosures. Your unwarranted demands concerning discovery lack good faith and sufficient legal and factual basis. Additionally, your incivility and unprofessionalism are contrary to the Rules of Professional Conduct. Legal Aid, hereby, demands you withdraw your Motion For Default, cease in making superfluous, unprofessional demands against Legal Aid, and cease in filing legally and factual baseless pleadings. If you fail to comply with these demands, Legal Aid will seek recourse through the Court, including having your case dismissed.

                                    Sincerely,

                              DAVIS, CLARK, BUTT, CARITHERS
                                          & TAYLOR, PLC

                                        J. David Dixon

JDD/sks