IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                       PLAINTIFF

vs.                                 Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                      DEFENDANT

**BRIEF IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER AND SANCTIONS**

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and for its Brief In Support of Motion For Protective Order And Sanctions, states and alleges as follows:

Plaintiff has engaged in vexatious, abusive and meritless conduct over the course of this matter that has caused Legal Aid unnecessary legal expense. By it present motion, Legal Aid seeks protection for Plaintiff's improper behavior.

**I.    FACTS**

Plaintiff has a long history of vexatious and abusive litigation. *Stebbins v. Full Sail University*, 412 Fed Appx. 918 (8th Cir. 2011) (dismissing appeal for lack of jurisdiction); *Stebbins v. Hannah*, 2011 U.S. Dixt LEXIS 146019 (W.D. Ark. Dec. 19, 2011)(suit against the Arkansas Supreme Court Justices for declaratory judgment to review denial of plaintiff's IFP application in underlying action because it lacked no colorable claim; dismissed on constitutional grounds); *Stebbins v. Kirkpatrick*, 2011 U.S. Dist. LEXIS 121842 (W.D. Ark. Oct. 20, 2011) (dismissed for failure to state a claim upon which relief could be granted); *Stebbins v. Full Sail Univ.*, 2011 U.S. Dist. LEXIS 51265 (W.D. Ark. May 12, 2011) (dismissed for failure to follow court order); *Stebbins v. Harp & Associates*, 2011 U.S. Dist. LEXIS 47519 (W.D. Ark. April 15, 2011)(dismissed for lack of jurisdiction and amount in controversy); *Stebbins v. NET-ARB, Inc.*, 2011 U.S. Dist. LEXIS 47520

(W.D. Ark. April 14, 2011)(dismissed for lack of jurisdiction and amount in controversy); *Stebbins v. Wal-Mart Stores Arkansas, LLC*, 2011 U.S. Dist LEXIS 43586 (W.D. Ark. April 14, 2011)(granting Wal-Mart's motion for summary judgment on plaintiff's alleged breach of arbitration agreement, where plaintiff's evidence consisted of "self-serving documents that did not form the basis for any conduct or performance on Wal-Mart's part."); *Stebbins v. Reliable Heat & Air, LLC*, 2011 U.S. Dist. LEXIS 115928 (W.D. Mo. Oct. 7, 2011)(granting defendant's motion for summary judgment under the Americans With Disabilities Act finding plaintiff has set forth "no evidence" that he is qualified to perform the essential functions of his position with or without reasonable accommodation); *Stebbins v. Microsoft*, No. 2:11-CV-1362 (W.D. Wash. 2011)(finding plaintiff's claims "devoid of merit" and "wildly untethered from any valid interpretation of . . . law"); *Stebbins v. Google*, Inc., 2011 U.S. Dist. LEXIS 125701 (N.D. Cal. Oct. 27, 2011) (dismissing plaintiff's complaint "because Plaintiff has stated an indisputably meritless legal theory, and because plaintiff's factual contentions are clearly baseless"); *Stebbins v. Texas*, 2011 U.S. Dist. LEXIS 146248 (N.D. Tex. Oct. 24, 2011) (dismissing case as frivolous because case "has no basis in law or fact," and warning plaintiff that "if he persists in filing frivolous lawsuits . . . the Court may impose monetary sanctions and/or bar him from bringing any further action of any kind in forma pauperis and/or without prior court approval").

