U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 16 2012

CHRIS R. JOHNSON, Clerk
By
              Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                PLAINTIFF

VS                            CASE NO. 11-3057

LEGAL AID OF ARKANSAS                            DEFENDANTS

## RESPONSE IN OPPOSITION TO
## MOTION FOR PROTECTIVE ORDER AND SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following response in opposition to Defendant's Motion for Protective Order and Sanctions.

First of all, FRCP 11 – which appears to be the rule that Defendant attempts to invoke in its attempt to have me sanctioned – requires that all motions for sanctions under that rule must be made separately from other motions. Here, Defendant attempts to join a motion for sanctions with a motion for a protective order. This is directly contrary to the separation requirement imposed by FRCP 11, and, just by that reason alone, should be denied as improperly filed.

Defendant's motion for sanctions requests redundant relief. Defendant seeks sanctions "in the form of attorneys fees." However, if they win this case, they are entitled to recover attorneys' fees, anyway. See 42 U.S.C. § 2000a-3(b). Sanctions of this nature are unnecessary.

Defendant also asks for a protective order, but provides no objective standard for that order. They ask that I be prohibited from filing "baseless" motions, but provide no definition for "baseless." Defendant complains about how my discovery requests are incoherent, yet they expect everyone else to magically read their minds about vague terms that are undefined? Shenanigans!

If the demand is not vague or lacks a definition, the definition is even more oppressive than the alleged evil (and I emphasize the "alleged" in this case) they hope to defeat. My

motions are all filed in good faith; sometimes they fail, but that does not make them "frivolous." In essence, Defendant is asking that I be ordered to cease and desist my filing of motions, unless those motions are granted. Such a standard is impossible to meet, because the only way to *know* if the motion is granted is to file it, first.

Last but not least, Defendant requests protection from their "vague," "ambiguous," and "overly broad." However, as Defendant itself demonstrates by the exhibits it attaches to its motion, I challenged them to qualify these objections by explaining the ambiguity.

> "If (and this is a big if) you can qualify these objections by giving at least two reasonable interpretations to each, I would be more than happy to clarify them."

As you may have guessed, Defendant failed this challenge. In fact, they flatly rejected it. I have misplaced the letter they sent me, but if they object to this accusation, they may produce that letter in their reply to this response to prove me wrong. In their response to that letter, they flatly told me that they were not going to clarify, justify, or supplement jack squat. Defendant should not be allowed to prevail on a motion to compel discovery, let alone a motion for a protective order, if they cannot qualify their objections! It seems that their actions are attributable to exactly what I accused them of: Laziness.

Wherefore, premises considered, I respectfully request that the motion for protective order and sanctions be denied.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
1223 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701