IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS            PLAINTIFF

VS            CASE NO. 11-3057

LEGAL AID OF ARKANSAS            DEFENDANTS

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for summary judgment, as to my discrimination claim.

On March 13, 2012, I served Defendant with a second request for admissions. See Document #44. On April 10, 2012, Defendant filed a motion, and enclosed the Request for Admissions which I sent them on that date as Exhibit D to that motion. See Document #55. The 30-day time limit for responding to the request for admissions began on March 14, 2012. See FRCP 6(a)(1)(A). Therefore, the deadline to respond to the request for admissions was April 13, 2012 (since March has thirty-one days in it, the deadline is calculated by going forward one month, and subtracting one day).

Despite Defendant admitting to having received the request for admissions, it did not respond to it within the allotted time, as evidenced by the lack of a certificate of service uploaded to the ECF, and also by the fact that I simply don't have it. Defendant mentioned that some of these requested admissions are vague and incoherent, but they did not raise these objections in their response to the request for admission, a response which, I reiterate, does not exist. Therefore, all the facts included in that request for admissions are admitted by default. See FRCP 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney"). By nature of them being

admitted, that means that they are conclusively established. See FRCP 36(d) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended").

This ignored request for admissions, combined with my previous discovery, gives me enough evidence to entitle me to partial summary judgment as to my discrimination claim.

Wherefore, premises considered, I respectfully request that award me $80,000, simultaneously grant the mtoion for partial summary judgment, entitling me to $6,094,000 (making for a grand total relief of $6,174,000), award costs incurred, and award other relief that the Court finds appropriate.

It is so requested on this 14th day of April, 2012.

*David S Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com





