## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                        **PLAINTIFF**

**VS**                                       **CASE NO. 11-3057**

**LEGAL AID OF ARKANSAS**                                      **DEFENDANTS**

### BRIEF IN SUPPORT OF MOTION FOR
### PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in support of my motion for summary judgment.

### Background

In February of 2012, I used Defendant's services in an eviction matter which I was facing a the time. At that time, they were made aware of my Asperger Syndrome, and Linda Brown admitted that I have it (not that I just "claim" to have it) when she was drafting the summary of my case for the other lawyers at Defendant's firm.

However, on June 16, 2011, Defendant sent me a letter advising that they would no longer represent me in the eviction action which I faced. I sent them a letter asking for their reconsideration, and something offended them in that letter, and so they sent me another letter vowing to never represent me again in any matter. However, by Defendant's own default admission, if I did not have Asperger Syndrome, I would not have offended them so easily. This suit ensued.

### Argument

To support a claim of discrimination in violation of Title III of the Americans with Disabilities Act, I must prove the following elements:

1. I am otherwise qualified to receive Defendant's services.

2. Defendant is a "privately-owned place of public accommodation."

3. I have a disability.

- The term "disability" means, with respect to an individual (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.   See 42 USC § 12102(1).

4. I was "discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of" the defendant. See 42 U.S.C. § 12182(a).  Discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to" to me.  See 42 U.S.C. § 12182(b)(2)(A)(ii).

Uncontroverted Fact #2 establishes element #1.

Uncontroverted Fact #1 established element #2.

Element #3 is established by joint observation of Uncontroverted Facts #10 and #11.
Lina Brown stated that I *have* Aspergers (not that I merely "claim" to have it, but that I simply *have* it), and mailed a letter to my now-former landlord stating that I am a "qualified individual with a disability."  Since no other disability is mentioned, that has to be the one they were talking about.  Therefore, I meet the third definition of a disability:  Being *regarded* by Defendant as being disabled.

Element #4 is a bitter more complicated, but is still established.  Defendant admits that, having Aspergers, I tend to offend people by accident sometimes.  See Uncontroverted Fact #7.  This happened in my letter asking them to reconsider their decision to not represent me any

further, and yet Defendant completely ignored the fact that that the tactlessness was a symptom of my disability, and proceeded to drop me from their clientele altogether, as evidenced by Uncontroverted Fact #8.

This establishes the case of discrimination. However, there is monetary equivalent to retrospective injunctive relief that I need to request. Notice how I said "monetary equivalent to retrospective injunctive relief." In Title III of the ADA, damages are not allowed unless the federal department of justice is getting directly involved. However, that does not apply to when true retrospective injunctive relief is impossible to provide. A good example of such a thing is front pay in an employment discrimination case: The Eighth Circuit has held that front pay is the monetary equivalent of injunctive relief, where true injunctive relief is impossible to provide. For some reason, I cannot seem to find this case, anymore, but hopefully, if I describe it to the Court, the Court may recognize it.

It concerned a person who was discriminated by a school district, and he won the case. He was awarded back pay, but also the school was ordered to hire him as soon as an opening became available. However, the District Court declined to award front pay, because it felt it was without legal authority to award both reinstatement and front pay at the same time. The Eighth Circuit reversed, holding that front pay was the same as reinstatement.

Since reinstatement is injunctive relief, that means that front pay is equal to injunctive relief. Therefore, I am still entitled to recover monetarily against Defendant if injunctive relief is impossible. To that end, Uncontroverted Fact #14 entitles me to "monetary injunctive" relief in the amount of $80,000.

### Conclusion

This motion for partial summary judgment, coupled with my previous one, leaves only

the first retaliation claim (that is, Defendant's refusal to represent me *on appeal*, as opposed to their refusal to represent me in the abuse of process suit) that remains in dispute.

Wherefore, premises considered, I respectfully request that Plaintiff's Second Motion for Partial Summary Judgment be granted.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com