

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                               PLAINTIFF

VS                              CASE NO. 11-3057

LEGAL AID OF ARKANSAS                            DEFENDANTS

### BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in opposition to Defendant's motion for partial summary judgment.

Before I begin the argument proper, allow me to apologize for the lack of timeliness in filing this response. Because Defendant has been mailing its documents to the wrong address, I have not received the motion. I only knew of this motion when Defense Counsel, in an email, told me that the motion existed, prompting me to view it on Pacer. Therefore, please excuse my failure to respond to it.

I should start off the merits of Defendant's motion by pointing out – just in case Defendant has missed this – that there are actually *two* retaliation claims in this case. The first one is their refusal to represent me on appeal, and this retaliation claim was introduced in Document #5 of this case. The second retaliation claim was their failure to represent me in the abuse of process claim; the second retaliation claim was introduced in Document #11 of this case, a motion for leave to file an amended complaint that was granted by text only order the same day that it was filed.

On March 6, 2012, I filed a motion for partial summary judgment as to the *second* retaliation claim. Defendant responded with a straw man, thinking that the motion was for summary judgment as to the *first* retaliation claim. Now, Defendant moves for partial summary

judgment as to both retaliation claims.

Defendant claims that I have offered no proof that its "legitimate, non-retaliatory reasons" for their refusal to represent me were pretextual. Defendant also attempts to introduce evidence to controvert their admission of injury.

Defendant's motion for partial summary judgment as to the first retaliation claim is premature. As I have previously established, their "conflict of interest" excuse is a frivolous pile of drivel that even small children can tell you is ridiculous. However, as to the first retaliation claim, Defendant has two other excuses for their failure to represent me that they hope to fall back on: The fact that the case was not ripe for appeal, and the fact that they only represent clients on appeal who they represented in the circuit court.

Both of these alternative excuses are erroneous. Defendant's claim that my case was not ripe for appeal does not explain their refusal to represent me on appeal *after* the case *became* ripe for apeal. Defendant's excuse falls apart at the seems when you realize that the lack of ripeness was only a temporary problem, whereas Defendant flatly told me that their refusal to represent me was permanent.

Defendant's excuse that they did not represent me in the trial court is also erroneous. Why? Because their refusal to represent me in the trial court is, itself, discriminatory. In fact, their refusal to represent me in the trial court itself forms the basis of the original complaint, Document #1 in this case.

Both of these alternative excuses are not ripe for a motion for partial summary judgment. Defendant argues that I "offer no proof" that these alternative excuses are pretextual, but they fail to realize that the discovery is not over yet; I still may yet offer proof; they are not giving me the opportunity to do so.

Speaking of them not giving me the opportunity, that is another reason why I do not yet have the proof I need to support a motion for *total* summary judgment; Defendant is not cooperating with my discovery attempts. For details, please see Plaintiff's Motion for Default or in the Alternative for Sanctions or in the Alternative to Compel Further Cooperation, and the supplements I filed to that motion, which I hereby incorporate by reference.

Therefore, Defendant's motion for partial summary judgment as to the first retaliation claim should be denied as premature. Give me full discovery, and if I *still* cannot offer proof, after *full* discovery is obtained, then so be it, but only after ONE HUNDRED PERCENT of discovery is completed.

I next address Defendant's motion for partial summary judgment as to the second retaliation claim. Defendant argues that my evidence of proximate cause as to my $6,094,000 injury is "at best, tenuous." However, the evidence it offers in support of its claim is inadmissible for failure to give the opposing party adequate notice, and should therefore be disregarded pursuant to FRCP 56(c)(2).

Even assuming the evidence is not inadmissible under FRCP 56(c)(2), it *is* inadmissible under FRCP 36(d). As previously established in my own motion for partial summary judgment (which I hereby incorporate by reference), Defendant has admitted by default to the injury and proximate cause. FRCP 36(d) states, in pertinent part, the following:

> "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

Notice how it states "on motion." Other provisions of the Federal Rules of Civil Procedure, such as FRCP 26(b)(2)(C), give the Court the authority to do various things "on

motion or on its own." However, Rule 36(d) does not state "or on its own." Therefore, this Court is without authority to allow a withdrawal or amendment to an admitted act *sua sponte*.

Of course, even if the Defendant were to file a motion to withdraw their response or to amend it, the motion should be denied. Defendant is culpable in their failure to adequately investigate the requested admissions in time to serve me with a timely denial. For that reason, it is their fault that the requested admissions are admitted by default.

Therefore, Defendant's default admission to injury and proximate cause, as outlined in my motion for partial summary judgment overrides any other evidence that Defendant can possibly introduce.

For these reasons, Defendant's motion for partial summary judgment as to the second retaliation claim should be denied. This brings us full circle, resulting in only one proper conclusion: Defendant's motion for partial summary judgment, in its entirety, should be denied.

Wherefore, premises considered, I respectfully request that Defendant's motion for partial summary judgment be denied.

David Stebbins<br>
123 W. Ridge Ave.<br>
APT D<br>
Harrison, AR 72601<br>
870-204-6516<br>
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72601