request for admissions

1. On June 16, 2011, you sent me a letter advising me that you would no longer represent me in my eviction matter.
2. In said letter, you expressedly invited me to contact you for further inquiries.
3. On June 18, I sent you a letter via fax asking for to you to reconsider your decision not to represent me.
4. Something in that letter offended you.
5. A person without Asperger Syndrome likely would not have offended you so easily (remember uncontroverted fact #5).
6. On June 20, 2011, you sent me a letter via first class mail vowing to never again assist me in any legal matter.
7. Admission #6 occured because of Admission #4.
8. On February 22, 2011, you received my request for legal services.
9. When summarizing my case, Lina Brown stated that I have Asperger's, not that I just "claim" to have it.
10. On March 16, 2011, you sent a letter to Stephanie Sanders - my landlord's property manager at the time - flatly admitting, point blank, that I am a "qualified individual with a disability."
11. On September 6, 2011, you sent me a letter stating that you will not represent me


EXHIBIT A

in "any case" while I am suing you.

12. At the time, you knew that the suit I had filed against you was for discrimination.

13. You also knew that it was illegal to refuse to provide reasonable accommodations for a disabled ~~person~~ client.

14. You also knew that it was illegal to discriminate against a person because he has filed a lawsuit - even if it is against you - for discrimination.

20. You knew that conflicts of interest were created at the state level.

21. You knew that the Americans with Disabilities Act was a federal statute.

22. You knew that federal laws trump state laws whenever they conflict.

23. The appeal you refused to take ~~is the same~~ on Sept. 6, 2011 is the same as the case you refused to take on June 16 & 20, 2011.

24. Other than the June 18 fax, nothing else could have possibly triggered your change in attitude between June 16 and June 20.

~~23. Had it not been for the eviction you could have prevented, I would not have been forced to seek ~~refuge~~ with my parents.~~
~~26. But for ~~Adams~~~~

25. When you represented me against my landlord, the eviction was stopped.

26. When you did not represent me, the eviction was upheld.
27. Therefore, but for your failure to represent, I would not have been evicted.
28. But for Admission #27, I would not have been forced to seek refuge with my parents.
29. But for #28, I would not have been framed for any crime in any believable way.
30. But for #29, I would not have been arrested.
31. But for #30, my SSI would not have been suspended. Remember Uncontroverted Fact #5.
32. But for #28, I would not have been forced to "voluntarily" non-suit my lawsuits against my parents, Rita F. and David D. Stebbins.
33. Said lawsuits totaled $80,000.
34. When I sued Harp + Assoc., my former landlord, for abuse of process, service of process would likely have gone off without a hitch if I were represented by ~~coun~~ counsel.
35. The very thing that qualified me for your services in the first place - my indigency - @ means that I cannot afford ~~counsel to the~~ other counsel.
36. My abuse of process suit spoken of in #34 was for $6,094,000.

    I hope to have these answers soon, maybe even simultaneously with your response to my motion for PSJ.
    Also, please remember your duty to supple-

ment your discovery responses. This includes Interrogatories #1 & 2, and RFP #2.

sincerely
David Stebbins

Here are some more requests for Admissions:

37. Chris Jenkins knew of my lawsuits against my parents.
38. Jenkins is the paralegal for your Harrison branch.
39. Jenkins did not think that my lawsuits against my parents were frivolous.
40. Therefore, it was reasonable to have expected that your other officers would not have found it frivolous.
41. My letter for reconsideration dated June 18, 2011 asked you to represent me in a counter-claim against Harp & Assoc. that was substantially similar to my lawsuits against my parents.
42. Because of Admissions #37-41, that means you did not drop me from your clientel* because you felt my case was frivolous.

* On June 20, 2011.

David Stebbins
5800 Law Dr.
Harrison, AR 72601

David Dixon
P.O. Box 1688
Fayetteville, AR 72702