# DAVIS, CLARK, BUTT, CARITHERS & TAYLOR, PLC

ATTORNEYS AT LAW
19 EAST MOUNTAIN ST.
P. O. BOX 1688
FAYETTEVILLE, ARKANSAS 72702-1688
PHONE (479)521-7600
FAX (479)521-7661
http://www.davis-firm.com

SIDNEY P. DAVIS, JR.
CONSTANCE G. CLARK
WM. JACKSON BUTT II
KELLY CARITHERS
DON A. TAYLOR
CASEY D. LAWSON
JOSHUA D. McFADDEN
COLIN M. JOHNSON

J. DAVID DIXON
WILLIAM F. CLARK

**WRITER'S DIRECT E-MAIL**
ddixon@davis-firm.com

April 12, 2012

RE:   David Stebbins v. Legal Aid of Arkansas; United
      States District Court, Western District of
      Arkansas - Case No. 11-3057

Mr. David Stebbins
123 W. Rodge St., Apt D
Harrison, AR 72601

Dear Mr. Stebbins:

Enclosed please find Defendant's Responses to Plaintiff's Requests for Admissions in the above-referenced matter.

Should you have any questions, please feel free to contact me.

Sincerely,

DAVIS, CLARK, BUTT, CARITHERS
& TAYLOR, PLC

J. David Dixon

JDD/sks
Enclosures


EXHIBIT
C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                    PLAINTIFF

vs.                              Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                            DEFENDANT

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and, after reasonable inquiry,

for its Responses to Plaintiff's Requests for Admissions, states and alleges as follows:

REQUEST FOR ADMISSION NO. 1: On June 16, 2011, you sent me a letter advising me

that you would no longer represent me in my eviction matter.

RESPONSE: Denied as written. Defendant admits that, by letter dated June 16, 2011, it

communicated to Plaintiff that he was no longer being evicted; that Plaintiff's landlord was choosing

to not renew his lease agreement; that Defendant was, thereby, concluding its services to Plaintiff.

REQUEST FOR ADMISSION NO. 2: In said letter, (sic) expressly invited me to contact

you for further inquiries.

RESPONSE: Objection. Plaintiff's request violates Rule 36 of the Federal Rules of Civil

Procedure as it improperly incorporates other responses to requests for admission and fails to state

each matter separately and with specificity, and is unduly vague and ambiguous. Without waiving

and subject to said objections, Defendant denies the request as written. Defendant admits that the

June 16, 2011 letter to Plaintiff stated, among other things, that "If your situation changes or you

need legal assistance in the future on another matter, please contact the HelpLine at 1-800-9 LAW

AID (1-800-952-9243) to reapply for service."

REQUEST FOR ADMISSION NO. 3: On June 18, I sent you a letter via fax asking for you to reconsider your decision not to represent me.

RESPONSE: Denied as written. Defendant admits that on or about June 18, 2011, it received a fax from Plaintiff stating, among other things, that "I implore you to reconsider your refusal to help me in this case..."

REQUEST FOR ADMISSION NO. 4: Something in that letter offended you.

RESPONSE: Objection. Plaintiff's request violates Rule 36 of the Federal Rules of Civil Procedure as it improperly incorporates other responses to requests for admission and fails to state each matter separately and with specificity, and is unduly vague and ambiguous. Without waiving and subject to said objection, Defendant denies the request.

REQUEST FOR ADMISSION NO. 5: A person with Asberger Syndrome likely would not have offended you so easily (remember uncontroverted fact 35).

RESPONSE: Objection. Defendant's request is unduly vague and ambiguous as it fails to set forth a coherent request, and references a hypothetical person with Asperger's Syndrome and an ambiguous "uncontroverted fact 35."

REQUEST FOR ADMISSION NO. 6: On June 20, 2011, you sent me a letter via first class mail vowing to never again assist me in any legal matter.

