IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                        PLAINTIFF

vs.                          Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                       DEFENDANT

**BRIEF IN SUPPORT OF RESPONSE TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and for its Brief In Support Of Response to Plaintiff's Motion For Partial Summary Judgment, Dkt. No. 62, states and alleges as follows:

**I.     INTRODUCTION**

Plaintiff's Motion For Partial Summary Judgment is entirely premised upon his allegation that Legal Aid failed to respond to his Requests For Admissions. Plaintiff asserts that, because Legal Aid did not respond to his Requests For Admissions, all the requests are deemed admitted pursuant to the Federal Rules of Civil Procedure. Plaintiff then concludes that, based on those alleged established admissions, Legal Aid discriminated against him in violation of Title III of the American With Disabilities Act, and that he is entitled to $6,174,000 in damages. Plaintiff's argument is entirely premised upon these alleged default admissions.[1]

Legal Aid contends that its responses to Plaintiff's Requests For Admission were timely served to Plaintiff at the address reported by the Court's Electronic Filing System and that no

---

[1] For purposes of this motion only, Legal Aid presupposes that Plaintiff has a valid argument to establish discrimination were his requests for admissions to be deemed admitted. Legal Aid waives no such arguments, yet asserts that, even if Plaintiff's Requests for Admissions were deemed admitted, those admissions prove nothing.

admissions are conclusively established by procedural default. It was only upon Plaintiff's filing of his Motion For Partial Summary Judgment, that Legal Aid discovered that the address provided by Plaintiff's prior change-of-address filing had been incorrectly reported by the Court Clerk.

As explained below, Legal Aid's responses to Plaintiff's Request For Admission should be deemed timely served, and, thus, the specific requests for admissions therein should not be considered conclusively established by default. Therefrom, as Plaintiff's entire summary judgment argument is dependent upon the Requests For Admission being admitted by default, Plaintiff's Motion For Summary Judgment should, in turn, be denied and dismissed as a matter of law.

## II. BACKGROUND

On March 14, 2012, Plaintiff propounded his Requests For Admission on Legal Aid.[2] (Exhibit A). On April 23, 2012, a text only notice of change of address for Plaintiff was filed by the Court. (Exhibit B). The Court's notice listed Plaintiff's address as "123 Rodge St." *Id.* On April 12, 2012, Legal Aid timely served its responses to Plaintiff's Requests For Admissions at the 123 Rodge St. address. (Exhibit C).

On April 23, 2012, Plaintiff files his present Motion For Partial Summary Judgment asserting that Legal Aid has failed to respond to his Requests For Admissions, and, thus, by procedural default, all the therein requests are conclusively established. Plaintiff's Motion For Partial Summary Judgment is entirely premised upon the admissions being conclusively established by this alleged procedural default; Plaintiff argues no other facts to support the motion.

---

[2]Plaintiff's Certificate of Service, Dkt. No. 44, states that a service date of March 13, 2012, although inconsequential, the actual service date, as reflected by the post-mark date on the mailing envelope, see Exhibit A, is March 14, 2012.

Upon receipt of Plaintiff's Motion For Partial Summary Judgment, Legal Aid's counsel investigates Plaintiff's allegations, and discovers that the address listed by the Court's previous text only notice of Plaintiff's change of address, "123 Rodge St.," should have actually been "123 Ridge St." (Compare Exhibit B with Dkt. No 50). Relying upon the original notice of Plaintiff's change of address, Legal Aid timely served its responses to Plaintiff's Requests For Admission to the 123 Rodge St. address. (Exhibit C). Indeed, every pleading filed by Legal Aid after Plaintiff's change of address was sent to the 123 Rodge St. address. (Dkt. No 52, 53, 54, 55 and 56.) Apparently, on March 26, 2012, the text only order was modified to correct the mistaken address, yet no notice of this correction was provided to Legal Aid's counsel. (Dkt. No. 50 stating "Modified on 3/26/2012 to edit text (rw)").

