IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                                    PLAINTIFF

vs.                                            Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                                        DEFENDANT

### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and for its Reply to Plaintiff's Motion For Partial Summary Judgment, states and alleges as follows:

By his response, Plaintiff fails to provide any proof to rebut Legal Aid's Motion For Partial Summary Judgment. Specifically, Plaintiff fails to provide evidence to establish a prima facie case of retaliation, and fails to offer any evidence to show that Legal Aid's legitimate, non-retaliatory reasons for its alleged retaliatory decision were a pretext for retaliation. Rather, Plaintiff serves up meritless arguments concerning two separate retaliation claims, questions the admissibility of unidentified evidence, and argues that Legal Aid's motion is premature as discovery has not yet been completed. Plaintiff's arguments are addressed in turn.

    **A.**     **Plaintiff's So-Called First And Second Retaliation Claims**

Apparently, Plaintiff would have the Court believe that he has two separate causes of action for retaliation, that both must be analyzed separately, and that both require separate evidence to prove or disprove. This is nonsensical and completely lacks legal merit.

Plaintiff asserts that, by his third Amended Complaint, Dkt. No. 11, entitled Motion For Leave To File Amended Complaint And Amended Complaint (which includes the amended complaint), he asserted a so-called second claim for retaliation. A careful look at Plaintiff's third

Amended Complaint, however, shows that Plaintiff's second retaliation claim is, foremost, poorly plead as the pleading does not appear to be based in retaliation, but an assertion for monetary damages, and, second, and in any event, does not serve as basis for an independent claim of retaliation.

By his third Amended Complaint, Plaintiff alleges a "new injury that the Defendants' continued discrimination and retaliation has caused me . . ." because Legal Aid did not represent him in an "abuse of process claim against Harp & Associates." *Id.* Plaintiff alleges that because Legal Aid did not represent him in that abuse of process case, he had to represent himself, and, thus, is entitled to damages caused by the alleged loss of that case by his own "ineffective assistance of counsel." *Id.*

By his own admissions, Plaintiff's so-call second retaliation claim arises from the same nexus of facts as his so-called first retaliation claim. Plaintiff offers no legal authority to support a scenario where two alleged incidents of retaliation *arising from the same circumstances* amount to two separate and independent claims for retaliation. Plaintiff has *one* retaliation claim, yet, as Plaintiff makes clear for the first time, that claim is allegedly based on two separate incidents of retaliation. As addressed below, Plaintiff has failed to prove either alleged incident of retaliation and dismissing his retaliation claim under summary judgment is appropriate.

Now, addressing the substance of Plaintiff's so-called second retaliation claim, it is, apparently, based on some ludicrous theory that ignores the fact that Plaintiff never requested Legal Aid to represent him in the abuse of process case, the alleged denial of which supports his second

retaliation claim. (See Dkt. No. 51).[1] Plaintiff seemingly concludes, without proof, that *if* Plaintiff were to have requested Legal Aid to represent him in the abuse of process case, Legal Aid would have declined because of discriminatory reasons. *Id.* Again, to be clear, Plaintiff never requested Legal Aid to represent him in the abuse of process case. *Id.* Therefore, and needless to say, Legal Aid could not and did not decline to represent Plaintiff in the abuse of process case. Thus, without the existence of an adverse action against Plaintiff, i.e., denying to represent him in the abuse of process case, Plaintiff fails to prove his prima facie case for this so-called second retaliation claim. That is, Plaintiff fails to prove that he suffered an adverse action, and summary judgment is appropriate. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999).

Still, even if had Plaintiff requested Legal Aid's assistance with the abuse of process case, Legal Aid would have been unable to represent him based on the same legitimate, non-discriminatory reasons Mr. Marshall Prettyman attests to by his affidavit. (See Exhibit G attached to Dkt. No. 52). Primarily, because Plaintiff had already sued Legal Aid, would not have agreed to represent Plaintiff in his abuse of process case as doing so would have amounted to a violation of the Arkansas Rules of Professional Conduct regarding a conflict of interest. Id.

Plaintiff failed to prove his prima facie case for the second retaliation claim as no adverse action ever occurred. Regardless, the same legitimate, non-retaliatory reasons would have applied to that decision as applied to the first so-called retaliation claim. Plaintiff has not, and cannot, provide proof to infer that those reasons were pre-textual for discrimination.

---

[1] Within Dkt. No 51, Plaintiff states "Their refusal to represent me on appeal made it abundantly clear that they would not represent me in "any cases" (that was their exact words; my exhibit even circled them) while I was suing them. It therefore would have been futile for me to eve request their representation in my abuse of process claim against Harp & Associates . . ."

Plaintiff's retaliation claim, based on both incident, must fail as a matter of law.

