U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAY 03 2012
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                                                          PLAINTIFF

VS                                                    CASE NO. 11-3057

LEGAL AID OF ARKANSAS                                                   DEFENDANTS

### REPLY TO RESPONSE TO PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following reply to Defendant's Response to Plaintiff's Second Motion for Partial Summary Judgment.

**Defendant's fault in failing to serve me with the responses is directly proportional to their fault in getting the address wrong.**

Defendant argues that the fact that I did not receive its response to my second request for admissions is because, due to a clerical error, it was sent to the wrong address.

A review of Document #50 (Plaintiff's Notice of Change of Address, showing that I now reside at 123 W. Ridge St., APT D, which is my current address) does indeed show that the Clerks made a mistake in updating the address. However, it also shows that the mistake was corrected a mere three days after it was originally made (the notice was filed on 3-23, but the mistake was corrected on 3-26).

I actually think I remember getting a notice in the mail from this Court that the mistake had been corrected. I do not have said notice (I probably threw it away in an attempt to keep my apartment clean), but the clerks' office should have records showing that they notified the parties; if they do, that means that Defense counsel was also notified of the March 26 correction.

If they received notice of the correction, and did not act on it, then they are just as much at fault for sending their response to my discovery requests to the wrong address as if they had never updated my address to accommodate the March 23 Notice of Change of Address to begin

with.

Therefore, depending entirely on whether or not the Clerks' office vouches for me that they notified both parties of the correction dated March 26, Defense Counsel's denial of fault in the deficiency of service is without merit, and should be disregarded accordingly.

### Defendant's [untimely] response is still insufficient, and, accordingly, adds to the evidence in my favor regarding my motion for default.

Even assuming Defendant's response to my request for admissions should be construed as timely served, Defendant's response is still insufficient.

For my first set of interrogatories, I asked Defendant to provide an exhaustive and thorough set of explanations as to why they denied everything they denied, and raised every defense that they raised, in their Answer and responses to my requests for admissions. See the exhibits attached to Document #40 in this case.

Defendant is required to supplement their responses to discovery requests whenever they become incomplete. See FRCP 26(e)(1)(A). When I filed a second request for admissions, their response to my first interrogatory (which was itself insufficient; see Document #40) became incomplete, as there are now new denials to requests for admissions which require explaining.

As this Court can see from Exhibit D of Document #62 in this case – an exhibit which Defendant itself filed with this Court – I notified Defense Counsel of this deficiency, and they flatly refused to correct their mistake. Therefore, even if their response should be deemed timely served, it only adds weight to my accusation that Defendant is engaging in a pattern of intentional delay, which is the precedent for disqualifying a party from the litigation altogether. See *Siems v. City of Minneapolis*, 560 F. 3d 824, 826 (2009).

### Defendants have failed to meet proof with proof... again.

Defendants claim that their response to my second requst for admissions was served on

me, but to the individual issues of fact themselves, fails to meet proof with proof. The facts should be deemed established, for no other reason than that, entitling me to summary judgment accordingly.

### Defendant's request for extension of time should be denied.

Defendant requests ten additional days to respond to my substantive arguments. However, Defense Counsel committed a procedural error in that he did not first request my consent for this extension. It is this Court's policy that...

> "In every motion for a continuance, every motion for any extension of time, or for leave to do any act out of time, the motion shall state that the movant has contacted the adverse party (or parties) with regard to the motion, and also state whether the adverse party opposes or does not oppose same. If any such motion does not contain the statements required by this rule or, alternatively, a statement setting forth extraordinary circumstances which make it impracticable to contact the adverse party (or parties), the motion may be dismissed summarily for failure to comply with this rule." See Local Rule 6.2(b).

Just like not claiming to have made reasonable inquiries before denying a request for admissions for lack of knowledge (see my Statement of Uncontroverted Facts for my First Motion for Partial Summary Judgment), Defendant has not even attempted to secure my consent for this extension, nor would they have been telling the truth if they did make this claim.

Even if Defendant's failure to contact me first is excused, their motion for extension of time should still be denied. This is not a motion to dismiss; there is simply no reason why Defendant cannot do what I am doing right now, and respond to everything all at once.

Besides, they *had* an additional ten days. Due to another clerical error, this motion was filed on April 23, 2012. This response was filed on April 30, 2012. According to the local rules, nonmovants get 21 days from the date of filing to file their response in oppoisition to the motion for summary judgment. Their response to the motion came only seven days after it was filed. Why didn't they take the additional two weeks to draft a response to my substantive arguments?

Why do they need an extension?

Instead, this extension serves more to prejudice my rights by delaying and increasing the costs of the litigation when there is no need to do so. They are culpable in failing to provide this response when they should have, and they should take the responsibility accordingly.

## Conclusion

As you can see, Defendants are entirely at fault for everything they have claimed in their response, from the failure to serve me with the correct address, to their request for extension of time (time which they already had, by the way), and simple failure to meet proof with proof. My Second Motion for Partial Summary Judgment should be granted.

*/s/ David Stebbins*

David Stebbins
123 W. Ridge Ave.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701