IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                               PLAINTIFF

v.                      Civil No. 11-3057

LEGAL AID OF ARKANSAS                                 DEFENDANT

## ORDER

Before me for decision are the following motions: (1) a motion for default, sanctions, or compel filed by the Plaintiff (Doc. 33); (2) a motion to strike filed by the Defendant (Doc. 45); and (3) a motion for protective order filed by the Defendant (Doc. 55).

**Motion for Default, Sanctions, or to Compel** (Doc. 33)

Plaintiff states he has not received mandatory disclosures required by Rule 26 of the Federal Rules of Civil Procedure from the Defendant. Plaintiff notes the deadline for providing the initial disclosures was February 14th. He aks that Defendant be ordered to provide the information and that sanctions be awarded due to their delay.

Defendant maintains Plaintiff has been provided with the initial disclosures. According to the certificate of service, the initial disclosures were mailed to Plaintiff on February 17th. The motion for default, sanctions, and to compel (Doc. 33) is denied. While Defendant appears to have been a few days late in providing the initial disclosures, the delay was minor and Plaintiff was not harmed in anyway.

**Motion to Strike** (Doc. 45)

Defendant asks the Court to strike Plaintiff's reply brief that was filed in connection with the motion for default, sanctions, or to compel. Defendant notes the reply brief is in violation of the Court's scheduling order.

The final scheduling order provides that except for motions for summary judgment leave of the Court must be obtained to file a reply in support of a motion (Doc. 29). If permission is not given

by the Court, a reply will not be considered. *Id*. The motion (Doc. 45) to strike is granted The reply brief (Doc. 41) will not be considered and is stricken.

**Motion for Protective Order and Sanctions** (Doc. 55)

Defendant maintains the Plaintiff has filed documents and sent communications that are unprofessional, redundant, immaterial, frivolous, harassing, lack good faith, or are in violation of the Local Rules for the Eastern and Western Districts of Arkansas or the Federal Rules of Civil Procedure. Additionally, Defendant states Plaintiff has served discovery requests that are unnecessary, redundant, and immaterial.

The motion for a protective order (Doc. 55) is granted. The documents Plaintiff has either filed or submitted to Defendant's counsel have exceeded the scope of this case and have alleged unethical and improper conduct on the part of Defendant or its counsel. Plaintiff has used profanity and threatened to take various actions including contacting federal authorities about the conduct of Defendant's counsel.

Plaintiff is prohibited from serving any additional discovery requests on the Defendant. At this time, the Court will not impose monetary sanctions on the Plaintiff. However, Plaintiff is advised that civility is required and that failure to conduct himself properly may result in an award of sanctions and/or an injunction from filing future pleadings without first obtaining leave of the Court. *Cf. Sassower v. Carlson*, 930 F.2d 583, 584 (8th Cir. 1991)(enjoining vexatious litigant from filing actions in district court without first obtaining leave).

IT IS SO ORDERED this 2nd day of July 2012.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE