IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS PLAINTIFF

vs. Case No. CV 11-3057

LEGAL AID OF ARKANSAS DEFENDANT

**BRIEF IN SUPPORT OF MOTION FOR SANCTIONS**

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and for its Brief In Support Of Motion For Sanctions, states and alleges as follows:

## I. INTRODUCTION

On July 5, 2012, Plaintiff failed to attend his properly noticed deposition. (Exhibit A and C). Legal Aid contends that it is entitled to sanctions against Plaintiff for his failure to attend.

## II. RULE OF LAW

Rule 37(d) of the Federal Rules of Civil Procedure permits the Court to impose sanctions on a party who, after proper notice, fails to attend his own deposition. The sanctions encompassed by Rule 37(d) include an imposition of reasonable expenses, including attorney's fees, caused by the party's failure to attend, and those enumerated in Rule 37(b)(2)(A)(i)-(vii), the most extreme of which is dismissal of the Plaintiff's case.

"A district court has wide latitude in imposing sanctions for failure to comply with discovery. " *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). "Rule 37 sanctions are to be applied diligently." *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 49 (8th Cir. 1987). Pro se litigants are not excused from complying with substantive and procedural law; the sanctions provided for under Rule 37 apply equally to pro se litigants. *Farnsworth v. Kansas City*, 863 F.2d 33, 34 (8th Cir. 1988). "Where a party has demonstrated a clear record of delay or contumacious conduct, an appropriate sanction is

to dismiss the action." *See United States on Behalf of and for the Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Taylor v. City of Ballwin, Missouri*, 859 F.2d 1330, 1332 (8th Cir. 1988). The power to impose a sanction of dismissal enables the courts to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct. *See Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976). The courts need not find bad faith for imposition of such sanctions. *First Gen. Resources Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). Because "the district courts are more familiar with proceedings before them . . . a large measure of discretion [is permitted] in deciding what sanctions are appropriate for misconduct." *Hutchins v. A. G. Edwards & Sons*, 116 F.3d 1256, 1259-1260 (8th Cir. 1997).

## III. ARGUMENT

Plaintiff has a long history of vexatious and abusive litigation. *Stebbins v. Full Sail University*, 412 Fed Appx. 918 (8th Cir. 2011) (dismissing appeal for lack of jurisdiction); *Stebbins v. Hannah*, 2011 U.S. Dixt LEXIS 146019 (W.D. Ark. Dec. 19, 2011)(suit against the Arkansas Supreme Court Justices for declaratory judgment to review denial of plaintiff's IFP application in underlying action because it lacked no colorable claim; dismissed on constitutional grounds); *Stebbins v. Kirkpatrick*, 2011 U.S. Dist. LEXIS 121842 (W.D. Ark. Oct. 20, 2011) (dismissed for failure to state a claim upon which relief could be granted); *Stebbins v. Full Sail Univ.,* 2011 U.S. Dist. LEXIS 51265 (W.D. Ark. May 12, 2011) (dismissed for failure to follow court order)*; Stebbins v. Harp & Associates*, 2011 U.S. Dist. LEXIS 47519 (W.D. Ark. April 15, 2011)(dismissed for lack of jurisdiction and amount in controversy); *Stebbins v. NET-ARB, Inc.*, 2011 U.S. Dist. LEXIS 47520 (W.D. Ark. April 14, 2011)(dismissed for lack of jurisdiction and amount in controversy); *Stebbins*

*v. Wal-Mart Stores Arkansas*, *LLC*, 2011 U.S. Dist LEXIS 43586 (W.D. Ark. April 14, 2011)(granting Wal-Mart's motion for summary judgment on plaintiff's alleged breach of arbitration agreement, where plaintiff's evidence consisted of "self-serving documents that did not form the basis for any conduct or performance on Wal-Mart's part."); *Stebbins v. Reliable Heat & Air, LLC*, 2011 U.S. Dist. LEXIS 115928 (W.D. Mo. Oct. 7, 2011)(granting defendant's motion for summary judgment under the Americans With Disabilities Act finding plaintiff has set forth "no evidence" that he is qualified to perform the essential functions of his position with or without reasonable accommodation); *Stebbins v. Microsoft*, No. 2:11-CV-1362 (W.D. Wash. 2011)(finding plaintiff's claims "devoid of merit" and "wildly untethered from any valid interpretation of . . . law"); *Stebbins v. Google, Inc*., 2011 U.S. Dist. LEXIS 125701 (N.D. Cal. Oct. 27, 2011) (dismissing plaintiff's complaint "because plaintiff has stated an indisputably meritless legal theory, and because plaintiff's factual contentions are clearly baseless"); *Stebbins v. Texas*, 2011 U.S. Dist. LEXIS 146248 (N.D. Tex. Oct. 24, 2011) (dismissing case as frivolous because case "has no basis in law or fact," and warning plaintiff that "if he persists in filing frivolous lawsuits . . . the Court may impose monetary sanctions and/or bar him from bringing any further action of any kind in forma pauperis and/or without prior court approval").

