U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 16 2012

CHRIS R. JOHNSON, CLERK

BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                PLAINTIFF

VS                                    CASE NO. 11-3057

LEGAL AID OF ARKANSAS                                                   DEFENDANTS

### BRIEF IN OPPOSITION TO MOTION FOR SANCTIONS AND INCORPORATED ADVERSE MOTION FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in opposition to this motion for sanctions.

**Insufficient notice was given for the deposition.**

By Defendant's own admission in the exhibits they attached to their motion for sanctions, their Notice of Deposition was sent out to me on June 21, 2012. I received it June 22, 2012. They do not even *try* to bait-and-switch me on the date of service.

However, if the deposition was scheduled for July 5, 2012, that means that they only gave me fourteen (14) days notice of the deposition. In fact, they only gave me thirteen (13) days notice of the deposition, since June 21 does not count. See FRCP 6(a)(1)(A) (requiring a court, when computing time, to "exclude the day of the event that triggers the period"). Heck, you could even argue I was only given twelve (12) days notice, because I only *received* the notice of the deposition on June 22, 2012.

However, even if I received fourteen days notice, that is still not enough. I am entitled to at least twenty-one (21) days notice of any deposition I must attend. See FRCP 27(a)(2) ("At least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing") Although I made good faith attempts to attend the deposition (see below for details), I was under no obligation to

do so in the first place.

## My failure to attend was due to an honest mistake.

Defendant seeks sanctions for me failing to attend my deposition. However, my failure was due, not to me standing the Defense up, but because I was honestly and genuinely mistaken about the time that the deposition was supposed to be held.

I received notice of the deposition on June 21, 2012, and when I got it, I honestly believed that it was scheduled for 2:00PM, not 10:00AM.

When I sent Dixon an email explaining the situation (attached hereto as Exhibit A), I attached a screenshot of my yahoo calendar (attached hereto as Exhibit B) where I showed how the Defendant that I had marked my calendar scheduling the deposition for 2PM.

It was not malicious. I had every intention of attending that deposition. At about 12:30, I had just gotten out of the shower, and had donned my formal, court-appropriate attire in anticipation of the deposition, but I decided to quickly check my email, since I still had an hour and a half before I had to be there, only to receive Dixon's notice that I was late for the deposition.

The actions and behavior spoken of in the above paragraph clearly showed that I had every intention of being there; I just was mistaken as to *when* I was supposed to be there.

Imagine, if you will, that I actually lived outside of Harrison, like Defense Counsel does, and had to make a long, multi-hour drive to the Courthouse to attend an oral argument that the Court itself scheduled (and thus, the Court itself would have standing, independent of opposing counsel, to seek sanctions). I mention in a motion that I was getting ready go to court, but then my car broke down, and I couldn't drive. I called and called and called the Courthouse to warn them of my trouble, but no one picked up, only to later learn that I had the wrong number for the

Courthouse!

My failure to call and let them know about the situation would then be excused, since it was an honest mistake that caused me to not call, correct? Well, the same applies here. I made good faith efforts to attend, but an honest mistake caused me to not attend, and to not even realize my mistake until after it was too late to correct it. Subsequently, my mistake should be forgiven.

While it is true that Mr. Dixon sent me an email reminder of the deposition, and that this email reminder clearly stated that it was scheduled for 10:00AM, the Court should incorporate behavioral science. I already knew about the deposition, which means that I simply glossed over this reminder, instinctively thinking that it wasn't telling me anything I didn't already know, thus explaining why it did not change my belief that the deposition was scheduled for 2PM.

## Was it even *my* mistake to begin with?

Notice Exhibit A, where I mentioned how the Defendant could draw attention to the "date last modified" portion of the file that contains the original deposition notice to prove that this was the original version of said notice, and that he did not change it up after serving me, in an attempt to bait-and-switch me. I even gave – as an attachment to that email – a motion in an unrelated case (attached hereto as Exhibit C), where I employed this tactic to prove that my original discovery request in that case included the production request in question, and that the Defendant did indeed simply ignore it, rather than me adding it in afterwards, simply in a sleezy attempt to make him look bad.

Despite the fact that I gave Mr. Dixon a means of proving that he didn't bait-and-switch me (and not just a means, but an easy, cost-effective means at that, as evidenced by the fact that I, an indigent *pro se* litigant, pioneered this method), he still proceeded to simply attach a mere

PDF file of this notice to his response email (see Exhibit D) and simply do the same in the actual motion he filed.

Why does this matter? Because he's seeking sanctions against me; that's why. It's basic Litigation 101 that, if you accuse someone of wronging you and wish for them to compensate you for your injury, it is your burden to prove that the injury was the other guy's fault. Everyone knows that; it's one of the most basic fundamentals of our legal system. If he wants me to compensate him, he must prove that the original notice of the deposition that he actually sent me did indeed schedule the deposition for 2:00PM, meaning that he must prove that he didn't bait-and-switch me.

Guidance on this issue can be obtained by turning to contract law. Imagine if neither party denies that there is a contract in existence, but it was a five-page contract, and the signatures only appear on the fifth page; on page 3, the Plaintiff accuses the Defendant of breaching one of the paragraphs, but the Defendant denies that the paragraph on that page is the same as when he first signed it, and thus, he was deceived. In such a case, the Plaintiff would hold the burden of proof as to the disputed contents, because he's the Plaintiff, and that's how litigation works. It might be different for affirmative defenses (for example, if the Defendant argues that there was a waiver of liability, the Defendant holds the burden of proving that the language of the waiver was in fact the same as it was the Plaintiff first signed it), but that does not detract from the overall fundamental principle: The proponent of something holds the burden of proof as to the thing he is advocating.

