IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS  Exh. C
CIVIL DIVISION

DAVID A. STEBBINS                                                                  PLAINTIFF

VS                                          CASE NO. 2012-85-4

DAVID D. STEBBINS                                                                  DEFENDANT

### SECOND MOTION TO COMPEL DISCOVERY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion to compel discovery.

1. After I had filed the motion to compel discovery, I remembered something: Defendant not only failed to provide the requested documentation in the first three requests for production, but also failed to even acknowledge the *existence* of the fourth request for production! Yes, despite what Defendant's response would have you believe, I actually gave Defendant *four* requests for production.

2. The fourth request for production demanded that Defendant relinquish copies of the entire email conversation – both over regular email and over Facebook – with a person named Dale Beavers.

3. Dale Beavers is an attorney by trade, practicing in the State of Mississippi. However, the email conversation I speak of does not constitute an attorney-client relationship, so it is not protected by the attorney-client privilege or the attorney work product.

4. To prove that the discovery request included a demand for this email conversation, I require video evidence, not just documentation. Therefore, please view the Youtube video: http://www.youtube.com/watch?v=SUFfDQFToVU

5. It is important for the Court to type in the url *exactly* as it appears on this document, because if the Court gets even one character wrong when typing the url into the web browser, the url will not work. If the Court is still having trouble getting the link to work, it has my email address in the signature of every motion I file; feel free to contact me so that I can send the Court a link that it can actually click on.

6. During the beginning of the video, you can see me briefly moving my mouse over a file titled "Rental Agreement," but I do not open the file. This, however, will be very important towards quelling a potential retort that I know Defendant is likely to raise otherwise.

7. I then move onto a file called "Plaintiff's First Request for Admissions." As I open the file, this Court can see that it starts off with... the first request for Admissions that Defendant responded to. However, as I scroll down, you can see that this same file also contained my first Interrogatories and Requests for Production. I did this for the convenience of only having to print once so that I could have both documents to mail to him.

8. As this Court can clearly see, at 3:25 in the video, I clearly asked Defendant to "[p]roduce the entire email conversation that Defendant had – both over regular email and on facebook – with Dale Beavers." I even highlighted this portion so as to draw extra attention to it.

9. Of course, Defendant may accuse me of changing the file after I sent it to him. This is why I hovered my mouse over the file before opening it. At 0:37 in the video, you can see information appear in a yellow box. On the third line of this yellow box information, you can see "Date last modified." This not only gives the exact date, but also the exact hour, minute, and second, and even hundredth of a second, that the file was last modified. As this Court can see, the file that contains my discovery request was last modified on 2012-06-04 at 14:32:52.56. Using military time, 14:32:52.56 means 2:32PM, with 7.44 seconds left until the clock struck 3:33PM.

10. But I can hear Defendant right now: "So what! What about the date?! Maybe 2012 is the year, but what if it was last modified on June 4, instead of April 6?" This is where the events spoken of in Paragraph #6 of this motion comes into play. Hovering my mouse over the file "Rental Agreement," you can see that it was last modified on the date 2012-06-11. If Defendant were to claim that my discovery document was last modified on June 4, he would have to assert that the third number in this set is the month, not the day, of the date in question. However, if that were the case, that means that the file "Rental Agreement" was last modified on November 6, 2012, a date which has not even occurred yet! Therefore, the third number in this set is the day, not the month. Therefore, my first discovery request was last modified on April 6, 2012.

11. Therefore, in conclusion, the preponderance of the evidence is that I served Defendant with a request that he produce his email conversation with Dale Beavers.

12. This throws a monkey wrench into my Motion for Default. I actually no longer wish for

this Court to enter default judgment in my favor, at least not yet. A default judgment could do more harm than good right now. In my felony case (Case No. CR2011-334-4 in this Court), I filed a motion for reappointment of counsel. In it, I claimed that one of my defenses was that the arrest and criminal charges were merely an attempt by corrupt forces to put me out of the way, so that I could not continue to file lawsuits. I have also filed a complaint against Boone County, as well as Deputy Jason Bearthky, alleging false arrest that was conducted for specifically that purpose.

13. The reason I requested the email conversation between Defendant and Dale Beavers is because I reasonably believed that this email conversation would contain rock-solid proof that my suspicions were more than mere paranoia, that they were 100% valid. I am now even more confident than ever of this outcome; after all, what other legitimate reason would Defendant have for not merely raising a frivolous objection to my request for production, but pretending that the request for production did not even exist at all?! What other excuse is there?!

14. Therefore, this Court *can't* list Defendant in default... not yet! I *need* this email conversation, even if I don't need it for this particular case! If this Court were to grant my motion for default now, it would defeat everything I am fighting for. So please, compel this discovery, and *then* we can consider a default.

Wherefore, premises considered, I respectfully request that this motion to compel be granted. It is so requested this 21st day of June, 2012.

*David Stebbins*
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com