U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUL 2 3 2012
CHRIS R. JOHNSON, Clerk
By
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                               **PLAINTIFF**

VS                               CASE NO. 11-3057

**LEGAL AID OF ARKANSAS**                                **DEFENDANTS**

## MOTION FOR PROTECTIVE ORDER

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for a protective order.

1. Defendants have attempted to reschedule the deposition that is the subject of their most recent motion for sanctions. That in and of itself is not a bad thing; however, the time and place they have scheduled it is problematic.

2. It is scheduled for July 31, 2012 in Fayetteville at 9:00AM. The hour is fine, but the date and place are both problematic. I have an important forensics evaluation in Little Rock scheduled for July 31.

3. The second problem is the transportation to Fayetteville. I am being provided free transportation to Little Rock, but not Fayetteville. I simply cannot afford to go to Fayetteville. Please see Document #111 in Case No. 10-5125 in this Court (case of Stebbins v. University of Arkansas) for details.

4. Under FRCP 26(b)(2)(C)(i), "court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if... the discovery... can be obtained from some other source that is... less burdensome." "Burdensome" not only includes the flat expense, but also the financial situation of the party who holds the burden. It's a ratio, not a flat number. This Court knows of my indigency, as it granted my *in forma pauperis* application.

5. In the instant case, it would be much less burdensome for Defense Counsel to either come

to Harrison (just like they did before), or have the deposition over the phone, than it would be for me to come to Fayetteville.

6. To qualify for this protective order, the proposed means does not even need to be unreasonably burdensome (even though it is); according to the plain text of the Rules of Civil Procedure, if there is even one means of obtaining this discovery that is *less* burdensome, that avenue should be pursued. It's like being the least restrictive means of achieving an end, when strict scrutiny is applied.

7. At least in the case of *Stebbins v. University of Arkansas*, Defense Counsel had at least some semblance of a point in that I filed the lawsuit myself. However, in that case, I filed it against a Fayetteville-based Defendant. Here, I filed the suit against a Harrison-based Defendant, and it was that Defendant, not me, who made the choice to retain Fayetteville-based counsel. That was *their* decision, one that I had no way of anticipating. It is well-established precedent that "litigants choose counsel at their own peril." See *Siems v. City of Minneapolis*, 560 F. 3d 824, 827 (8th Cir. 2009) (citing a long chain of precedent).

8. Please find attached Exhibits A and B, where I made every reasonable attempt to resolve this issue with Defense Counsel without resorting to Court action, and Defense Counsel simply ignored me.

Wherefore, premises considered, I respectfully request that Defendants be ordered to conduct the deposition either over the phone, or in Harrison, so as not to unduly burden me.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

Subject: Deposition problem
From: David Stebbins (stebbinsd@yahoo.com)
To: ddixon@davis-firm.com;
Date: Friday, July 20, 2012 9:57 AM

*Exh. A*

Dear Mr. Dixon,

I am in receipt of your Notice of Rescheduled Deposition. This time, however, the problem is not a mistake of the date or time (I took careful look, this time, to know that it's scheduled for July 31 at 9:00AM). However, there are still problems.

First of all, there's the problem of coming to Fayetteville. I'm sorry, but I just don't have that kind of money right now. Take a look at Document #111 in Case No. 10-5125 in this Court for details.

Even if I could make it to Fayetteville, I have a scheduling conflict. On July 31, I have to be in Little Rock for an important medical examination in relation to my criminal case.

Here's my schedule, as of right now:

July 26 - depositions in Harrison for my case against University of Arkansas
July 27 - Court appearance before the Boone County Circuit Court
July 31 - Medical exam in Little Rock
Aug. 1 - Another UA deposition.

All four of those days are full for me.

Remember, two problems: Location and date. Hour is not a problem; location and date are.

Please get back to me with a suggestion of what to do.

Sincerely,
David Stebbins

| | |
|---|---|
| Subject: | Deposition |
| From: | David Stebbins (stebbinsd@yahoo.com) |
| To: | ddixon@davis-firm.com; |
| Date: | Saturday, July 21, 2012 5:58 AM |

*Exh. B*

Dixon,

I have emailed you three times, and called your office, to attempt to resolve this deposition issue with you. You have still not responded. I am putting a motion for a protective order in the mail. If you respond to this email by the time the Post Office takes the envelope, and attempt in good faith to resolve this issue, I will take the motion out of the mailbox.

If you need proof of my scheduling conflicts, contact the Harrison Public Defender's Office and Scott Varady to verify these things. However, I expect you to actually do something.

Sincerely,
David Stebbins

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
35 E Mountain St.
Room 510
Fayetteville, AR 72701