IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                    **PLAINTIFF**

vs.                  Case No. CV 11-3057

**LEGAL AID OF ARKANSAS**                 **DEFENDANT**

## AFFIDAVIT OF MICHAEL LOGGAINS

STATE OF ARKANSAS   )
                            )ss.
BOONE COUNTY        )

COMES NOW, the undersigned, Michael Loggains, after first being duly sworn, states as follows, to wit:

1. I am an attorney, employed by Legal Aid of Arkansas ("Legal Aid") and serve as an attorney and its Regional Manager out of the Harrison, Arkansas office. I am familiar with the above matter and personally dealt with Mr. David Stebbins regarding his eviction from his apartment and his requests for additional legal services from Legal Aid.

2. On or about February 22, 2011, Mr. Stebbins completed an application for legal services with Legal Aid in regards to his landlord's attempts to evict him from his apartment.

3. On or about February 24, 2011, Legal Aid agreed to represent Mr. Stebbins as to the eviction matter only. Attached hereto, as Exhibit B1, is a copy of my letter to Mr. Stebbins whereby Legal Aid accepted representation.

4. Because Mr. Stebbins receives Federal housing assistance, the landlord could only evict Mr. Stebbins for just cause. On or about March 18, 2011, I represented Mr. Stebbins before the Federal Housing Authority, and was successful in having the landlord agree to not pursue eviction of Mr. Stebbins. Rather than attempt to evict Mr. Stebbins, the landlord, however, decided to not renew Mr. Stebbins lease, which was to expire on June 30, 2011.



EXHIBIT B

5.  On June 16, 2011, I informed Mr. Stebbins of the landlord's decision to not renew his lease, stating that the landlord had such a right, and concluded Legal Aid's services to Mr. Stebbins. Attached hereto, as Exhibit B2, is a copy of said letter.

6.  During Legal Aid's representation of Mr. Stebbins in the eviction matter, he, on numerous occasions, informally requested to me that Legal Aid represent him on many of his existing or soon-to-be-filed pro se civil cases. I declined each of these matter and continuously reminded Mr. Stebbins that Legal Aid would only represent him on the matters that Legal Aid accepted; that he would have to fill out an application for service for Legal Aid to consider representing him in any other matter. Still, thereafter, Mr. Stebbins, on multiple occasions, sought legal advice on these other civil matters, and I, again, reminded him of the limited scope of Legal Aid's representation and the need to complete a separate application for service. Mr. Stebbins never completed an application for service on any of these other matters. Attached hereto, as Exhibit B3, is a copy of one of Mr. Stebbins' subsequent requests; and attached hereto, as Exhibit B4, is a copy of the letter I sent Mr. Stebbins responsive to his request.

7.  To my understanding, many, if not all, of these subsequent cases for which Mr. Stebbins requested representation or sought legal advice were or are, in my opinion, frivolous and lacked merit.

8.  On June 18, 2011, Mr. Stebbins faxed me a letter whereby he disagreed with me that his landlord had a right to not renew the lease. Attached hereto, as Exhibit B5, is a copy of Plaintiff's letter. By that letter, Plaintiff set forth what I perceived to be frivolous grounds to contest the landlord's decision to not renew the lease.

9.  During Legal Aid's representation of Mr. Stebbins, I found Mr. Stebbins to be

intelligent and had little trouble communicating with him. Mr. Stebbins' conduct toward me was similar in nature to the majority of clients I represent through Legal Aid. At no time, did Mr. Stebbins engage in any offensive conduct or make any offensive remarks toward me.

10. It is Legal Aid's policy and practice to provide legal services to any qualified individual regardless or age, race, sex, religion, national, origin color, and disability. At no time did I take any action against Mr. Stebbins inconsistent with Legal Aid's policy and practice.

FURTHER, AFFIANT SAYETH NOT.

Dated this 5th day of September, 2012

_____
Michael Loggains

## VERIFICATION

STATE OF ARKANSAS  )
                   )ss.
BOONE COUNTY       )

I, Michael Loggain, certify that the facts contained in the foregoing document are true and correct to the best of my knowledge, information and belief.

MELANIE MCLEAIN
MY COMMISSION # 12388899
EXPIRES: July 31, 2022
Boone County

_____
Michael Loggains

Subscribed and sworn to before me this 5 day of September, 2012.

