

**LEGAL AID of ARKANSAS**
Equal Access to Justice

Lee Richardson <lrichardson@arlegalaid.org>

## Email from Stebbins, and the letter he refers to in complaint

Mike Loggains <mloggains@arlegalaid.org>                    Thu, Jul 21, 2011 at 1:46 PM
To: Lee Richardson <lrichardson@arlegalaid.org>, Marshall Prettyman <mprettyman@arlegalaid.org>

---------- Forwarded message ----------
From: **David Stebbins** <stebbinsd@yahoo.com>
Date: Wed, Jun 22, 2011 at 2:40 PM
Subject: Offer for settlement
To: Michael Loggains <mloggains@arlegalaid.org>

Dear Mr. Loggains,

This is David Stebbins. I understand that you wish to drop me from legal aid's services in its entirety, because, apparently, you disagree with the morality of one of my cases.

I should inform you that I have legal rights, and I am prepared to seek to enforce them pro se, if I have to. You do not have to provide me representative services, but Chris Jenkins has been providing me with a good deal of advice-only counsel in a variety of my cases, including the one against Harp & Associates.

Under Rule 64(b) of the Arkansas Rules of Civil Procedure, once an attorney starts providing assistance in a case, he can't stop without permission from the court, and even then, he must demonstrate that he has taken reasonable precautions to prevent me from being prejudiced.

According to Rule 64(a), you are only required to actually put your name on record if you actually represent me. However, there is no such requirement for advice-only counsel. However, Rule 64(b) clearly applies to other types of legal assistance besides representation.

Furthermore, you are forbidden under federal statute from discriminating against me. When I first came on board with Legal Aid, back in February, I informed you, via fax, of a disability I possess called Asperger Syndrome, a neurological disability that makes it difficult for me to predict when my words may offend people. This means that I am entitled to accommodations under Title III of the Americans with Disabilities Act. Considering the primary symptom, the best reasonable accommodation you can give me is to ignore anything that might offend you unless I am doing it deliberately with the intention of offending you.

Considering my Aspergers', how was I supposed to know that you would become so offended by the nature of this case – this *one case* – that you would drop me from your clientel altogether? It is one thing to refuse to take a case. It is another thing entirely to refuse to take any more cases, just because of one single case that you don't want to take.

**EXHIBIT I**

I will offer you one chance to settle this out of court. I have not yet decided whether or not I will pursue it in state court, under Rule 64(b) of the AR Rules of Civil procedure, or in Federal Court, under the Americans with Disabilities Act, but I know that, if this settlement agreement is not met, we'll be duking it out in court.

I want to be reinstated into your clientel, immediately, and have the advice that Jenkins has been providing me to be reinstated full-force.

If you accept that before closing on Thursday, June 23, 2011, I will not file any suits against you.

Thank you.

Sincerely,
David Stebbins


Michael Loggains
Managing Attorney
Legal Aid of Arkansas
816 North Main Street, Suite B
Harrison, AR 72601
PH 870-741-2454, ext. 5303
FX 870-741-4255


Letter to client 6-20-11.doc
24K