IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                                       PLAINTIFF

vs.                                               Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                                                    DEFENDANT

### STATEMENT OF UNDISPUTED MATERIAL FACTS

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and for its Statement of Undisputed Material Facts, filed in support of its Motion For Partial Summary Judgment, states and alleges as follows:

1. On or about February 22, 2011, Plaintiff completed an application for legal services from Legal Aid regarding his landlord's, Harp & Associates (the "landlord"), attempts to evict Plaintiff from his apartment (the "Eviction"). Legal Aid accepted Plaintiff's application, and, from February 24, 2011 to June 16, 2011, represented Plaintiff in regard to the Eviction. (See Exhibit C and F).

2. Michael Loggains ("Loggains"), an attorney-at-law and an employee of Legal Aid at its Harrison, Arkansas office, was Plaintiff's acting attorney. (See Exhibit C).

3. Plaintiff has a history of filing frivolous lawsuits. (See Dkt. No. 56).

4. During Legal Aid's representation of Plaintiff, Plaintiff continuously requested Legal Aid to represent him in, or asked for advice regarding, multiple other civil cases. Loggains declined each of these matters and continuously reminded Mr. Stebbins that Legal Aid would only represent him on the matters that Legal Aid accepted; that he would have to fill out an application for service for Legal Aid to consider representing him in any other matter. (See Exhibit B).

5. Loggains questioned the merit of many of the cases for which Plaintiff subsequently sought representation or advice. (See Exhibit B).

6. On one occasion, February 28, 2011, Loggains, in response to a prior letter from Plaintiff, responded stating that due to the limited staff and resources Legal Aid has that it must limit its representation to the cases Legal Aid accepts. (See Exhibits D and E, respectively).

7. Plaintiff never completed an application for legal services for any of these subsequent matters. (See Exhibit B).

8. On or about March 18, 2011, Legal Aid represented Plaintiff in front of the Federal Housing Authority regarding his eviction. Legal Aid was successful, and Plaintiff's landlord agreed to not pursue the eviction, but rather decided to not renew Plaintiff's lease, which expired on June 30, 2011. (See Exhibit F)

9. On June 16, 2011, after examining the landlord's decision to not renew Plaintiff's lease, Loggains wrote Plaintiff advising him that his landlord was legally within its right to not renew the lease, and that "[t]he legal advice provided up to this time concludes [Legal Aid's] services to you at this time. Therefore, I am closing your file." (See Exhibit F). Within that same letter, Loggains, again, informed Plaintiff that if he needed legal assistance in another matter to contact Legal Aid's hotline to reapply for services. *Id.* Legal Aid closed Plaintiff's file.

10. On June 18, 2011, Plaintiff faxed Legal Aid a letter disagreeing with Loggains' opinion – that his landlord had a right to not renew the lease – and asked Legal Aid to reconsider its decision to close his file. (See Exhibit G). Within that letter, Plaintiff asserted that the landlord did not have the right to not renew the lease and explained his legal theory therefore. *Id.*

11. The legal theory proposed by Plaintiff against his landlord has been held as wholly meritless in numerous courts. (See Legal Aid's Brief In Support of Motion For Partial Summary Judgment, n. 1). Loggains disagreed with Plaintiff's legal theory, and considered it frivolous. (See Exhibit B).

12. On June 20, 2011, Loggains wrote Plaintiff declining to represent him any further. (See Exhibit H).

13. On June 22, 2011, Plaintiff emailed Loggains requesting that he be reinstated into Legal Aid's clientele immediately. (See Exhibit I). Within that email, Plaintiff asserted that Legal Aid's decision to no longer represent him amounted to disability discrimination based on Plaintiff's alleged Aspergers' Syndrome. *Id.* Loggains did not respond to Plaintiff's email.

14. On July 20, 2011, Plaintiff filed his Complaint. (Dkt. No. 1).

WHEREFORE, Legal Aid of Arkansas prays that its Statement of Material Facts be taken as true, and for all other relief it may be entitled.

                                    LEGAL AID OF ARKANSAS

                                    BY: /s/ J. David Dixon
                                          Don A. Taylor        #89139
                                          J. David Dixon      #05251
                                          DAVIS, CLARK, BUTT, CARITHERS
                                              & TAYLOR, PLC
                                          19 E. Mountain Street
                                          P.O. Box 1688
                                          Fayetteville, AR 72702-1688
                                          Telephone: (479) 521-7600
                                          Facsimile: (479) 521-7661
                                          Email: ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins
Boone County Jail
5800 Law Drive
Harrison, AR 72601

         By: /s/ J. David Dixon
            Don A. Taylor    #89139
            J. David Dixon    #05251
            DAVIS, CLARK, BUTT, CARITHERS
              & TAYLOR, PLC
            19 E. Mountain Street
            P.O. Box 1688
            Fayetteville, AR 72702-1688
            Telephone: (479) 521-7600
            Facsimile: (479) 521-7661
            Email: ddixon@davis-firm.com