IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                PLAINTIFF

     v.                                  Civil No. 11-3057

LEGAL AID OF ARKANSAS                                               DEFENDANT

## ORDER

     Currently before me are a motion for sanctions (Doc. 68) filed by the Defendant and a motion for protective order (Doc. 71) filed by the Plaintiff.

     **Motion for Sanctions** (Doc. 68)

     In the motion for sanctions, Defendant indicates it provided Plaintiff with written notice of their intent to take his deposition on July 5, 2012, at 10:00 a.m. at the J. Smith Henley Federal Building in Harrison, Arkansas.  Plaintiff failed to appear at the deposition.

     Pursuant to the provisions of Rule 37(d) of the Federal Rules of Civil Procedure, Defendant asks that the case be dismissed and it be awarded compensation for the time and expense it incurred as a result of Plaintiff's failure to appear.  Defendant points out that Plaintiff has a long history of vexatious and abusive litigation.

     In opposition, Plaintiff states he was given insufficient notice of the deposition-- only thirteen days.  Further he maintains he made good faith attempts to attend the deposition.  When he received the notice, Plaintiff states he believed it was scheduled for 2:00 p.m. and calendared it accordingly.  When he checked his e-mail at approximately 12:30 p.m., Plaintiff states he received the e-mail from Defendant stating that Plaintiff was late for the deposition.  When he did attempt to go to Harrison, Plaintiff states his car broke down.  He indicates he repeatedly

-1-

attempted to call the Courthouse but no one picked up.  Plaintiff then suggests Defendant may have altered the original notice --"an attempt to bait-and-switch" Plaintiff.  (Doc. 70 at pg. 3). Plaintiff also argues the Defendant made no attempt to reschedule the deposition.  If sanctions are awarded and the condition be imposed that the case not proceed until the sanctions have been paid, Plaintiff asserts this would effectively put an end to the case due to Plaintiff's inability to satisfy it.

In view of Plaintiff's indigent status, the Court declines to award Defendant sanctions. The motion (Doc. 68) is denied.

Defendant is granted leave to depose Plaintiff pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure.  **The District Court Clerk is directed to send a copy of this Order to the Sheriff Danny Hickman , Boone County Jail, 5800 Law Drive, Harrison, AR 72601.** The Order should be sent to the Sheriff by certified mail with return receipt requested.  Plaintiff shall be allowed to have his legal materials relating to this case in his possession during the deposition.

**<u>Motion for Protective Order</u>** (Doc. 71)

The motion for a protective order (Doc. 71) is denied.  It dealt with a deposition scheduled for July 31, 2012.

IT IS SO ORDERED this 10th day of September 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-2-