IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                     PLAINTIFF

v.                              Civil No. 11-3057

LEGAL AID OF ARKANSAS                                                      DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, David Stebbins, filed this action pursuant to Title III of the Americans with Disabilities Act (ADA).  He proceeds *pro se* and *in forma pauperis*.

Plaintiff maintains Defendant violated the ADA in the following ways: (1) denying him legal services because of his disability; and (2) retaliating against him by refusing to handle other legal matters.

Pending before me are two motions for partial summary judgment filed by the Plaintiff (Doc. 37 & Doc. 58).  Defendant has also filed a motion for partial summary judgment (Doc. 52).

### 1.  Background

Plaintiff has Asberger's Syndrome.  (Doc. 39 at pg. 5).  As berger Syndrome is a developmental disorder.  "Asperger syndrome is often considered a high functioning form of autism. It can lead to difficulty interacting socially, repeat behaviors, and clumsiness." http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0002516/ (accessed September 4, 2012).

On February 15, 2011, Plaintiff was served with a notice of eviction alleging unsanitary conditions and fire hazards due to a large number of electrical devices being plugged in.  Plaintiff sought *pro bono* representation and services in connection with an eviction proceeding.  (Doc. 39 at pg. 9).  Plaintiff met Defendant's income guidelines and Defendant agreed to represent Plaintiff in connection with the eviction proceeding.  (Doc. 39 at pgs. 9-11).

-1-

On February 27, 2011, Plaintiff signed a client retainer agreement. (Doc. 39 at pg. 12). Among other things, the agreement provided that if Plaintiff lost the case, Defendant would not automatically appeal the matter to a higher court. Instead it stated it would "make a separate decision as to whether they will appeal [the] case and that this decision [would] be based on [Defendant's] opinion as to whether there is merit for an appeal and whether the time expended on appeal would be a proper allocation of its limited resources." (Doc. 39 at pg. 12).

On May 31, 2011, Defendant issued a notice that stated they would not be renewing his lease which ended on June 30, 2011. His landlord was Harp & Associates LLC.

In an undated letter, Plaintiff asked for assistance with an ADA case he had filed against Full Sail University, *Stebbins v. Full Sail University*, Civil No. 10-3090. (Doc. 47-4). Presumably, in response to this undated letter, on February 28, 2011, Michael Loggains wrote that Defendant could not assist the Plaintiff with an ADA case and would have to direct its full and complete attention to the eviction case. (Doc. 47-6).

Plaintiff brought an abuse of process claim against Harp & Associates. Plaintiff states the abuse of process case was dismissed because he was unable to perfect service on process.

On June 16, 2011, Michael Loggains, Managing Attorney for Defendant, sent the Plaintiff an advice letter. (Doc. 47-1). Plaintiff was told that the non-renewal of his lease was not an eviction. *Id.* Further, the letter stated that the legal advice provided up to that time "concludes our services to you." *Id.*

On July 20, 2011, Plaintiff filed this ADA law suit. Prior to service on it, Defendant learned of the lawsuit on PACER. (Doc. 39 at pg. 14).

-2-

On September 3, 2011, Plaintiff contacted Defendant for assistance in an appeal from an adverse ruling in an unlawful detainer action and in connection with a stay of eviction until the appeal was finalized.  (Doc. 42-2).   By letter dated September 6, 2011, Defendant stated that it would not represent Plaintiff on the appeal for the following reasons: Defendant was not allowed to taken an appeal when Defendant did not represent the person at the trial level; the order of possession in the unlawful detainer action was not a final appealable order; and, due to a conflict of interest created by Plaintiff's having brought suit against Defendant.  (Doc. 39 at pg. 13; Doc. 47-3; Doc. 47-7).  Finally, Defendant states that simply because Defendant represented Plaintiff in the past did not mean it would represent him on other matters.  *Id.*  Instead, Defendant advised Plaintiff he would need to submit a new application for representation if he wanted Defendant to represent him on another matter.  *Id.*

### 2.  Applicable Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."  *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient

evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment."  *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### 3.  Discussion

### (A).  Plaintiff's Motion for Partial Summary Judgment on the Retaliation Claim

The ADA prohibits disability discrimination in three areas: employment; public services; and public accommodations.  Additionally, the ADA prohibits retaliation against individuals who engage in acts protected under the ADA.  42 U.S.C. § 12203(a).  Specifically, it provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."  *Id.*  "Unlike a plaintiff in an ADA *discrimination* case, a plaintiff in an ADA *retaliation* case need not establish that he is a 'qualified individual with a disability.'"  *Krouse v. Am. Sterilzier Co.*, 126 F.3d 494, 502 (3d Cir. 1997).

