U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
SEP 13 2012
CHRIS R. JOHNSON, CLERK
DEPUTY CLERK

U.S. District Court for the
Western District of AR.

David Stebbins                           Plaintiff

vs          Case No. 11-3057

Legal Aid of Arkansas              Defendant

## OBJECTION TO R+R

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following objection to Magistrate Judge Marchewski's report and recommendation.

Marchewski claims that my retaliation claim should fail because Defendant's decision to not represent me "was the natural flow of [me] placing them as an adversary." He cites the AR Rules of Proffessional Conduct to back up his claim. However, in doing so, Marchewski pleasantly ignores the argument I raised in the summary judgment itself: Conflicts of interest are created at the state level [of government]. The Americans with Disabilities Act is a federal statute. Even small children know that federal law will always trump state law whenever the two conflict.

At the deposition, Defense counsel pointed the Federal Rules of Proffessional Conduct. However, that still should not

help them because the FRPC are administrative regulations. Just as the Constitution is a higher priority than statutes, statutes are, in turn, a higher priority than administrative regulations.

Next, Marchewski believes that my second motion for partial summary judgment should be denied because Defendant's failure to send their responses to my requests for admissions to the correct address was based on the clerks' error. Again, in order to reach this conclusion, he must conveniently ignore the counter-argument I raised in the reply to defendant's response: Although the Clerks made the mistake, they quickly corrected it, and notified the parties of the correction a mere three days after the mistake was made. I received notice of the correction in the mail, which means Defense counsel received it on ECF. They were notified of the correct address, long before they sent their response. It is still Defendant's fault for getting the address wrong!

But let's assume that the Clerks didn't notify Defendant of the correction. Is that really something the Court

wishes to endorse? Think about it: Notifying the parties of any activity in the case is a purely ministerial act, which means that, if it didn't happen, the United States <u>herself</u> becomes liable! See <u>Antoine v. Byers & Anderson</u>.

In other words, you can either hold the Defendants accountable for their mistake, or your own clerks for their's. It's them, or you.

And don't get any ideas about holding the clerks harmless, anyway, simply because judicial immunity means there will be no repurcussions. I will first try to have the case heard in the District of Columbia, because that's where the Defendant (the United States) is headquartered. However, even if a technicality is exploited that gets the case transferred, I will still subpoena both Marchewski and Holmes as witnesses (judicial immunity may be immunity from <u>suit</u>, but there is nothing to stop them from being called as witnesses). Either way, neither of you will preside, so you won't be able to pull strings.

For these reasons, Marchewski's R&R should be rejected, and both of my motions for ~~summary~~ partial summary judgment should

be granted.

David Stebbins
David Stebbins
5800 Law Dr.
Harrison, AR 72601

David Stebbins
800 Law Dr.
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701