IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                           PLAINTIFF

vs.                                        Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                                    DEFENDANT

## OBJECTIONS TO REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and for its Objections To Report And Recommendation Of The Magistrate Judge, Dkt No 77, states and alleges as follows:

Legal Aid has no objections to the conclusions made by the Honorable James R. Marschewski ("Magistrate") and asserts that its objections herein do not change the Magistrates' conclusions. Legal Aid objects to certain factual findings made by the Magistrate. Specifically, Legal Aid objects to the Magistrate's finding that:

1.      "Plaintiff has Asberger's Syndrome." (Dkt 77, pg. 1);

2.      the deadline for Legal Aid to respond to Plaintiff's requests for admissions was "March 14, 2012." (Dkt. No. 77, pg. 6);

3.      Plaintiff filed a "change of address." (Dkt. No. 77, pg. 6).

**1.    Asperger's Syndrome**

The Magistrate's finding that Plaintiff has Asperger's Syndrome is largely inconsequential to Plaintiff's retaliation claim, the subject of the Magistrate's Report and Recommendation, as the finding of a disability, which Asperger's Syndrome may qualify as same, is not an prima facie element for retaliation. (See Dkt No. 53, pg. 3). Still, for Plaintiff's discrimination and failure to modify claims, which Plaintiff also alleges against Legal Aid, and which have been addressed in

Legal Aid's most recent motion for partial summary judgment, Plaintiff must prove he suffers from a disability.  (See Dkt No. 74, pg. 8-12).  Legal Aid objects to the Magistrates finding that Plaintiff has Asperger's Syndrome to the extent it creates, as a matter of record, that Plaintiff suffers from Asperger's Syndrome or a disability.  Legal Aid contends that Legal Aid has not conceded, nor has Plaintiff proven, that he suffers from Asperger's Syndrome.

The Magistrate references Document No. 39, pg 5 to support his finding that Plaintiff has Asperger's Syndrome.  Page 5 at Document 39 is Legal Aid's Responses To Plaintiff's Requests For Admissions, which Plaintiff filed in connection with his Statement of Uncontroverted Facts. At Request For Admission No. 4, Plaintiff requested:

> When I informed you of my Asperger Syndrome, you accepted that I have it and requested no documentation.

(Dkt. No 39, pg. 5-6).  In response thereto, Legal Aid stated:

> Denied in part and admitted in part.  Defendant denies that it "accepted" that Plaintiff had Asperger Syndrome, but had no reason to doubt Plaintiff's representation regarding same.  Defendant admits that it did not request any documentation from Plaintiff to prove he had Asperger Syndrome.

*Id*.

Legal Aid contends that the Magistrate's finding of fact is erroneous as Legal Aid never admitted that Plaintiff had or has Asperger's Syndrome.  *Id*.  Rather, Legal Aid asserts that its response to Plaintiff's request for admission establishes nothing other than, at the time in question, that Legal Aid had no reason to question Plaintiff's representations that he had Asperger's Syndrome.  *Id*.  It is not an admission.  Furthermore, aside from bare allegations,  Plaintiff has not proven that he has Asperger's Syndrome.  (See Dkt. No 74, pg. 8-12).

### 2.    The Deadline For Responding To Plaintiff's Requests For Admissions

For this objection, Legal Aid contends that the actual deadline for responding to Plaintiff's Requests For Admissions was April 14, 2012, and not "March 14, 2012," as found by the Magistrate on page 6, first paragraph, of his report and recommendation.  (Dkt. No 44; Dkt No. 62 , Exhibit A; Dkt No. 63, n.2).

### 3.    The Change of Address/Clerical Error

For this objection, Legal Aid contends that Plaintiff never filed a change of address as referenced by the Magistrate on Page 6; that the change of address currently reflected as Document 50 is a prior pleading filed on September 27, 2011, improperly attached to Docket No. 50.  (Compare Document No. 50 with Document No.7).

Upon information and belief, Legal Aid contends that, at the time in question, Plaintiff filed no change of address with the Court, but that the Court Clerk, after having received mail, which had previously been sent to Plaintiff at the Boone County Detention Center, 5800 Law Dr., Harrison, AR 72601, returned as undeliverable (see entry dated 3/20/2012, no docket number), posted a text-only notice incorrectly stating that Plaintiff's new address was "123 Rodge St., Harrison AR 72601." Where the Court Clerk got this address is unknown.  Some time thereafter, the Court Clerk edited the text-only entry to correct Plaintiff's address to "123 Ridge St."  (See Dkt. No 7; Dkt. No 50; Dkt. No 62, Exhibit B; Dkt No. 63, pg. 3).  Legal Aid was never provided notice of this correction.

Legal Aid contends that Document 50 was improperly attached to the Court's prior text-only notice only recently.  (See Dkt. No 62, Exhibit B).

Again, Legal Aid's objection to the Magistrate's finding that Plaintiff filed a change of address does not change the Magistrate's conclusions.  A clerical error did occur – the posting of a text-only notice that Plaintiff's address was "123 Rodge St." as opposed to "123 Ridge St." – which caused Legal Aid to send its responses to the incorrect address.

WHEREFORE, Legal Aid of Arkansas prays that it Objections To Report And Recommendation Of The Magistrate Judge, Dkt No 77, be given due consideration by the district court, that the conclusions made by the Magistrate be accepted, but with the factual modifications as set forth herein, and for all other relief it may be entitled.

BY:    /s/ J. David Dixon
         Don A. Taylor         #89139
         J. David Dixon       #05251
         DAVIS, CLARK, BUTT, CARITHERS
            & TAYLOR, PLC
         19 E. Mountain Street
         P.O. Box 1688
         Fayetteville, AR  72702-1688
         Telephone: (479) 521-7600
         Facsimile: (479) 521-7661
         Email: ddixon@davis-firm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September,2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.  I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins
c/o Boone County Jail
5800 Law Drive
Harrison, AR 72601

By:    /s/ J. David Dixon
         Don A. Taylor         #89139
         J. David Dixon       #05251
         DAVIS, CLARK, BUTT, CARITHERS
            & TAYLOR, PLC
         19 E. Mountain Street
         P.O. Box 1688
         Fayetteville, AR  72702-1688
         Telephone: (479) 521-7600
         Facsimile: (479) 521-7661
         Email: ddixon@davis-firm.com