IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                          PLAINTIFF

vs.                                    Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                                         DEFENDANT

### PRETRIAL DISCLOSURES OF LEGAL AID OF ARKANSAS

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and for its Pretrial Disclosures pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, states as follows:

1. <u>The identity of the party submitting information</u>. The Defendant, Legal Aid of Arkansas, by and through its attorneys, Don A. Taylor and J. David Dixon.

2. <u>The names, addresses and telephone numbers of all counsel for the party</u>.

> J. David Dixon and Don A. Taylor
> DAVIS, CLARK, BUTT, CARITHERS & TAYLOR, PLC
> P.O. Box 1688
> 19 East Mountain Street
> Fayetteville, AR 72702-1688
> (479) 521-7600

3. <u>A brief summary of claims and relief sought</u>. Plaintiff proceeds pro se. Plaintiff asserts that Defendant violated Title III of the American With Disabilities Act by denying him legal services. Plaintiff maintains that he has a disability under the Americans With Disabilities Act, and that Defendant discriminated against him based on his alleged disability. Plaintiff further claims that Defendant retaliated against him by declining to accept subsequent legal matters for Plaintiff. Plaintiff seeks injunctive relief and compensatory and punitive damages in excess of $6,000,000.00.

4. <u>Prospects for settlement</u>. Plaintiff had previously offered to settle the matter for $6,094,000. Defendant declined. Defendant's counsel perceives it unlikely that the parties will reach an agreement to settle this matter.

5. <u>The basis for jurisdiction and objections to jurisdiction</u>. Plaintiff asserts federal question jurisdiction under 42 U.S.C. § 12101, *et seq*., the American With Disabilities Act.

6. <u>A list of pending motions</u>. The following motions are currently pending before the Court:

    a.    Plaintiff's Motion For Partial Summary Judgment on the retaliation claim (Dkt. No 37);

    b.    Plaintiff Motion For Partial Summary Judgment based on admissions (Dkt. No. 58);

    c.    Defendant's Motion For Partial Summary Judgment on the retaliation claim (Dkt. No 52);

    d.    Defendant's Motion For Partial Summary Judgment on the discrimination claim (Dkt. No. 73).

On September 10, 2012, the Magistrate issued his Report And Recommendation, Dkt. No. 77, whereby, the Magistrate recommends dismissal of Plaintiff's motions, Dkt. No. 37 and 58, and the granting of Defendant's motion, Dkt. No. 52. The Magistrate's Report and Recommendation does not address Defendant's Motion For Partial Summary Judgment on the discrimination claim, Dkt. No. 73, as it was filed later than the other motions and not considered by the Magistrate.

The parties await the Court's consideration of the Magistrate's Report and Recommendation, and upon Defendant's Motion For Partial Summary Judgment on the discrimination claim.

The deadline to file Motions In Limine is set for October 22, 2012. Defendant anticipates filing a Motion In Limine.

7.       <u>A concise summary of the facts</u>.  Defendant provides pro bono legal services to the indigent.  Plaintiff proceeds pro se and has a history of filing meritless and vexatious civil actions.

On or about February 22, 2011, Plaintiff completed an application for legal services with Defendant to represent him in regard to his landlord's attempts to evict Plaintiff from his apartment (the "Eviction").  Defendant accepted Plaintiff's application for legal services and, from on or about February 24, 2011 to June 16, 2011, represented Plaintiff in the Eviction.

During Defendant's representation of Plaintiff, Plaintiff continuously requested Defendant to represent him in multiple other matters and for advice on many of his other pro se cases.  Plaintiff never completed an application for legal services on any of these subsequent matters.  Nonetheless, Michael Loggain, Defendant's employee and the attorney handling the Eviction, reviewed many of these matters, and considered them meritless.  Because of the lack of merit of these separate cases and the limited time and resources Defendant had to take on any matter, Defendant declined Plaintiff's multiple requests for representation and advice in these separate matters.

On or about March 18, 2011, a hearing was held on the Eviction in front of the Federal Housing Authority.  Defendant was successful in its representation, and Plaintiff's landlord agreed to not pursue the Eviction.  Plaintiff's landlord later decided to not renew Plaintiff's lease, which expired on June 30, 2011.  Mr. Loggains examined the landlord's decision to not renew Plaintiff's lease and advised Plaintiff that his landlord was legally within its right to not renew the lease, and that, as of June 16, 2011, Defendant concluded its representation of Plaintiff.

Thereafter, Plaintiff wrote Defendant disagreeing with Defendant's opinion – that his landlord had a right to not renew the lease – and asked Defendant to reconsider its decision to close his file.  Plaintiff asserted meritless claims against his landlord in an attempt to convince Defendant

3

to take the matter.  Defendant wrote Plaintiff declining to represent him any further.  Plaintiff then writes Defendant alleging disability discrimination and threatens to sue if Defendant does not take the case.  Defendant does not respond.  It is from Defendant's decision to not represent Plaintiff in this separate matter that Plaintiff bases his claim of discrimination.

