IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                                                      PLAINTIFF

vs.                                          Case No. CV 11-3057

LEGAL AID OF ARKANSAS                                                                    DEFENDANT

### BRIEF IN SUPPORT OF RESPONSE TO
### PLAINTIFF'S NOTICE OF NON-SUIT

Comes now Defendant, Legal Aid of Arkansas ("Legal Aid"), and for its Brief In Support of Response to Plaintiff's Notice of Non-Suit, states and alleges as follows:

Plaintiff's request to non-suit this matter should be denied as Plaintiff fails to present a proper explanation for his dismissal; dismissal would result in a waste of judicial time and effort; and dismissal will serve to prejudice Legal Aid.

**I.    Background**

Plaintiff has a history of vexatious litigation. (Dkt. No. 68)(citing numerous cases holding that Plaintiff's prior causes of action were completely without merit). Plaintiff filed the present action, pro se, on July 7, 2011. (Dkt. No. 1). On January 9, 2012, Plaintiff filed a Motion To Suspend Proceedings whereby he requested that the Court "suspend" the proceedings so he could focus on the same criminal charges he now uses as fodder to support his present Notice of Dismissal. (Dkt. No. 23). The Court denied the request, stating that "If Plaintiff wishes to voluntarily non-suit his case he may file a motion under Fed. R. Civ. P. 41(a)(2)." (Text Only Order dated 1/24/12). Therefrom, Plaintiff chose not to dismiss his case.

Since that time, Plaintiff has inundated Legal Aid and the Court with numerous, largely frivolous, pleadings, motions, and discovery requests. (Dkt. Nos. 55, 56)( Legal Aid's Motion For

Protective Order And Sanctions, which addressed Plaintiff's ongoing unprofessionalism, harassing conduct, and frivolous pleadings, which was granted by the Court (Dkt. No. 67)).  Plaintiff's frivolous motion and discovery practice has caused Legal Aid to incur unneeded costs and attorney's fees in the litigation of this matter. (Exhibit A and B)  Indeed, on July 5, 2012, Plaintiff failed to show for his properly noticed deposition scheduled in Harrison, Arkansas. (Dkt. No. 68, 69). Legal Aid filed a Motion For Sanctions upon same, but it was denied. *Id*.  At additional cost to Legal Aid, Legal Aid's counsel was forced to reschedule the deposition and travel back to Harrison, Arkansas. *Id*.

Regardless of Plaintiff's obstreperous ways, this matter is ripe for consideration of the parties' respective Motions for Summary Judgment or is ready to be tried.  Trial of this matter is/was set for November 5, 2012.  (Dkt. No. 29).  Currently pending before the Court is the Magistrate's Report and Recommendation which recommends denying Plaintiff's two outstanding Motions for Summary Judgment, and granting Legal Aid's Motion for Summary Judgment on the retaliation claim. (Dkt. No 77).  More recently plead, and also pending before the Court, is Legal Aid's Motion for Partial Summary Judgment on the discrimination claim.  (Dkt. No. 73).  Plaintiff failed to respond to Legal Aid's Motion for Summary Judgment on the discrimination claim.  So too, Plaintiff recently failed to file his Pre-Trial Disclosures, due on October 15, 2012, as required by the Courts Final Scheduling Order.  (Dkt. No. 29).

To get to the current posture of this case, Legal Aid has incurred $1,262.67 in costs and $38,189.50 in reasonable attorney's fees (a sizeable portion of the attorney's fees were due to Plaintiff's pro se status and unnecessary and frivolous motions and discovery). (Exhibits A and B)

Still, now, approximately two and one-half weeks prior to the trial (although recently re-set), Plaintiff files a Notice of Non-Suit whereby he seeks to dismiss the case voluntarily without prejudice. (Dkt. No. 83). By his Notice, Plaintiff states I need "a reprieve from my litigation practices to focus on securing acquittal of my felony charges." *Id*. Again, these "felony charges" are the same criminal charges for which Plaintiff sought to "suspend" the matter on January 9, 2012, which the Court denied but suggested Plaintiff move to voluntarily dismiss the matter. Needless to say, Plaintiff did not dismiss the matter at that time.

**II.    Law and Argument**

    A.  Plaintiff's Case Should Not Be Dismissed

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss an action without a court order by filing: 1) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or 2) a stipulation of dismissal signed by all parties. Here, because Legal Aid has filed an Answer and a Motion for Summary Judgment, and has not agreed to a stipulation of dismissal, Plaintiff may only dismiss his claim under subsection (a)(2) of Rule 41.