By the present matter, Plaintiff continues his abusive litigation behavior. On July 20, 2011, Plaintiff filed his Complaint herein. (Dkt. No. 1). By his Complaint, Plaintiff alleged that Legal Aid violated Title III of the Americans With Disabilities Act. *Id.* Contemporaneous with the filing of his Complaint, Plaintiff applied to proceed in forma pauperis ("IFP"). (Dkt. No. 2). On September 9, 2011, Plaintiff files a Petition For Writ Of Mandamus seeking to force the Court to rule on his IFP

application. (Dkt. No. 4). Plaintiff's Petition For Writ Of Mandamus was denied. (Dkt. No 9). On September 12, 2011, Plaintiff amends his Complaint to include a claim of retaliation, and asserts damages in the amount of $500,000. (Dkt. No. 5). Reviewing Plaintiff's IFP application, the Court finds that Plaintiff's Complaint fails to provide sufficient factual allegations for the Court to determine whether Plaintiff had stated a viable claim under Title III of the ADA, and then directs the Plaintiff to amend his Complaint by answering specific questions therein. (Dkt. No.6).

On September 27, 2011, Plaintiff amends his Complaint by attempting to answer the Court's questions. (Dkt. No 8). On October 6, 2011, the Court grants Plaintiff's IFP application. (Dkt. No. 10). On October 13, 2011, Plaintiff files a Motion For Leave To File Amended Complaint And Amended Complaint (which includes the amended complaint). (Dkt. No. 11). By his Motion/Amended Complaint, Plaintiff alleges a "new injury" because Legal Aid did not represent him in an "abuse of process claim against Harp & Associates." *Id.* Plaintiff alleges that because Legal Aid did not represent him in that case, he had to represent himself, and, thus, is entitled to damages caused by the alleged loss of that case by his own "ineffective assistance of counsel." *Id.*

On November 2, 2011, Legal Aid makes its appearance, by and through counsel ("Counsel"), and files a Motion For Extension Of Time to respond to Plaintiff's Complaint. (Dkt. No. 13, 14). Prior to Legal Aid filing this motion, Counsel contacts Plaintiff by phone, introduces himself, and then, per Local Rule 6.2, attempts to ask Plaintiff if he intends to oppose a motion for extension of time for Legal Aid to respond to the Complaint. Plaintiff tells Counsel "I ain't telling you s__t," and then makes numerous expletives at Counsel. Counsel politely ends the conversation. Legal Aid files its Motion for Extension of Time, which is subsequently granted by the Court. (Text Only Order, 11/3/11). On November 22, 2011, Legal Aid timely files its Answer. (Dkt. No. 16). On November 22, 2011, the Court files its Initial Scheduling Order. (Dkt. No. 17).

On November 28, 2011, Plaintiff improperly files a Motion For Declaratory Relief seeking to have the Court declare him "disabled" within the meaning of the ADA, and declare Legal Aid a "place of public accommodation" under the ADA. (Dkt. No. 18). Plaintiff's Motion For Declaratory Relief is improper because, foremost, there is no such thing as a *motion* for declaratory relief; the law only permits a cause of action for declaratory relief, by which a complaint must be filed. *Kam-Ko Bio-Pharm Trading Co., Ltd. V. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009). Secondly, in violation of Local Rule 7.2, Plaintiff did not include a brief in support of his Motion For Declaratory Relief. Third, in violation of Rule 11 of the Federal Rules of Civil Procedure, the factual and legal contentions within Plaintiff's Motion are completely void of any evidentiary support and unwarranted by existing law.[1] Despite these failings, Legal Aid is forced to incur time and expenses in responding to Plaintiff's Motion. The Court denies Plaintiff's Motion For Declaratory Relief. (Dkt. No. 31).

Upon information and belief, on or about November 24, 2011, Plaintiff is arrested and incarcerated for domestic battery in the 1st degree for stabbing his father. During December 2011, Counsel attempts to contact Plaintiff to hold a Rule 26(f) Conference. (Exhibit A.) Counsel never hears from Plaintiff in response to these attempts. *Id.* On January 9, 2012, Plaintiff files a Motion Of Change Of Address And To Suspend Proceedings. (Dkt. No. 23). By this motion, Plaintiff changes his address to the Boone County Sheriff's Department, where he is incarcerated, and requests the Court to suspend these proceedings. *Id.* Aside from the change of address, Plaintiff's motion lacks any legal or procedural basis - a court cannot merely suspend a matter. Again, in

---

[1] See Dkt. No. 20 and 21 for Legal Aid's Response to Plaintiff's Motion For Declaratory Relief.

violation of Local Rule 7.2, Plaintiff fails to provide a brief in support of his motion. Again, Legal Aid is forced to incur time and money in responding to an improperly filed and baseless motion. (Dkt. No. 24). The Court denies Plaintiff's request to suspend the proceedings. (Text Only Order, 1/24/12).