RESPONSE: Admitted in part and denied in part. Defendant admits that it sent a letter to Plaintiff on June 20, 2011. Defendant states that, after it agreed to represent Plaintiff only in regard to his eviction matter, Plaintiff requested Defendant to represent him in numerous other cases he had previously filed pro se. Defendant states that Plaintiff had not completed the necessary application

for legal representation required for Defendant to consider providing legal representation to Plaintiff for those pro se cases. Defendant states that the June 20, 2011, letter addressed only those pro se cases which Plaintiff had, subsequent to Defendant's decision to represent Plaintiff in the eviction matter, requested representation for, but failed to fill out an application for legal representation. Defendant denies that it would have never represented Plaintiff in any legal matter. Defendant states that it would have considered any application for legal representation properly made by Plaintiff.

REQUEST FOR ADMISSION NO. 7: Admission #6 occurred because of Admission #4.

RESPONSE: Objection. Plaintiff's request violates Rule 36 of the Federal Rules of Civil Procedure as it improperly incorporates other responses to requests for admission and fails to state each matter separately and with specificity, and is unduly vague and ambiguous. Defendant further objects to the request because Defendant's response to Request for Admission No. 4 was denied, thus, the current request is inapplicable. Without waiving and subject to said objection, Defendant denies the request.

REQUEST FOR ADMISSION NO. 8: On February 22, 2011, you received my request for legal services.

RESPONSE: Denied as written. Defendant admits that on or about February 22, 2011, it received Plaintiff's request for legal services regarding only an eviction matter with Harp & Associates.

REQUEST FOR ADMISSION NO. 9: When summarizing my case, Lina Brown stated that I have Asperger's, not that I just "claim" to have it.

RESPONSE: Admitted. Defendant denies that Lina Brown is qualified to opine as to whether Plaintiff actually suffers from Asperger's Syndrome.

REQUEST FOR ADMISSION NO. 10: On March 16, 2011, you sent a letter to Stephanie Sanders - my landlord's property manager at the time - flatly admitting, point blank, that I am a "qualified individual with a disability."

RESPONSE: Denied as written. Defendant admits that a letter dated March 16, 2011, was sent to Stephanie Sanders stating, among other things, that "As you are aware, Mr. Stebbens is a qualified individual with a disability, as defined by the Fair Housing Amendments Act of 1988."

REQUEST FOR ADMISSION NO. 11: On September 6, 2011, you sent me a letter stating that you will not represent me in "any case" while I am suing you.

RESPONSE: Denied as written. Defendant admits that on September 6, 2011, it sent a letter to Plaintiff stating, among other things, that "It would be a clear conflict of interest to take any case for you at the same time as you are bringing an action against us."

REQUEST FOR ADMISSION NO. 12: At the time, you knew that the suit I had filed against you was for discrimination.

RESPONSE: Objection. Plaintiff's request violates Rule 36 of the Federal Rules of Civil Procedure as it improperly incorporates other responses to requests for admission and fails to state each matter separately and with specificity, and is unduly vague and ambiguous. Without waiving and subject to said objections, Defendant admits that, at the time Marshall Prettyman wrote the September 6, 2011 letter, he was unaware of the exact nature of Plaintiff's suit. Defendant admits that other representatives of Defendant understood that Plaintiff's suit was based on discrimination.

REQUEST FOR ADMISSION NO. 13:  You also knew that it was illegal to refuse to provide reasonable accommodations for a disabled client.

RESPONSE: Objection.  Plaintiff's request is unduly vague and ambiguous as it asks Defendant to speak to its knowledge of an erroneous conclusion of law.  Without waiving and subject to said objections, Defendant denies the request, but admits that it is familiar with the Americans With Disabilities Act and its requirement for covered entities to provide reasonable accommodations to certain individuals in certain situations.

REQUEST FOR ADMISSION NO. 14:  You also knew that it was illegal to discriminate against a person because he has filed a lawsuit - even if it is against you - for discrimination.