On April 26, 2012, Legal Aid's counsel contacts Plaintiff, explaining the error, and requests Plaintiff to withdraw his motion. Plaintiff, staying true to form, refused to cooperate, and asserted baseless allegations of "discovery dodging." (Exhibit D). Also on April 26, 2012, Legal Aid sends Plaintiff, at his correct address, a copy of the previously served Responses to Requests For Admissions. (Exhibit D and E).

## II.   APPLICABLE LAW AND ARGUMENT

### A.   Equity And The Court's Discretion Require That Legal Aid's Responses For Requests For Admission Be Deemed Timely Served

It is well recognized that a court has the inherent equitable power to correct mistakes that arise from its operation. *Gagnon v. United States*, 193 U.S. 451 (1904); *Davis v. Liberty Mut. Ins. Co.*, 1999 U.S. App. LEXIS 27396, 3-4 (2d Cir. Vt. Oct. 25, 1999) (finding excusable neglect based on district court clerk's mistake); *see also* Rule 60(a) of the Federal Rules of Civil Procedure. A

court also has considerable discretion in determining whether a request for admission should be deemed admitted due to an alleged failure to timely respond. *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309 (8th Cir. 1983). Rule 36 of the Federal Rules of Civil "has never been interpreted so woodenly" to mandate that in every situation a request will be conclusively established if not answered or objected to within 30 days of service. *Banks v. Office of the Senate Sergeant-at-Arms & Doorkeeper*, 226 F.R.D. 113, 118 (D.D.C. 2005).

Here, there was *no* failure or untimely service of Legal Aid responses to Plaintiff's Requests For Admissions. Rather, apparently due to a clerk error, Legal Aid's responses were sent to an incorrect address. (Exhibit C). These circumstances are unfortunate, but, clearly, are not because of any fault or neglect of Legal Aid. Equity requires that this Court deem the Legal Aid's responses to Plaintiff's Requests For Admissions as timely served, and not admitted by default.

**B.     As Plaintiff's Motion For Partial Summary Judgment Is Entirely Predicated Upon Legal Aid's Admissions Being Conclusively Established By Default, Plaintiff's Motion Should Be Denied As A Matter Of Law**

By his Motion For Partial Summary Judgment, Plaintiff, mistakenly assuming that Legal Aid's admissions are conclusively admitted by default, argues that such admissions prove his case for discrimination. Plaintiff offers no other evidence to support his motion. As argued above, Legal Aid's responses were timely and are, thereby, not admitted by default. Removing that premise from Plaintiff's Motion For Partial Summary Judgment, requires the Court to deny Plaintiff's motion as a matter of law.

## III. CONCLUSION

Equity requires that Legal Aid's responses to Plaintiff's Requests For Admissions be deemed timely, and not admitted by default. Therefrom, equity further requires that Plaintiff's Motion For Partial Summary Judgment be denied as a matter of law.

In the event, the Court disagrees with Legal Aid's reasoning herein, it respectfully requests an additional 10 days, from entry of the Court's order to that effect, to respond to Plaintiff's substantive arguments.

WHEREFORE, Legal Aid of Arkansas prays that Plaintiff's Motion For Partial Summary Judgment be denied, for its attorney's fees and costs associated with the filing and argument of this motion, and for all other relief it may be entitled.

LEGAL AID OF ARKANSAS

BY: /s/ J. David Dixon
Don A. Taylor                #89139
J. David Dixon               #05251
DAVIS, CLARK, BUTT, CARITHERS
    & TAYLOR, PLC
19 E. Mountain Street
P.O. Box 1688
Fayetteville, AR 72702-1688
Telephone: (479) 521-7600
Facsimile: (479) 521-7661
Email: ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins
123 W. Ridge St., Apt D
Harrison, AR 72601

                                                      By:  /s/ J. David Dixon
                                                            Don A. Taylor          #89139
                                                            J. David Dixon          #05251
                                                            DAVIS, CLARK, BUTT, CARITHERS
                                                                  & TAYLOR, PLC
                                                            19 E. Mountain Street
                                                            P.O. Box 1688
                                                            Fayetteville, AR  72702-1688
                                                            Telephone: (479) 521-7600
                                                            Facsimile: (479) 521-7661
                                                           Email: ddixon@davis-firm.com