**B.     The Admissibility Of Unidentified Evidence**

Plaintiff, next, argues that the evidence offered by Legal Aid in support of its Motion For Partial Summary Judgment "is inadmissible for failure to give the opposing party adequate notice, and should therefore disregarded pursuant to FRCP 56(c)(2)." Plaintiff does not identify what evidence he is referring, but, based on Plaintiff's prior pleading, Dkt. No. 51, apparently Plaintiff objects to the admission of the Affidavit of Marshal Prettyman. As is characteristic of Plaintiff, he merely concludes, without any legal authority or factual foundation, that Mr. Prettyman's Affidavit is inadmissible. Contrary to Plaintiff's argument, Rule 56(c)(1)(A) explicitly allows a party to support a motion for summary judgment by affidavit; no notice to the opposing party is required.

Plaintiff further argues that Mr. Prettyman's Affidavit is inadmissible under Rule 36. Plaintiff's argument here is nonsensical, but he seems to equate an unidentified alleged default admission by Legal Aid (which he assumedly has addressed in a previously filed motion) to mean that Mr. Prettyman's Affidavit is inadmissible. Again, Plaintiff provides no legal authority or factual basis for such a claim. The Court has made no ruling on any alleged default admissions. Plaintiff's argument is wholly without merit.

**C.     Discovery**

Plaintiff, next, asserts that the legitimate, non-retaliatory reasons offered by Legal Aid are "erroneous." Plaintiff then proceeds to make baseless accusations of fact to support this alleged "erroneous" argument. Despite these baseless arguments, Plaintiff eventually concludes that "discovery is not over yet; I still may yet offer proof." Plaintiff then harks back to yet another

previously filed motion to support his argument that Legal Aid has not cooperated in discovery – which is completely false. Plaintiff states that, as for his first so-call first retaliation claim, it would be "premature" for the Court to grant summary judgment because he has not had ample time to conduct discovery. This too is false. Plaintiff has conducted and been provided with sufficient discovery for purposes of responding to Legal Aid's motion.

To date, Plaintiff has served Legal Aid with two sets of Interrogatories, one set of Requests For Production, and two sets of Requests For Admissions (totaling near 50 individual requests for admission). To each of these discovery requests, Legal Aid has, in good faith, provided pertinent information despite the poor quality of the discovery requests. So too, Legal Aid has provided Plaintiff with all relevant documentary evidence in its possession. Aside from conducting a deposition, Plaintiff likely has all the substantive proof he will ever obtain by written discovery. Plaintiff has indicated no intent to take any depositions of any Legal Aid representative. Indeed, given Plaintiff's in forma pauperis status, it is doubtful he can afford to do so. Moreover, Plaintiff, inconsistently believes he has ample discovery for summary judgment purposes on his second retaliation claim, as he has filed for summary judgment on same, yet not for his first retaliation claim. It is difficult to understand how Plaintiff has proof of retaliation for one incident of retaliation, but not another.

Plaintiff' argument that he needs additional time to conduct discovery is, like the retaliation claim itself, frivolous and baseless. The very letter, Exhibit C attached to Dkt. No. 52, upon which Plaintiff claims amounts to evidence of the so-called first retaliation claim is self-explanatory as to the legitimate, non-retaliatory reasons of why Legal Aid chose not to represent Plaintiff in his

Appeal. Plaintiff's so-called second retaliation claim is nonexistent as he never requested representation for the abuse of process case, and, thus, never suffered an adverse action. There was and is simply no evidence of retaliation here. No amount of discovery from Legal Aid will change that fact. Legal Aid's Motion for Partial Summary Judgment is ripe for summary judgment determination.

### D.     Conclusion

Despite the above baseless arguments, the fact of the matter is, Plaintiff has offered no proof, whatsoever, to overcome Legal Aid's Motion For Partial Summary Judgment. Plaintiff provides no proof to establish a prima facie case of retaliation. Plaintiff provides no proof to rebut Legal Aid's legitimate, non-retaliatory reasons for taking the actions it did. For all the above reasons, summary judgment is appropriate on Legal Aid's Motion For Partial Summary Judgment.

WHEREFORE, Legal Aid of Arkansas prays that its Motion For Partial Summary Judgment be granted, for its attorney's fees and costs associated with the filing and argument of this motion, and for all other relief it may be entitled.

LEGAL AID OF ARKANSAS

BY:   /s/ J. David Dixon
      Don A. Taylor      #89139
      J. David Dixon     #05251
      DAVIS, CLARK, BUTT, CARITHERS
        & TAYLOR, PLC
      19 E. Mountain Street
      P.O. Box 1688
      Fayetteville, AR  72702-1688
      Telephone: (479) 521-7600
      Facsimile: (479) 521-7661
      Email: ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins
123 W. Ridge St., Apt D
Harrison, AR 72601

By: /s/ J. David Dixon
    Don A. Taylor    #89139
    J. David Dixon    #05251
    DAVIS, CLARK, BUTT, CARITHERS
        & TAYLOR, PLC
    19 E. Mountain Street
    P.O. Box 1688
    Fayetteville, AR 72702-1688
    Telephone: (479) 521-7600
    Facsimile: (479) 521-7661
    Email: ddixon@davis-firm.com