Within the present matter, Plaintiff continues to treat the judicial system as his personal playground. His current stunt is not his first. On July 7, 2012, this Court granted Legal Aid's Motion For Protective Order And Sanctions. (Dkt. No. 55 and 67). Legal Aid's Motion For Protective Order And Sanctions, Dkt. No. 55, incorporated herein by reference, addressed Plaintiff's ongoing unprofessionalism, harassing conduct, and frivolous pleadings. (Dkt. No. 55). The Court found that "Plaintiff has filed documents and sent communications that are unprofessional,

redundant, immaterial, frivolous, harassing, lack good faith, or are in violation of the Local Rules." (Dkt. No. 67). By the Court's Order, Plaintiff was prohibited from serving any additional discovery, and was advised that civility was required and a failure to conduct himself in an appropriate manner may result in sanctions. *Id*.

Plaintiff's failure to attend is a violation of Rule 37, Arkansas law, and the Court's Order to conduct himself in an appropriate matter. Legal Aid's counsel properly noticed Plaintiff for the deposition. (Exhibit A). Two days prior to the deposition, Legal Aid's counsel communicated with Plaintiff, by email, further notifying him of the deposition. (Exhibit B). Plaintiff confirmed the deposition date and location. *Id*. On the day of the deposition, Legal Aid's counsel traveled from Fayetteville, Arkansas to Harrison, Arkansas. Plaintiff failed to arrive for his deposition at 10:00 a.m.. (Exhibit C). Legal Aid's counsel then proceeded to wait until approximately 10:40 a.m. for Plaintiff to show. *Id.* During this time, Legal Aid's counsel emailed Plaintiff informing him that he had failed to show for his deposition, and would wait until 10:30 a.m. for Plaintiff to show. (Exhibit B). During the deposition time, Plaintiff never contacted Legal Aid's counsel or showed. (Exhibit C). It was not until Legal Aid's counsel had traveled back to Fayetteville, some two hours later, that Plaintiff emailed alleging that the deposition was not until 2:00 p.m. (Exhibit B). Such an excuse is incredulous given that Plaintiff was properly notified of the deposition, and confirmed the deposition two days prior to same. (Exhibit A and B).

Legal Aid has incurred considerable time and legal expenses by Plaintiff's failure to submit to his deposition. Given Plaintiff's history of contumacious conduct and his violation of the Court's Order, Legal Aid contends that good cause exists for the Court to enter an order sanctioning Plaintiff for his failure to attend his deposition by dismissing Plaintiff's case, and for costs and attorney's fees incurred by Legal Aid.

## IV. CONCLUSION

WHEREFORE, Legal Aid of Arkansas prays that its Motion For Sanctions be granted, that Plaintiff's case be dismissed, for its attorney's fees and costs associated with Plaintiff's failure to attend his deposition and for the filing and argument of this motion, and for all other relief it may be entitled.

LEGAL AID OF ARKANSAS

BY: /s/ J. David Dixon

Don A. Taylor #89139
J. David Dixon #05251
DAVIS, CLARK, BUTT, CARITHERS
& TAYLOR, PLC
19 E. Mountain Street
P.O. Box 1688
Fayetteville, AR 72702-1688
Telephone: (479) 521-7600
Facsimile: (479) 521-7661
Email: ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins
123 W. Ridge St., Apt D
Harrison, AR 72601

By: /s/ J. David Dixon

Don A. Taylor #89139
J. David Dixon #05251
DAVIS, CLARK, BUTT, CARITHERS
& TAYLOR, PLC
19 E. Mountain Street
P.O. Box 1688
Fayetteville, AR 72702-1688
Telephone: (479) 521-7600
Facsimile: (479) 521-7661
Email: ddixon@davis-firm.com