Granted, this discovery dispute is being adjudicated without full judicial process[1], the fundamental allocation of burden of proof remains the same. If the Defendants want me

---

[1] If every single itty bitty dispute, even within a preexisting case, were subject to a full court action, complete with discovery and jury trial (a la adversary proceedings in bankruptcy cases), the courts would never get anywhere with anything.

sanctioned, they must prove that the situation is my fault and not theirs, and that's all there is to it. They have offered no proof, even though I gave them an easy and cost-effective way to do it.

### Defendant could have rescheduled.

Defendant never made any attempt to reschedule the deposition, even though, at the time this motion was filed, they still had about a month left in the discovery. They were aware that this Court is currently experiencing an overwhelming backlog of cases, so it would have taken months for this Court to rule on it, at which point, the discovery would be over. The Final Scheduling Order clearly states that discovery will not be extended simply because of a discovery dispute.

If Defendant is butthurt because they didn't get the deposition they wanted, then why didn't they make an attempt to reschedule? Heck, repeating the situation would be a fairly good way to test the honesty of my explanation. I claimed that I was mistaken as to the time the deposition was scheduled. Put me in the same situation again, and if the same thing happens, that would severely discredit my claim that the mistake was an honest one.

In fact, they failure to attempt to reschedule ends up working against them, and in more ways than one. Along with them being contributorily at fault for the injury (that is, the injury of not getting the deposition that they wanted), it also lends credence to my theory that they bait-and-switched me.[2] After all, the fact that they never made any attempt whatsoever to reschedule the deposition so as to mitigate their damages tends to lean towards them not really caring about the deposition that much.

Furthermore, notice the email that they attached to this motion. By their own admission (via the attached exhibit), they only gave me a thirty-minute window to see that email and

---

2 Unfortunately, I no longer have the original notice, because once I marked my calendar, I threw it away, thinking I wouldn't need it again, so I can't definitively prove whether they bait-and-switched me or not; I need their help for that. Fortunately, as I've already established, they hold the burden of proof on that issue, not me.

respond. If the situation was so time sensitive that a thirty-minute window is considered a "good faith" attempt to resolve the dispute without court action, then why didn't they try *calling* me? They have my phone number in the signatures of my *pro se* motions, so if it was that time-sensitive, they should have tried calling me.

The fact that they didn't lends credence to the bait-and-switch theory; all of these actions, combined, show that the Defense was probably more interested in looking for an excuse to get me sanctioned than they were the deposition itself.

Ok, sure, we have the email reminder, but keep in mind that I understandably didn't thoroughly examine the email until this situation happened and I knew what to look for, because before then, I simply glossed over the email not expecting it to tell me anything new. This is consistent with behavioral science.

Once the Court accepts the fact that behavioral science excuses my glossing-over of the email reminder, one must ponder... what if Dixon *knew* about this behavioral science[3], *expected* me to simply gloss over it for precisely that reason, and was specifically hoping that I would do that? In other words, what if this was the equivalent of a mother suspecting that her child is either hiding something or wanting something, primarily *because* he is being extra well-behaved? I mean, think about it: How often do you see opposing counsel giving "friendly reminders" of upcoming deadlines?!

If this Court were to accept my bait-and-switch theory, then on top of their motion for sanctions being denied, the Court should instead turn it around on them and sanction them, instead. This is where the "incorporated adverse motion for sanctions" comes into play.

---

3  As an attorney, it goes without saying that studying up on behavioral science would be greatly beneficial to his career.

### The sanctions they request are too harsh.

Let's assume that the above two arguments are insufficient, and the Court sees fit to sanction. Defendant not only requests attorney's fees, but also requests that I not be allowed to proceed with this case until this sanction is satisfied.

However, this Court knows how indigent I am, given that it has ruled on my *in forma pauperis* application in this case, and has even ruled on similar *in forma pauperis* applications in recent cases. This means that, to impose the condition that I not be allowed to proceed with this case until the sanction is satisfied would effectively put an end to this case altogether, due to my inability to satisfy it. Therefore, such a condition would be the *de facto* equivalent of dismissal with prejudice.

This triggers the precedent of *Siems v. City of Minneapolis*, 560 F. 3d 824 (8th Cir. 2009), which holds, in pertinent part, the following:

> "Dismissal with prejudice is an extreme sanction that should only be available for willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. ... Even when dismissal with prejudice is supported by the facts, the ultimate sanction of dismissal with prejudice should only be used when lesser sanctions prove futile. This drastic remedy should be sparingly exercised." See *Id* at 828 (quotation marks and internal citations omitted).

Notice that the precedent states "willful" disobedience and "intentional" delay as important factors. Though Defendant offers some semblance of proof that it was my *fault* for getting the time wrong (scant as the proof may be), they did not even *attempt* to show malice or intent on my part.

Therefore, even assuming that a sanction is deemed appropriate, it should be incorporated into this case's judgment. If I win the case, the sanction is subtracted from my award; if I loose the case, the Defendant gets a judgment for that amount, including everything that goes with a monetary judgment, including but not limited to:

1. The Defendant bears the burden of collecting the judgment.

2. It can discharged in bankruptcy (absent a showing of malice, the absence of which is the crux of this section of my brief in the first place), and

3. The judgment is subject to vacation under FRCP 60(b)(1).

## Conclusion

So, let's recap:

1. I was not given sufficient notice of the time of the deposition.

2. The Defendant has failed to show that the non-attendance as my fault.

3. Even if it was my fault, it was an honest, and they did not even *try* to prove that it was dishonest, and thus it should be forgiven.

4. Without a showing of dishonesty in the mistake, binding precedent explicitly forecloses the relief they seek.

Therefore, Defendant's motion for sanctions should be denied. Furthermore, if this Court were to accept the bait-and-switch theory, bad faith and malice become self-evident. Thus, the Defense themselves should be sanctioned,

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701