_____
Notary Public

My Commission Expires:
July 31, 2022

3



# LEGAL AID of ARKANSAS
Equal Access to Justice

February 24, 2011

David Stebbens
1407 North Spring Road
Apt. 5
Harrison, AR 72601

RE: *Lease/Eviction case*

Dear Mr. Stebbens,

Legal Aid has received and reviewed your application for services. I will represent you in the eviction matter which you currently face.

Enclosed please find two standard documents which you must sign and return to our office before we can provide any further assistance. Please get these back to us as soon as possible.

When you came by the office yesterday, I provided you with a copy of my letter to Stephanie Sanders, the property manager, asking for the eviction hearing to which you are entitled. If you hear anything further from Ms. Sanders or anyone else affiliated with the apartments, tell them that you have an attorney and that they should feel free to call me at any time.

With kindest personal regards, I am,

Very truly yours,

Michael Loggains
Attorney at Law



LSC
FUNDED BY
Legal Services Corporation

HARRISON
816 North Main Street, Suite B • Harrison, AR 72601
Phone: (870) 741-2454 • Fax: (870) 741-4255
Toll Free: (800) 967-9224



EXHIBIT B1

## CLIENT RETAINER AGREEMENT

I authorize:
- The attorneys of Legal Aid of Arkansas (LAA) to represent me in the following legal problem:
  Click here to enter text.
- The non-attorneys at LAA to work on my case under the immediate supervision of an attorney, where the law permits.
- My representative at LAA to do what is legally necessary in handling my case, including negotiation, litigation and administrative hearings.

Fees and Costs:
- I understand that LAA will not charge a fee for their legal representation but that I am responsible for all court costs and related litigation expenses.
- If LAA advances expenses on my behalf, I agree to reimburse LAA if I am financially able, and authorize LAA to retain such expenses out of any award that I might receive through a court or administrative agency.
- I authorize LAA or my volunteer private attorney to claim, collect and retain from the opposing party attorney's fees and litigation expenses that may be awarded by the Court or as part of a settlement agreement.

Eligibility:
- I acknowledge that the financial information I have provided to establish my eligibility for services is true and correct.
- I will notify LAA of any change in my income, household size or property.

Cooperation:
- I will notify LAA of any changes in my telephone number or mailing address and will fully cooperate with LAA in all areas related to my case.

Referral:
- I understand that my case may be referred to a private attorney who has volunteered to assist LAA and who will represent me without payment of an attorney fee and authorize LAA to release any and all information regarding my case to the private attorney volunteer.

Appeal:
- I understand that if I lose my case in court or at an administrative hearing, LAA will not automatically appeal the matter to a higher court.
- I understand that LAA will make a separate decision as to whether they will appeal my case and that this decision will be based on LAA's opinion as to whether there is merit for an appeal and whether the time expended on appeal would be a proper allocation of its limited resources.

Settlement:
- I understand that LAA will not settle my case without my approval and agree that I will not settle my case unless I have discussed the settlement with my case handler first.

Termination:
- I can end this agreement at any time by giving notice to my case handler that I no longer want LAA to represent me in my case.
- LAA may end this agreement if my eligibility status changes, if I fail to communicate with or cooperate with my case handler or for other just cause.

Complaints:
- I have a right to file a complaint with LAA if I am dissatisfied with the services provided to me or if I am found ineligible for services and understand that a copy of the formal complaint procedure will be provided to me upon request.

Disclosure to LSC:
- I understand that, subject to the provisions of the attorney-client privilege, certain information, including my name, eligibility status, etc., may be disclosed to the Legal Services Corporation or its authorized agents.

Dated this 27th day of February, 2011.

_David Stebbins_
Client Signature

_____
Legal Aid of Arkansas Representative

NOTE TO APPLICANTS/CLIENTS: Because Legal Aid of Arkansas receives funding from the Legal Services Corporation, this statement is required pursuant to Section 45 of the Code of Federal Regulations, Part 1626.6(a). Legal assistance cannot be provided until you have signed and returned this statement to Legal Aid of Arkansas.

## CITIZENSHIP ATTESTATION

I am a citizen of the United States.

_____   Feb. 27, 2011
Signature                    Date

David Stebbins
Printed Name



LEGAL AID of ARKANSAS
Equal Access to Justice

June 16, 2011

David Stebbens
1407 North Spring Road
Apt. 5
Harrison, AR  72601

    RE:    *Advice Letter*

Dear Mr. Stebbens,

Please be advised that Legal Aid will be assisting you at this time by providing *advice only*, and that an attorney will not be further representing you in proceedings at this time. I am, with this letter, enclosing all original documents which you forwarded to me to review.