The remedies for retaliation are "defined in Subsection 12203(c) by reference to the remedial sections of the applicable subchapter.  Therefore, the remedies afforded to a plaintiff are determined by the context in which the retaliation occurred."  *B.K. ex rel. Keller v. Lake Oswego School District*, 2011 WL 7478817 (D. Or. Oct. 24, 2011)(citing *Stern v. California State Archies*, 982 F. Supp. 690, 693 (E.D. Cal. 1997)).   In this case, the claims are brought in the context of a claim of discrimination in a place of public accommodation.

-4-

To establish a *prima facie* case of retaliation under the ADA, Plaintiff must establish that: (1) he engaged in protected conduct; (2) an adverse action was taken; and (3) there was a causal connection between the protected conduct and the adverse action.   *See e.g., Williams v. Philadelphia Housing Authority Police Dept.*, 380 F.3d 751, 759 (3d Cir. 2004); *Shotz v. City of Plantation, Fla*., 344 F.3d 1161 (11th Cir. 2003).  Once a prima facie case is made the burden shifts to the Defendant to present a non-retaliatory reason for the adverse action.  *See e.g., McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).  The burden them shirts back to the Plaintiff to prove by a preponderance of the evidence that the articulated reason is a pretext for retaliation.  *Id.* at 804.

In this case, Plaintiff maintains that the Defendant's refusal to provide him legal services constituted both a discriminatory action in a place of public accommodation and retaliation.  His first request for representation was in connection with an eviction proceeding.  Defendant provided representation and legal advice on this issue.  In fact, Plaintiff stated he was "most pleased with the quality of the service" he had received so far.  (Doc. 47-4).

Thereafter, Plaintiff was denied representation on an appeal and an abuse of process case for policy reasons--the alleged retaliatory acts.  In addition to the policy reasons stated, one factor in denying Plaintiff representation on other matters was the existence of this lawsuit.  This was not an act of retaliation but a result that flowed directly from the Plaintiff's action in placing Defendant in the position of being an adversary.  *See Rule 1.16 of the Arkansas Rules of Professional Conduct.*

-5-

**(B).  Plaintiff's Motion for Partial Summary Judgment Based on Admissions** (Doc. 58)

In this motion, Plaintiff states he served Defendant with a second set of requests for admissions on March 13, 2012.  Plaintiff maintains the Defendant did not respond by the March 14, 2012, deadline.  As such, he contends all facts included in the requests are deemed admitted and he is entitled to judgment in his favor on his discrimination claim.

Defendant maintains it replied to the requests for admission in a timely manner but that "due to the Court's clerical error, the responses were sent to an incorrect address." (Doc. 62 at pg. 1).

Plaintiff's requests for admission were mailed on March 14, 2012.  At the time, Plaintiff was incarcerated in the Boone County Detention Center.  On March 23, 2012, Plaintiff submitted a change of address to the Court (Doc. 50).  The address he provided was 8527 Hopewell Rd., Harrison, AR 72601.  The address entered in the docket text was 123 W. Rodge St., Apt. D. Harrison, AR 72601.  Clearly, a clerical error was made.

On April 12, 2012, Defendant mailed the discovery responses to the 123 W. Rodge Street address.  On April 25, 2012, Defendant sent the a second copy of the discovery responses to Plaintiff's correct address.  The motion for summary judgment should be denied.

**(C) Defendant's Motion for Partial Summary Judgment** (Doc. 52)

Defendant moves for partial summary judgment on the retaliation claim.  First, they argue Plaintiff cannot establish a prima facie case of retaliation because representation was declined for legitimate non-retaliatory reasons.  Second, they argue compensatory and punitive damages are not available.

For the reasons discussed above, Defendant is entitled to summary judgment on this claim. It is therefore unnecessary for the Court to discuss the availability of compensatory or punitive damages in retaliation cases.

**4. Conclusion**

For the reasons stated, I recommend that Defendant's motion for partial summary judgment on the retaliation claim (Doc. 52) be granted. Further, I recommend that Plaintiff's two motions for partial summary judgment (Doc. 37 & Doc. 58) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of September 2012.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)