On July 20, 2011, Plaintiff filed his Complaint.  Despite his Complaint, on September 3, 2011, Plaintiff wrote Defendant seeking legal representation on an appeal of one of his pro se cases.  On September 6, 2011, Defendant wrote Plaintiff declining to represent Plaintiff for several legitimate, non-retaliatory reasons – one of which was the conflict of interest created by Plaintiff's present civil action against Defendant.  Based on this incident Plaintiff amends his Complaint to include a claim of retaliation.

8.   All proposed stipulations.  Neither party contests that Plaintiff sought and received pro bono legal services from Defendant regarding the Eviction; that Defendant successfully represented Plaintiff in the Eviction; that Defendant concluded its representation of Defendant in the Eviction; that Plaintiff's landlord later chose not to renew Plaintiff's lease; that, thereafter, Plaintiff requested Defendant to further represent him in what eventually turned into an unlawful detainer action against Plaintiff by his landlord; that Defendant declined to represent Plaintiff; and that after Plaintiff filed his present Complaint, he further sought additional legal services from Defendant, which Defendant declined.

9.   The issues of fact expected to be contested.  In dispute is whether Plaintiff has a "disability" as defined by the Americans With Disabilities Act, and whether the facts of the matter constitute discrimination and retaliation.

4

10. <u>The issues of law expected to be contested</u>.  That, as a matter of law, Plaintiff has failed to provide sufficient evidence that he has a "disability" or to support his claims for discrimination and retaliation.  The contested issues of law are more fully set forth in the parties' respective Motion For Summary Judgment pleadings.

11. <u>A list and brief description of exhibits, documents, charts, graphs, models, diagrams, summaries and similar objects which may be used in opening statement, closing argument or any other part of the trial</u>.

    (a) Defendants' claim file previously produced herein by Defendant, which includes, but is not limited to:

        i. Communications between Plaintiff and Defendant;

        ii. Communications between Defendant and third parties regarding the Eviction;

        iii. Communications between Plaintiff and third parties regarding the Eviction;

        iv. Internal notes, research, and administrative documents regarding the Eviction.

    (b) Affidavit of Michael Loggains;

    (c) Affidavit of Marshall Prettyman;

    (d) Plaintiff's deposition transcript and all exhibits thereto;

    (e) Literature, documents, and applicable rules relied upon by Marshall Prettyman in his examination of Plaintiff's request for legal services regarding his appeal;

    (f)    Defendant's internal policies;

    (g)    Laws and regulations applicable to Defendant's operation as a federally funded entity providing legal services to the indigent, including but not limited to those laws and regulations arising pursuant to the Legal Services Corporation Act;

    (h)    Pleadings and Court Orders from Plaintiff's other civil cases;

    (i)    Plaintiff's discovery responses;

    (j)    Any and all documents provided through discovery.

12.    <u>The names, addresses and telephone numbers of witnesses for the party</u>.

    (a)    Lee Richardson
714 S. Main St.
Jonesboro, Arkansas
870-972-9224

    (b)    Michael Loggains
213 W. Rush Ave.
Harrison, Arkansas
870-241-2454

    (c)    Marshall Prettyman
1200 Henryetta Street
Springdale, Arkansas
479-442-0600

    (d)    Chris Jenkins
Contact information unknown

    (e)    Stephanie Sanders
300 South Main
Harrison, Arkansas 72601
870-446-2730

    (f)    Jim Harp
300 South Main
Harrison, Arkansas 72601
870-446-2730

13. <u>The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.</u>  Discovery is complete.

14. <u>An estimate of the length of trial and suggestions for expediting disposition of the action.</u>  Plaintiffs anticipate two to three days to complete the trial.

Dated this 15th day of October, 2012.

                Legal Aid of Arkansas

By:  /s/ J. David Dixon
      Don A. Taylor   #89139
      J. David Dixon  #2005251
      DAVIS, CLARK, BUTT, CARITHERS
        & TAYLOR, PLC
      P.O. Box 1688
      Fayetteville, AR 72702-1688
      (479) 521-7600
      ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.  I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

Mr. David Stebbins
123 W. Ridge Ave., Apt. D
Harrison, AR 72601

     /s/ J. David Dixon
     Don A. Taylor             #89139
     J. David Dixon           #05251
     DAVIS, CLARK, BUTT, CARITHERS
       & TAYLOR, PLC
     P.O. Box 1688
     Fayetteville, AR 72702-1688
     (479) 521-7600
     ddixon@davis-firm.com