Rule 41(a)(2) treats Plaintiff's Notice of Non-Suit as a Motion To Dismiss and states that a dismissal can only be granted by court order, per the court's discretion and, if granted, on terms that the court considers proper. Rule 41(a)(2) "is primarily intended to prevent a plaintiff from voluntarily dismissing a lawsuit when such a dismissal would "unfairly affect" the defendant. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Bonner v. Daybreak Express, Inc.*, 2012 U.S. Dist. LEXIS 9767 (E.D.

Mo. Jan. 27, 2012)(internal citations omitted). A dismissal pursuant to Rule 41(a)(2) is not "one of right but is rather a matter for the discretion of the trial court." *Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999).

In considering whether to grant a motion for dismissal without prejudice, a court should take into consideration: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and a lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987) (internal citation omitted); see also *Hamm v. Rhone-Poulenc Rorer Pharms*., 187 F.3d 941, 950 (8th Cir. 1999).

Here an examination of all the above factors weigh in favor of denying Plaintiff's non-suit. Legal Aid has incurred an inordinate amount in legal expenses (Exhibits A and B). Yet, the attorney fees incurred are reasonable given Plaintiff's pro se status. *Id*. Plaintiff has been dilatory in his filing of motions with Legal Aid and the Court, e.g., Plaintiff has failed to show for a scheduled deposition, failed to file a response to Legal Aid's recent Motion For Summary Judgment (Dkt. No. 73), and failed to file any Pre-Trial Disclosure. Plaintiff further offers an insufficient explanation for his dismissal – the felony charges. It is insufficient because Plaintiff had ample opportunity to dismiss this matter in the earlier stages of litigation for that very reason but did not. (Dkt. No. 23). Lastly, both Legal Aid and Plaintiff have filed multiple Motions for Summary Judgment, of which the Magistrate recommended that Plaintiff's Motions for Summary Judgment be denied, but that Legal Aid's Motion for Partial Summary Judgment be granted. Legal Aid also has an additional Motion

for Summary Judgment pending before the Court. In light of the factors set forth in *Paulucci, supra*, Plaintiff's non-suit should be denied.

> B.  If Plaintiff's Case Is Dismissed It Should Be With Prejudice Or Conditioned Upon Plaintiff's Payment of Costs And Attorney's Fees

If a court is to grant a voluntary dismissal without prejudice, "district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit." *Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995). The Eighth Circuit has even held that under certain circumstances, it is an abuse of discretion for a district court <u>not</u> to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is re-filed. *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984) (concluding district court abused its discretion in not imposing condition respecting costs and attorney fees where voluntary dismissal occurred after trial began). When making such an award, courts have discretion to determine what amount of attorney fees and costs are reasonable. *Painter v. Golden Rule Ins. Co.*, 121 F.3d 436, 440-41 (8th Cir. 1997).

Accordingly, under clear case law, if the Court is to non-suit this matter, it should either be with prejudice or conditioned upon Plaintiff paying all Legal Aid's cost and reasonable attorney's fees if and when he chooses to re-file. As shown by the attached Affidavits, all attorney's fees incurred by Legal Aid were reasonable. (Exhibits A and B).

WHEREFORE, Legal Aid of Arkansas prays that Plaintiff's Notice of Non-Suit be denied or, alternatively, granted but conditioned upon Plaintiff's payment of Legal Aid's costs and attorney's fees incurred herein if and when Plaintiff re-files this action; for its attorney's fees and costs associated with the filing and argument of this motion; and for all other relief it may be entitled.

        LEGAL AID OF ARKANSAS

BY:   /s/ J. David Dixon
      Don A. Taylor       #89139
      J. David Dixon      #05251
      DAVIS, CLARK, BUTT, CARITHERS & TAYLOR, PLC
      19 E. Mountain Street
      P.O. Box 1688
      Fayetteville, AR 72702-1688
      Telephone: (479) 521-7600
      Facsimile: (479) 521-7661
      Email: ddixon@davis-firm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

David Stebbins
123 W. Ridge St., APT. D
Harrison, AR 72601

By:   /s/ J. David Dixon
      Don A. Taylor       #89139
      J. David Dixon      #05251
      DAVIS, CLARK, BUTT, CARITHERS & TAYLOR, PLC
      19 E. Mountain Street
      P.O. Box 1688
      Fayetteville, AR 72702-1688
      Telephone: (479) 521-7600
      Facsimile: (479) 521-7661
      Email: ddixon@davis-firm.com