On January 31, 2012, Counsel, not hearing from Plaintiff regarding the Rule 26(f) Conference, unilaterally files a Rule 26(f) Report. (Dkt. No. 28). Thereafter, the Court, on January 31, 2012, enters its Final Scheduling Order. (Dkt. No. 29). On February 23, 2012, Plaintiff files a Motion For Default asserting that Legal Aid has failed to provide their initial disclosures by the deadline, February 14, 2012, proposed by the Rule 26(f) Report. (Dkt. No. 33). Aside from the feasability of Plaintiff's argument regarding the timing of Legal Aid's initial disclosures – which Legal Aid asserts is without merit[2] – within Plaintiff's Motion For Default, Plaintiff asserts that Legal Aid is acting in bad faith, threatens to sue Legal Aid for $737 million, and represents to the Court that Counsel "refused" to accept Plaintiff's phone calls in an alleged attempt to resolve the discovery dispute. *Id.*

As demonstrated by Legal Aid's Response to Plaintiff's Motion For Default, Plaintiff's allegations of bad faith lack evidentiary support and good faith. (Dkt. No. 34). Moreover, Plaintiff's representation to the Court that Counsel "refused" to accept Plaintiff's phone call is false. Plaintiff's purported good faith phone call was a collect phone call from an unidentified caller at the Boone County Jail made to Counsel's firm receptionist, which she declined. *Id.* Once again, Legal Aid is forced to incur legal fees in responding to an unnecessary and baseless motion. (Dkt. No. 34).

---

[2]Legal Aid's argument regarding the timing of the initial disclosures is more fully addressed within Legal Aid's Response To Motion For Default, Dkt. No. 34. As telling of the frivolousness of Plaintiff's argument regarding Legal Aid's allegedly late initial disclosures, to date, Plaintiff has failed to provide his initial disclosures to Legal Aid. *Id.*

On February 28, 2012, Plaintiff files a Supplement To Motion For Default. (Dkt. No. 36). This supplemental motion adds nothing to Plaintiff's argument and is unnecessary. On March 6, 2012, Plaintiff files yet another Supplement To Motion For Default. (Dkt. No. 40). By his first and second supplemental motions, Plaintiff, again, fails to provide a brief in support of his motions. By his second supplemental motion, Dkt. No. 40, Plaintiff asserts baseless allegations aimed at the sufficiency of Legal Aid's discovery responses. *Id.* Therein, Plaintiff demonstrates the frivolousness of his arguments regarding the sufficiency of Legal Aid's objections to Plaintiff's Discovery Requests stating: "no they are not" when responding to Legal Aid's objection based on vagueness and ambiguity; "are the Defendants retarded?" regarding Legal Aid's objection that it has no personal knowledge of certain alleged acts Plaintiff inquired about by his discovery; "they are hypocrites" and they need to "put down their twinkies" when arguing against Legal Aid's objection based on the burdening nature of Plaintiff's discovery requests, and; "shut up" when faced with Legal Aid's relevancy objection. Aside from these improper, unprofessional statements, Plaintiff fails to provide any legal or factual basis to support his second supplemental motion. Still, once again, Legal Aid is forced to incur time and legal fee in responding to Plaintiff's unnecessary and baseless motions. (Dkt. No. 34, 35).