RESPONSE:  Objection.  Plaintiff's request is unduly vague and ambiguous as it ask Defendant to speak to its knowledge of an erroneous conclusion of law, and misuses the term "discriminate."  Without waiving and subject to said objections, Defendant denies the request, but admits that it is familiar with the Americans With Disabilities Act and its provisions regarding retaliation.

(REQUESTS FOR ADMISSION NO. 15 - 19 are missing)

REQUEST FOR ADMISSION NO. 20:  You knew that conflicts of interest were created at the state level.

RESPONSE: Objection.  Plaintiff's request is unduly vague and ambiguous as it fails to clarify what "conflict of interest" the request refers.  Without waiving and subject to said objection, Defendant denies the request, but admits that an attorney must follow professional and ethical duties regarding conflicts of interest no matter if the conflict arises at the state or federal level.

REQUEST FOR ADMISSION NO. 21: You knew that Americans with Disabilities Act was a federal statute.

RESPONSE: Defendant admits that the American With Disabilities Act was and is a federal statute.

REQUEST FOR ADMISSION NO. 22: You knew that federal laws trump state laws whenever they conflict.

RESPONSE: Objection. Plaintiff's request is unduly vague and ambiguous as it ask Defendant to speak to its knowledge of an erroneous conclusion. Without waiving and subject to said objection, Defendant denies the request.

REQUEST FOR ADMISSION NO. 23:        The appeal you refused to take on Sept. 6, 2011 is the same as the case you refused to take on June 16 & 20, 2011.

RESPONSE: Denied in part and as written, and admitted in part. Defendant denies that it refused to represent Plaintiff by its June 16, 2011 letter. Defendant admits that the case referenced in its June 16, 2011 letter concerns the same adverse party as the appeal referenced in its September 6, 2011 letter. Defendant states that, at the time Marshall Prettyman drafted the September 6, 2011, letter, he had little knowledge of the underlying case upon which Plaintiff's appeal was based, except that it was an appeal from a preliminary finding of possession in a detainer action, and, therefore, not ripe for appeal. Marshall Prettyman was unaware of the appeal's association, if any, with Plaintiff's June 16 and 20, 2011 correspondence.

REQUEST FOR ADMISSION NO. 24: Other than the June 18 fax, nothing else could have possibly triggered your change in attitude between June 16 and June 20.

RESPONSE: Objection. Plaintiff's request is unduly vague and ambiguous, and fails to set forth a coherent request to which a response can be given.

REQUEST FOR ADMISSION NO. 25: When you represented me against my landlord, the eviction was stopped.

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO. 26: When you did not represent me, the eviction was upheld.

RESPONSE: Denied. Defendant states that an eviction is not the same as a landlord's decision to not renew a rental contract.

REQUEST FOR ADMISSION NO. 27: Therefore, but for your failure to represent, I would not have been evicted.

RESPONSE: Objection. Plaintiff's request violates Rule 36 of the Federal Rules of Civil Procedure as it improperly incorporates other responses to requests for admission and fails to state each matter separately and with specificity, and is unduly vague and ambiguous. Without waiving and subject to said objections, Defendant denies that it failed to perform any acts it had a duty to do so. Upon information and belief, Defendant states that Plaintiff was not evicted but was removed from his apartment for unlawful detainer.

REQUEST FOR ADMISSION NO. 28: But for Admission #27, I would not have been forced to seek refuge with my parents.

RESPONSE: Objection. Plaintiff's request violates Rule 36 of the Federal Rules of Civil Procedure as it improperly incorporates other responses to requests for admission and fails to state

each matter separately and with specificity, and is unduly vague and ambiguous. Defendant objects

to the requests because Defendant's response to Request for Admission No. 27 was denied, thus, the

current request is inapplicable. Defendant further states that it lacks sufficient information and

knowledge of Plaintiff's residence with his parents. Without waiving and subject to said objections,

Defendant denies the request.