I discussed your current housing arrangements with the Housing Authority and property manager Stephanie Sanders this morning. They have already made you aware that they are terminating your contract with the housing facility which you are currently in. They have the right to do this. The Residential Lease/Rental Agreement was initially entered on August 13, 2008 for a period of 6-months. After that 6-month period, the term of this lease shall automatically extend at the completion of the initial term for a term of one month…. Under the Default and Termination paragraph, it states that either party may terminate this lease after the initial term by written 30-day notice of such intent.

Please be advised that this is not an eviction. It is just that the contract is able to be terminated, and it is my understanding that it has been. This will not prevent you from applying for and hopefully receiving further financial housing assistance in the future.

The legal advice provided up to this time concludes our services to you at this time. Therefore, I am closing your file. If your situation changes or you need legal assistance in the future on another matter, please contact the HelpLine at **1-800-9 LAW AID (1-800-952-9243)** to reapply for service.

With kindest regards and best wishes, I remain,

                                        Sincerely yours,

                                        Michael Loggains
                                        Managing Attorney

Enclosure

LSC
FUNDED BY
Legal Services Corporation

HARRISON
816 North Main Street, Suite B • Harrison, AR 72601
Phone: (870) 741-2454 • Fax: (870) 741-2455
Toll Free: (800) 967-9224



EXHIBIT B2

David A. Stebbins<br>
1407 N Spring Rd.<br>
APT #5<br>
Harrison, AR 72601<br>
870-204-6024

Dear Legal Aid of Arkansas, Harrison Division,

    I am David A. Stebbins. I was instructed to sign these two documents and return them to you in order for you to take my case. That is what I am doing now. Also, the retainer says that I must inform you of any changes in my financial situation; allow me to take the opportunity to do that now. I am using a website called www.faxzero.com, which allows me to send faxes of up to three pages (excluding the cover page) for free, in exchange for having an ad on the cover page; I hope that's okay.

    I was suing a person in federal court. On the date of Wednesday, February 23, 2011, we reached a settlement. I agreed to drop the case in exchange for a sum of $300.00. This money has already been paid in full.

    Now, please, do not just increase my income for this month by $300.00. As your records will indicate, I receive Supplemental Security Income from the federal government, due to me having Asperger Syndrome. I am no longer in school, so this $300 will reduce my SSI eligibility.

    I understand that non-students can make up to $65 per month, without penalty to their SSI. After that, I am penalized half of the remaining income. This means that I will be penalized for $235. Half of that is $117.50. This means that, next month (I assume April, since neither of you will have time to update my case for March), my SSI will be reduced to $556.50. Add the $300 that I received as part of this settlement, and that means that my applicable income for April will be $856.50. So, I should still qualify for your services.

    Thank you.

Sincerely,<br><br>
*David A Stebbins*<br>
David Stebbins

EXHIBIT B3



# LEGAL AID of ARKANSAS
Equal Access to Justice

February 28, 2011

David Stebbens
1407 North Spring Road
Apt. 5
Harrison, AR 72601

RE: *Lease/Eviction case*

Dear Mr. Stebbens,

This is in regard to your emails recently received.

In regard to your request for legal assistance in a Title III of Americans with Disabilities Act, I must at this time direct full and complete attention to the eviction case. Due to limited staff and resources, we must limit our representation to the cases which we accept.

With kindest personal regards, I remain,

Very truly yours,

Michael Loggains
Attorney at Law



LSC
FUNDED BY
Legal Services Corporation

HARRISON
816 North Main Street, Suite B • Harrison, AR 72601
Phone: (870) 741-2454 • Fax: (870) 741-4255
Toll Free: (800) 967-9224



EXHIBIT
B4

June 18, 2011

Dear Legal Aid of Arkansas,

This is David Stebbins. I am writing (not coming in, because I am currently without a vehicle, due to an auto accident) in regards to my case against Harp & Associates.

I should point out that I will not provide any exhibits in this fax... not because I don't feel like it, but because, as you can see, I am faxing this, and my faxing service would charge me out the butt if I were to fax anything more than three pages. You have my email address; feel free to ask for exhibits over email if you want them.