Thereafter, Plaintiff improperly files a Reply to Legal Aid's Response To Motion For Default. Contrary to the Court's Final Scheduling Order, Dkt. No. 29, a "reply" is not allowed without leave of court. Plaintiff failed to seek the Court's leave to file the reply. Legal Aid moves the Court to disregard Plaintiff's improper reply. (Dkt. No. 45, 46).

On March 6, 2012, Plaintiff files a Motion For Partial Summary Judgment. (Dkt. No. 37 - 39). Therein, Plaintiff asserts that summary judgment is appropriate on his retaliation claim and

alleged damages arising therefrom. *Id.* Plaintiff argued that Legal Aid retaliated against him by not representing him in an appeal because he has filed his Complaint herein. *Id.* Yet, as required by law, Plaintiff fails to provide any legal basis or proof – other than his self-serving allegations and superficial research references – to support that Legal Aid did not represent him in this appeal *because* of some discriminatory, retaliatory animus. (See Dkt No. 47-49 for Legal Aid's Response To Plaintiff's Motion For Partial Summary Judgment). By his summary judgment motion, Plaintiff, further, again without proof or legal basis, incredulously requests compensatory damages in the amount of $6,094,000 and punitive damages in the amount of $60,940,000. *Id.* Legal Aid files a response to Plaintiff's baseless summary judgment motion. (Dkt. No. 47, 48, and 49).

Plaintiff's frivolous and abusive behavior is also reflected in his discovery requests to Legal Aid. Plaintiff has served Legal Aid with three separate sets of discovery. (Exhibit B, C and D). Although some of Plaintiff's specific discovery requests are respectable, many are incoherent, irrelevant, or exceed the scope of discovery as provided by the Federal Rules of Civil Procedure. For example, by his first discovery requests, Plaintiff confusingly asks Legal Aid to explain why it "didn't do all the things" it "admit[s] to not doing." (Exhibit B, Interrogatory No. 2). As further example, by his Second Set Of Requests For Admissions, Plaintiff requests Plaintiff to admit "Admission #6 occurred because of Admission #4."; that "A person without Asperger Syndrome likely would not have offended you so easily (remember uncontroverted fact #5)."; that "You knew that federal laws trump state laws whenever they conflict."; and that "But for #29, I would not have been arrested." (Exhibit D). Plaintiff's Second Set Of Requests For Admission further asks for irrelevant admissions regarding Plaintiff's alleged crime against his father. Such discovery requests are clearly contrary to the Federal Rules 26, 33 and 36's requirements regarding relevancy, scope,

and form and specificity of discovery requests. Still, Legal Aid incurs additional legal fees in attempting to interpret and provide meaning to Plaintiff's poorly written discovery requests in order to provide a good faith response to same.

Plaintiff's correspondence with Counsel has, likewise, been unprofessional, without merit, harassing, and borders upon threats and attempted blackmail. (Exhibits E, F, G and H). On or about February 18, 2012, Plaintiff writes Counsel asserting that Legal Aid's allegedly late initial disclosures "is simply unacceptable and reeks of incompetence, and/or malice on the part of the Defense Counsel, and you deserve to be punished for it." (Exhibit E). On or about February 28, 2012, Plaintiff writes Counsel objecting to Legal Aid's discovery responses stating, among other things, "you're a lazy piece of s__t who's too damned good to do a little detective work of your own." (Exhibit F). On or about March 5, 2012, Plaintiff writes Counsel offering to settle the matter for an absurd $60,000,000. (Exhibit G). By this last letter, Plaintiff crudely suggests, in order for Legal Aid to raise funds to pay for the settlement, that Legal Aid charge all future clients a small retainer, terminate certain attorneys and then sue them, and cut salaries across the board. *Id.* On or about March 7, 2012, Plaintiff writes Counsel, again, trying to convince Legal Aid to settle the matter, and, as reason therefor, asserts that he could see to it that Legal Aid goes to jail if they do not settle because they committed perjury. (Exhibit H). By this letter, Plaintiff states:

> That is only one of the proofs you gave me that you were f__ing lying (and yes the profanity is necessary) when you denied that I am disabled. And when I say "you," that includes specifically you, Dixon, because you obviously failed to perform a due diligence investigation. By accepting my settlement offer, your client not only gets to stay in business, but also gets to keep its sorry a_s out of jail.