REQUEST FOR ADMISSION NO. 29: But for #28, I would not have been framed for any

crime in any believable way.

RESPONSE: Objection. Plaintiff's request violates Rule 36 of the Federal Rules of Civil

Procedure as it improperly incorporates other responses to requests for admission and fails to state

each matter separately and with specificity, and is unduly vague and ambiguous. Defendant objects

to the requests because Defendant's response to Request for Admission No. 28 was denied, thus, the

current request is inapplicable. Defendant further states that it lacks sufficient information and

knowledge of any crimes committed by Plaintiff. Without waiving and subject to said objections,

Defendant denies the request.

REQUEST FOR ADMISSION NO. 30: But for #29, I would not have been arrested.

RESPONSE: Objection. Plaintiff's request violates Rule 36 of the Federal Rules of Civil

Procedure as it improperly incorporates other responses to requests for admission and fails to state

each matter separately and with specificity, and is unduly vague and ambiguous. Defendant objects

to the requests because Defendant's response to Request for Admission No. 29 was denied, thus, the

current request is inapplicable. Defendant further states that it lacks sufficient information and

knowledge of Plaintiff's arrest. Without waiving and subject to said objections, Defendant denies

the request.

REQUEST FOR ADMISSION NO. 31:    But for #30, my SSI would not have been suspended.  Remember Uncontroverted Fact #5.

RESPONSE:  Objection.  Plaintiff's request violates Rule 36 of the Federal Rules of Civil Procedure as it improperly incorporates other responses to requests for admission and fails to state each matter separately and with specificity, and is unduly vague and ambiguous.  Defendant objects to the requests because Defendant's response to Request for Admission No. 30 was denied, thus, the current request is inapplicable.  Defendant further states that it lacks sufficient information and knowledge of Plaintiff's SSI (assuming SSI means supplemental security income).  Without waiving and subject to said objections, Defendant denies the request.

REQUEST FOR ADMISSION NO. 32:  But for #28, I would not have been forced to "voluntarily" non-suit my lawsuits against my parents, Rita F. And David D. Stebbins.

RESPONSE:  Objection.  Plaintiff's request violates Rule 36 of the Federal Rules of Civil Procedure as it improperly incorporates other responses to requests for admission and fails to state each matter separately and with specificity, and is unduly vague and ambiguous.  Defendant objects to the requests because Defendant's response to Request for Admission No. 28 was denied, thus, the current request is inapplicable.  Defendant further states that it lacks sufficient information and knowledge of Plaintiff's lawsuit against his parents.  Without waiving and subject to said objections, Defendant denies the request.

REQUEST FOR ADMISSION NO. 33:    Said lawsuits totaled $80,000.00.

RESPONSE:  Objection.  Plaintiff's request violates Rule 36 of the Federal Rules of Civil Procedure as it improperly incorporates other responses to requests for admission and fails to state each matter separately and with specificity, and is unduly vague and ambiguous.  Defendant further

states that it lacks sufficient information and knowledge of Plaintiff's "said lawsuits." Without waiving and subject to said objections, Defendant denies the request.

REQUEST FOR ADMISSION NO. 34:    When I sued Harp & Assoc., my former landlord, for abuse of process, service of process would have likely gone off without a hitch if I were represented by counsel.

RESPONSE: Objection. Plaintiff's request is unduly vague and ambiguous. Defendant states that it lacks sufficient information and knowledge of Plaintiff's abuse of process claim and any difficulties with service of process regarding same. Without waiving and subject to said objections, Defendant denies the request.

REQUEST FOR ADMISSION NO. 35: The very thing that qualified me for your services in the first place - my indigency - means that I cannot afford other counsel.

RESPONSE: Objection. Plaintiff's request is unduly vague and ambiguous. Defendant states that it lacks sufficient information and knowledge of Plaintiff's current ability to afford counsel. Without waiving and subject to said objections, Defendant denies the request.