You said that Harp has the right to refuse to renew my lease agreement, but I beg to differ. You have probably heard about employers or landlords (especially in this case, landlords) posting terms on bulletin boards or tenants' doors, announcing an intent to unilaterally modify the lease agreement, right? Typically, if a tenant remains in the apartment for a certain length of time (usually one or two billing cycles), that triggers the tenants' acceptance to the modified terms.

You are familiar with that, right?

Well, here is what they don't tell you: If they can do it, then so can I.

Mr. Jenkins has been taking numerous questions of mine in an advice-only and non-representative capacity regarding a pro se matter I am currently litigating in court against my father, which is very similar in terms of "you're delving into uncharted territory regarding whether or not this is legally valid," so he might be able to answer some questions that I have not answered in this letter. If you still have questions even after reading this and asking him, feel free to contact me.

Anyway, on March 12, 2011, I sent an email to Harp & Associates announcing *my* intention to pay $200 in the April 2011 rent, rather than the $192 that I normally pay. If they accepted that additional eight dollars, it would trigger their acceptance to a lease amendment of my own. This lease agreement stated, among other things, the following:

1. They won't evict me (including failing to renew the lease) for any reason except repeated failure to pay the rent. For anything else (e.g. keeping the place clean), they have to get a specific performance. Even for repeated failure to pay the rent, they can't evict me until they get leave from an arbitrator. Oh wait, did I forget to mention that...
2. We agree to settle all legal disputes – even those not related to the contract – to binding arbitration. This would render irrelevant – as far as the court is concerned – the above-stated provision. The validity of the above-stated provision must be determined by the arbitrator.
3. If I send them an arbitration invitation, and they do not accept it within 24 hours of receiving it, I automatically win the relief requested, without even having to *go* to arbitration. I like to call this provision the "forfeit victory clause."

Well, Harp took the bait, hook line and sinker. On April 1, I went into Harp's office and handed Stephanie a check for $200. Without any exchange of words between us, she wrote the receipt for $200 (meaning that she knew exactly how much it was for) and saw me out the door. I'm not kidding. She didn't even stare awkwardly at the check for a brief moment... as if she already knew what was going to happen!

So, when I received notice that they were not renewing my lease, I sent them an invitation to arbitrate, over email. The request to arbitrate consisted of a demand for a specific performance to stay their refusal to renew my lease, and $75,000 in damages. Would I have won those damages if I had gone to arbitration? At this point, it is irrelevant because, as you may have guessed, they didn't accept it within the 24 hour time limit.

Therefore, on June 2, 2011, I filed a motion in Boone County Circuit Court to confirm the arbitration award. I also filed a motion for a preliminary injunction ordering them to stay their termination process until we can sort this matter out.

I do not know the case number, but it shouldn't be too hard to find. After all, how many cases do you think were filed in 2011 in this one court which had a guy named David Stebbins as the plaintiff and Harp & Associates as the defendant? Hopefully, you should be able to find the actual documents I

EXHIBIT B5

filed with the court if you want to review them. I can also email what I have; you need only ask.

One way that you can help me in a representative capacity is to represent me in this civil proceeding, attempting to confirm the arbitration award. If you help me in this one, it will probably be the last time in a long time that you have to help me like this... because I will have too many assets to qualify for your services.

Furthermore, the circuit judge is taking his dear sweet time granting this motion for a preliminary injunction. It has gotten to the point where I'm asking the AR Supreme Court for a writ of mandamus (I know you're supposed to wait at least three months for that, but in this case, I only *have* one month to wait).

If you can somehow convince the Honorable Shawn Womack to hurry it up and grant the preliminary injunction before the month is out and it's too late, then that is all I would probably need from you... and I can handle the rest myself (with Mr. Jenkin's continued advice-only assistance, of course). If you can do that *one thing*, then I hope I can handle the rest.

Alternatively, you could try to sweet-talk some kind of explanation out of Hon. Womack for me as to *why* he is taking so long! Maybe he has a perfectly good reason for allowing the termination of the lease to become active before he makes a ruling that wouldn't make any difference, then.

Whatever path you take, I implore you to reconsider your refusal to help me in this case... or at least ask a local private attorney to represent me pro bono. Either way, please don't just leave me high and dry in my hour of greatest need.

And when I say "greatest" need, I mean it. Finding another place is not a reasonable option to me, not because of money or anything, but because nobody seems to have a vacancy available! I don't know where else to turn!

Please help me... even if it is merely expediting the preliminary injunction.

Sincerely,

*David Stebbins*

David Stebbins