*Id.*

Legal Aid has, in good faith, notified Plaintiff of his improper behavior in an attempt to resolve these issues without need of the Court's intervention. (Exhibit I and J). No response has ever been received from Plaintiff in response to these attempts.

**II.    APPLICABLE LAW AND ARGUMENT**

The Court has inherent powers to levy sanctions, including monetary sanctions, when a party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Roadway Express, Inc., v. Piper*, 447 U.S. 752, 766 (1980). The Court's inherent powers to sanction applies equally to pro se litigants. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. Cal.*, 422 U.S. 806, 834 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.").

Additionally, Rule 11(b) of the Federal Rules of Civil Procedure specifically prohibits a party from engaging in conduct for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." To effectuate its purpose, Rule 11(b) requires that a party's legal contentions and arguments must be warranted by existing law, and that a party's factual contentions must have evidentiary support. Fed. R. Civ. Pro. 11(b). Rule 11, likewise, applies to pro se litigants. See Rule 11 Advisory Committee Notes 1983 and 1993 Amendments. Under Rule 11(c), a court may issue sanctions against a party for its violation of Rule 11. The sanctions may include "nonmonetary directives... or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

In order to comply with Rule 11 and avoid sanctions thereunder, a pro se party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990). As clearly shown above, Plaintiff has a history of filing frivolous claims and abusing the judicial process. Indeed, Plaintiff has been warned by other courts of the meritless and baseless claims he has made. Staying true to form, here, Plaintiff's motion, discovery and correspondence practice completely lacks any objective reasonableness, proper purpose, or merit. Rather, in violation of case law and Rule 11, Plaintiff's conduct has been wanton, harassing, caused unnecessary delay, and needlessly increased the cost of litigation. Plaintiff's motions are procedurally improper, and woefully factually and legally inadequate. His discovery is largely convoluted and irrelevant. His correspondence is unprofessional and harassing.

Because of Plaintiff's improper behavior, Legal Aid is entitled to an order sanctioning Plaintiff in the form of attorney's fees, and a protective order barring Plaintiff from filing any motion in this matter or serving any communication or discovery requests upon Legal Aid that lacks arguable merit, a good faith basis in law and fact, and professional decorousness, and, should Plaintiff violate said order, subject Plaintiff to risk of dismissal of his case with prejudice.

### III. CONCLUSION

Wherefore, Legal Aid of Arkansas request the Court to grant its Motion For Protective Order and Sanctions, attorney's fees and costs, and any and all other relief to which it may be entitled.

LEGAL AID OF ARKANSAS

BY: /s/ J. David Dixon
     Don A. Taylor          #89139
     J. David Dixon         #05251
     DAVIS, CLARK, BUTT, CARITHERS
        & TAYLOR, PLC
     19 E. Mountain Street
     P.O. Box 1688
     Fayetteville, AR 72702-1688
     Telephone: (479) 521-7600
     Facsimile: (479) 521-7661
     Email: ddixon@davis-firm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 10th day of April, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins
123 W. Rodge St., Apt D
Harrison, AR 72601

By: /s/ J. David Dixon
     Don A. Taylor          #89139
     J. David Dixon         #05251
     DAVIS, CLARK, BUTT, CARITHERS
        & TAYLOR, PLC
     19 E. Mountain Street
     P.O. Box 1688
     Fayetteville, AR 72702-1688
     Telephone: (479) 521-7600
     Facsimile: (479) 521-7661
     Email: ddixon@davis-firm.com