REQUEST FOR ADMISSION NO. 36: My abuse of process suit spoken of in #34 was for $6,094.00.00.

RESPONSE: Objection. Plaintiff's request violates Rule 36 of the Federal Rules of Civil Procedure as it improperly incorporates other responses to requests for admission and fails to state each matter separately and with specificity, and is unduly vague and ambiguous. Defendant further states that it lacks sufficient information and knowledge of Plaintiff's abuse of process suit. Without waiving and subject to said objections, Defendant denies the request.

REQUEST FOR ADMISSION NO. 37: Chris Jenkins knew of my lawsuits against my parents.

RESPONSE: Defendant states that Chris Jenkins is no longer in its employ, and, therefore, Defendant lacks sufficient information and knowledge as to what Chris Jenkins may or may not have known, and, thus, denies the request.

REQUEST FOR ADMISSION NO. 38: Jenkins is the paralegal for your Harrison branch.

RESPONSE: Denied in part and admitted in part. Defendant states that Chris Jenkins is no longer in its employ, but admits that Chris Jenkins was employed as a paralegal with Defendant during the time in question.

REQUEST FOR ADMISSION NO. 39: Jenkins did not think that my lawsuits against my parents were frivolous.

RESPONSE: Defendant states that Chris Jenkins is no longer in its employ, and, therefore, lacks sufficient information and knowledge as to what Chris Jenkins may or may not have thought, and, thus, denies the request. In any event, Defendant states that Chris Jenkins is not qualified to opine as to the merits or frivolousness of a legal case.

REQUEST FOR ADMISSION NO. 40: Therefore, it was reasonable to have expected that your other officers would not have found it frivolous.

RESPONSE: Objection. Plaintiff's request violates Rule 36 of the Federal Rules of Civil Procedure as it improperly incorporates other responses to requests for admission and fails to state each matter separately and with specificity, and is unduly vague and ambiguous. Without waiving and subject to said objections, Defendant denies the request.

REQUEST FOR ADMISSION NO. 41: My letter for reconsideration dated June 18, 2011 asked you to represent me in a counter-claim against Harp & Assoc. that was substantially similar to my lawsuits against my parents.

RESPONSE: Denied. Defendant denies that Plaintiff's June 18, 2011 letter addressed a counter claim against Harp & Associates. Defendant admits that Plaintiff's June 18, 2011 letter addressed, among other things, Plaintiff's attempt to enforce an alleged arbitration agreement against Harp & Associates. Defendant lacks sufficient information and knowledge as to Plaintiff's lawsuit against his parents, and, thus, denies same.

REQUEST FOR ADMISSION NO. 42:        Because of Admissions #37-41, that means you did not drop me from your clientel* because you felt my case was frivolous.

RESPONSE: Objection. Plaintiff's request violates Rule 36 of the Federal Rules of Civil Procedure as it improperly incorporates other responses to requests for admission and fails to state each matter separately and with specificity, and is unduly vague and ambiguous. Without waiving and subject to said objections, Defendant denies that it dropped Plaintiff from its clientele; Defendant admits that it provided legal services to Plaintiff only regarding his landlord's attempted eviction, and, upon completion of those legal services, Defendant concluded its representation of Plaintiff.

LEGAL AID OF ARKANSAS

By: _____

Don A. Taylor          #89139
J. David Dixon        #05251
DAVIS, CLARK, BUTT, CARITHERS
      & TAYLOR, PLC
19 E. Mountain Street
P.O. Box 1688
Fayetteville, AR  72702-1688
Telephone: (479) 521-7600
Facsimile: (479) 521-7661
Email: ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

I, J. David Dixon, state on oath that I have served a copy of the foregoing pleading to the following party in the foregoing matter by placing the same in the U.S. mail, postage prepaid, on this 12th day of April, 2012.

Mr. David Stebbins
123 W. Rodge St., Apt D
Harrison, AR 72601


_____
J. David Dixon

-13-