IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                    PLAINTIFF

v.                              Case No. 3:11-CV-03057

LEGAL AID OF ARKANSAS                                            DEFENDANT

## O R D E R

Currently before the Court is the Report and Recommendation (Doc. 77) filed in this case on September 10, 2012, by the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas.  Both parties have timely filed Objections.  (Docs. 79-80).  Also before the Court are Defendant Legal Aid of Arkansas's ("Legal Aid") Motion for Partial Summary Judgment (Doc. 73), Plaintiff David Stebbins's Motion to Non-Suit (Doc. 83) and Legal Aid's Response (Doc. 85).  For the reasons stated below, the Court ADOPTS the Report and Recommendation and further finds that Legal Aid's Motion for Partial Summary Judgment should be GRANTED, Mr. Stebbins's Motion to Non-Suit should be DENIED, and the case DISMISSED WITH PREJUDICE.

## I.    Report and Recommendation

The Magistrate recommends granting Legal Aid's Motion for Partial Summary Judgment (Doc. 52) and denying Mr. Stebbins's two Motions for Partial Summary Judgment (Docs. 37 and 58).  Mr. Stebbins objects to the Magistrate's recommendation for denial of his first Motion for Partial Summary Judgment (Doc. 37) on the grounds that the Americans with Disabilities Act ("ADA") trumps any state or federal professional responsibility rules, such that any conflict of interest created by his actions should not be considered a valid reason for Legal Aid's refusal to

-1-

represent him.  Mr. Stebbins objects to the Margistrate's recommendation for denial of his second Motion for Partial Summary Judgment on the grounds that it is either Defendant's fault or the Court Clerk's fault that Defendant sent its discovery responses to the wrong address, such that Defendant's late responses to Mr. Stebbins's requests for admissions should not be considered and certain dispositive issues should be deemed admitted.  Legal Aid does not object to any of the Magistrate's ultimate conclusions, but objects to the extent that the Magistrate made the following findings: (1) that Mr. Stebbins has Asperger's Syndrome; (2) that the deadline for Legal Aid to respond to Mr. Stebbins's requests for admissions was March 14, 2012; and (3) that Mr. Stebbins filed a change of address.  The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which the parties have raised objections. 28 U.S.C. § 636(b)(1).  The Court will address each objection in turn.

First, Mr. Stebbins's argument that the ADA trumps any rules of professional conduct is without merit.  Attorneys cannot shirk their ethical and professional responsibilities, and no federal law would mandate that they do so.  Generally, such rules are put in place for the protection of clients or potential clients.  In this case, if Legal Aid were to have disregarded the conflict of interest that would have been created by representing Mr. Stebbins, it would have done a disservice to Mr. Stebbins.  Furthermore, even discounting the conflict of interest as a reason for denying Mr. Stebbins representation, Legal Aid had several other valid reasons to deny Mr. Stebbins representation: Legal Aid found Mr. Stebbins's claims to be without merit; Mr. Stebbins had not filed a separate application for services as he had been told to do; and Legal Aid has limited staff and resources, such that it should not be – and is not – required to expend resources on frivolous claims simply because a potential client claims to have a disability. The Court finds that Mr. Stebbins has not established

a prima facie case of retaliation under the ADA.  However, even if he had, Legal Aid has met its burden of presenting a variety of non-retaliatory reasons for its actions in refusing Mr. Stebbins continued representation.  *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  And Mr. Stebbins has failed to prove by a preponderance of the evidence that Legal Aid's articulated reasons are mere pretext for retaliation.  *Id.* at 804.  The Court adopts the Magistrate's reasoning and conclusion as to Mr. Stebbins's first Motion for Preliminary Judgment and finds that the Motion should be DENIED.

Second, Mr. Stebbins's arguments concerning Legal Aid's failure to timely respond to his Requests for Admissions appear to stem from an overly rigid view of how the Federal Rules of Civil Procedure are to be applied.  If the Court were to so rigidly adhere to such rules, blind to any exigent circumstances or good cause shown for failure to comply, justice would not be served.  Mr. Stebbins seeks harsh remedies under these rules, even though he has been accommodated by the Court in the past.  For instance, as is particularly relevant to the issue at hand, Mr. Stebbins was advised by Court Order dated September 13, 2011, that "he has an obligation to keep the Court informed of any changes in his address.  If he fails to do so and the court receives returned mail, the case will be subject to dismissal." (Doc. 6).  While the record in this case reflects that Mr. Stebbins understood this Order and filed a Notice of Change of Address (Doc. 7) on September 27, 2011, the record also reflects that mail sent by the Court to Mr. Stebbins was returned as undeliverable as noted by the docket entry dated March 30, 2012.  The Court did not, however, resort automatically to the harsh remedy of dismissing Mr. Stebbins's case.  Mr. Stebbins, at some point around that date, was released from the Boone County Detention Center.  Mr. Stebbins may have tried in good faith to comply with the Court's Order, in which case an exception should be made.  The Court, similarly,

will not now resort to the harsh remedy of deeming certain facts to be admitted where Legal Aid has shown that it attempted to timely serve its responses to Mr. Stebbins's requests for admissions in good faith.

It appears that Mr. Stebbins served his requests for admissions on Legal Aid on March 14, 2012, making Legal Aid's deadline to respond April 16, 2012.[1]  Legal Aid attempted, in good faith, to timely serve its responses on Mr. Stebbins on April 12, 2012 to an address which the Court Clerk had incorrectly noted as "123 Rodge St." instead of the correct address of "123 Ridge Street."[2]  After Mr. Stebbins filed his Motion for Partial Summary Judgment asserting that he had not received Legal Aid's responses, Legal Aid sent another set of responses to Mr. Stebbins – on April 25, 2012 – at the correct address.  Federal Rule of Procedure 36(a)(3) allows for a "shorter or longer time for responding" to a request for admission to be "ordered by the Court" without requiring any party to file a motion.  Although it is not clear that any particular standard is required in order for the Court to lengthen the time for a party to provide responses, even using the "excusable neglect" standard mandated by Fed. R. Civ. P. 6(b) for extending time limits once a deadline has passed, the Court finds that Legal Aid has satisfied that standard here.  Legal Aid relied on an address erroneously entered by the Court in sending its first set of responses.  It is unclear at what point that mistake was corrected such that Legal Aid should have been aware of the correct address.  However, it is clear to the Court that Legal Aid did not act in bad faith in responding late to Mr. Stebbins's requests.  As soon as Legal Aid was made aware of the issue via Mr. Stebbins's filing of a Partial Motion for

---

[1] Legal Aid had 30 days to respond under Fed. R. Civ. P. 36(a)(3) plus 3 days, since Mr. Stebbins served his requests by mail, under Fed. R. Civ. P. 6(d).

[2] It also appears that an incorrect Notice of Change of Address was attached to the docket entry, as the attachment indicates an old address and is date-stamped September 27, 2011.

Summary Judgment, Legal Aid moved quickly to remedy the issue and serve a second set of responses to the correct address. The responses were served only nine days late, and the Court can perceive no prejudice suffered by Mr. Stebbins as a result of the late response.  Therefore, whether or not Legal Aid's responses were originally mailed to the wrong address due to the fault of Legal Aid or the Court Clerk, Legal Aid has shown excusable neglect in failing to timely serve responses; quickly remedied the situation upon realizing the mistake; and Mr. Stebbins will not be prejudiced by the Court lengthening the time to allow Legal Aid to respond under Fed. R. Civ. P. 36(a)(3) and considering its response to be timely.  The Court further adopts the Magistrate's reasoning and conclusions as to Mr. Stebbins's second Motion for Partial Summary Judgment and finds that the Motion should be DENIED.

Third, Legal Aid objects to the Magistrate's statement that Plaintiff has Asperger's Syndrome. (Doc. 77, p. 1).  To the extent that the Magistrate's statement constitutes a finding, the Court declines to adopt the Magistrate's finding.  Upon review of the record, and as set forth more fully below, the Court finds that Mr. Stebbins has not established, for purposes of this case, that he has Asperger's Syndrome.

Fourth, the Court likewise declines to adopt any finding by the Magistrate that Legal Aid's responses to Mr. Stebbins's requests for admissions, postmarked March 14, 2012, were due on March 14, 2012.  As stated above, the Court finds that Legal Aid's responses were otherwise due on April 16, 2012, but the Court has found that Legal Aid's time to respond should be lengthened under Fed. R. Civ. P. 36(a)(3) to April 25, 2012 such that Legal Aid's responses will be accepted as timely.

Fifth, the Court declines to adopt any finding by the Magistrate that Mr. Stebbins submitted

a change of address to the Court on March 23, 2012.  The Court makes no specific finding regarding whether or not Mr. Stebbins properly submitted a change of address on March 23, 2012, as the Court cannot discern from the record whether the wrong change of address was filed as Document 50 due to Mr. Stebbins failure to submit a correct Notice of Change of Address or, rather, due to the clerical error of the Court Clerk.  In any event, such a finding is immaterial to the resolution of any issue in this case.

Accordingly, the Court finds that the Report and Recommendation is proper and should be ADOPTED, with the limited exceptions that the Court declines to adopt any findings included in the Report and Recommendation, to the extent that the Magistrate made such findings, (1) that Plaintiff has Asperger's Syndrome; (2) that Legal Aid's responses to Mr. Stebbins's requests for admissions were due March 14, 2012; and (3) that Mr. Stebbins submitted a change of address to the Court on March 23, 2012.  Accordingly, Defendant's Motion for Partial Summary Judgment on Mr. Stebbins's retaliation claim (Doc. 52) is GRANTED, and Mr. Stebbins's two Motions for Partial Summary Judgment (Docs. 37 and 58) are DENIED.

## II.     Motion for Partial Summary Judgment

Legal Aid filed a Motion for Partial Summary Judgment (Doc. 74) on September 6, 2012 as to Mr. Stebbins's discrimination and failure-to-modify claims under the ADA.  The response period has passed, and Mr. Stebbins has not, to this date, filed a response to Legal Aid's Motion.

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*,

165 F.3d 602 (8th Cir. 1999).  The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998).  In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "[M]ere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions" cannot withstand a motion for summary judgment. *Mann v. Yarnell*, 497 F.3d 822, 827 (8th Cir. 2007) (internal quotation omitted).

For the reasons set forth below, the Court finds that Legal Aid has met its burden of establishing the absence of a genuine dispute of material fact as to Mr. Stebbins's remaining claims for discrimination and failure to modify under the ADA.  Mr. Stebbins has not produced any evidence to support his allegation that would permit a finding in his favor.

In order to establish a prima facie case of discrimination under Title III of the ADA, Mr. Stebbins must show (1) that he is disabled within the meaning of the ADA, (2) that Legal Aid is a private entity that owns, leases, or operates a place of public accommodation, and (3) that Legal Aid took adverse action against Mr. Stebbins that was based on Mr. Stebbins's disability. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999) (citing 42 U.S.C. § 12182(a) and (b)(2)(A)(ii)).In order to succeed on his claim that Legal Aid failed to accommodate him, Mr. Stebbins must show the first two elements listed above, as well as that Legal Aid failed to make reasonable modifications that would accommodate Mr. Stebbins's disability without fundamentally altering the nature of the public accommodation.  *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1077 n. 5 (8th Cir. 2006)

(differentiating a Title II discrimination claim from a Title III failure to accommodate claim).  For purposes of its Motion only, Legal Aid does not contest that it is a place of public accommodation. (Doc. 74, p. 14).  The Court finds, however, that summary judgment should be entered in favor of Legal Aid as Mr. Stebbins has failed to establish the first and third elements of both his discrimination and failure-to-modify claims.

Mr. Stebbins has not produced any evidence in response to Legal Aid's Motion for Partial Summary Judgment on his discrimination and failure-to-modify claims.  The Court would, therefore, be justified in considering Legal Aid's assertions of fact undisputed for purposes of the Motion pursuant to Federal Rule of Civil Procedure 56(e)(2).  The Court has nevertheless reviewed the full record in an effort to determine whether Legal Aid is entitled to summary judgment.

While the Court does not doubt that Mr. Stebbins may have Asperger's Syndrome, the record appears to be devoid of any legally sufficient evidence through which Mr. Stebbins has actually established that he has Asperger's Syndrome.  In order for Mr. Stebbins to show that he is disabled for purposes of the ADA, he must show (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such impairment; or (3) that he was regarded by Legal Aid as having such an impairment.  42 U.S.C. § 12102.  Mr. Stebbins has failed to satisfy any of the above three criteria.  Assuming that Mr. Stebbins does, in fact, have Asperger's Syndrome, Mr. Stebbins has failed to establish that his Asperger's Syndrome substantially limits one or more major life activity.  In order to establish that his condition is substantially limiting, Mr. Stebbins "must present evidence showing the degree to which *he personally* is limited by his condition[]." *Kirkeberg v. Canadian Pac. Ry.*, 619 F.3d 898, 903 (8th Cir. 2010) (emphasis in original).  Mr. Stebbins has failed to produce any evidence of substantial limitation and instead relies on self-

serving and conclusory allegations.  Mr. Stebbins has likewise failed to show that he has a record of Asperger's Syndrome substantially limiting one or more major life activity or that Legal Aid regarded him as having Asperger's Syndrome and discriminated against, or refused to accommodate, him for that reason.

Even had Mr. Stebbins established that he is disabled for purposes of the ADA, he has failed to establish that his alleged disability was the basis for Legal Aid's action in refusing to represent him or that Legal Aid failed to make reasonable modifications to accommodate his alleged disability. Mr. Stebbins's claim for discrimination appears to be based merely on his speculation that Legal Aid must have discriminated against him based on his prior life experiences. Mr. Stebbins alleges that he has been repeatedly discriminated against, because of his Asperger's Syndrome, throughout his life, and that therefore it is only logical that Legal Aid likewise discriminated against him on the same basis. That argument is not legally sufficient, without any supporting evidence, to establish a prima facie claim for discrimination under the ADA. Furthermore, Mr. Stebbins has done nothing to rebut Legal Aid's showing that it had numerous, non-discriminatory reasons for refusing to represent Mr. Stebbins once its representation was concluded as to Mr. Stebbins's eviction proceeding:[3] namely, that Legal Aid found Mr. Stebbins's claims to be without merit; that Mr. Stebbins had not filed a separate application for services as he had been told to do; and that Legal Aid has limited staff and resources, such that it must exercise discretion as to what matters it chooses to take on and should not be – and is not – required to expend resources on frivolous claims simply because a potential client claims to have a disability. Mr. Stebbins has not presented any evidence

_____

[3] In the absence of direct evidence of discrimination, discrimination claims are analyzed under the burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

that those reasons were mere pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804.

As to his failure-to-modify claim, Mr. Stebbins has not shown that Legal Aid failed to make reasonable modifications that would accommodate Mr. Stebbins's disability without fundamentally altering the nature of the public accommodation. *Mershon*, 442 F.3d at 1077 n. 5. A failure-to-modify claim contemplates three inquiries: whether the requested modification is reasonable, whether it is necessary for the disabled individual, and whether it would fundamentally alter the nature of the public accommodation. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 684 n. 38 (2001) (internal quotations omitted). After Legal Aid declined to represent Mr. Stebbins on a matter, Mr. Stebbins sent a fax to Legal Aid stating that he had Asperger's Syndrome and requesting accommodation in the nature of Legal Aid or its attorneys being patient with things he said and disregarding any comments they found to be offensive. As a threshold issue, the Court has found no evidence on record through which Mr. Stebbins has shown that Legal Aid was not patient with his comments, found any of his comments to be offensive, and/or failed to disregard any comments that they may have found to be offensive. Further, Mr. Stebbins has not shown that his requested accommodation would have required any modification of Legal Aid's already existing policies or that any modification was otherwise necessary in order to afford him access to Legal Aid's services, especially when Legal Aid had previously represented Mr. Stebbins successfully in an eviction proceeding. Therefore, the Court need not necessarily reach the inquiries noted above, as it is not apparent to the Court that Mr. Stebbins even requested a modification as contemplated by the ADA or that Legal Aid acted contrary to his request. However, the Court finds that Mr. Stebbins's failure-to-modify claim must fail under an analysis pursuant to the inquiries listed as well, as Mr. Stebbins has failed to show that any modification of Legal Aid's policies was necessary to accommodate his

alleged disabilities given that Legal Aid had successfully represented Mr. Stebbins in the past and had no problems communicating with him in that proceeding.  Mr. Stebbins does not contend that he was displeased with Legal Aid's representation in that proceeding or that he had any problems with any Legal Aid lawyer lacking patience with him or being offended by his comments during that representation.  Additionally, Mr. Stebbins has not identified any policy, practice, or procedure of Legal Aid that needed to be modified in order accommodate his alleged disability.

Furthermore, in other Title III cases regarding failure-to-modify claims as against places of public accommodation, the Eighth Circuit has found that a plaintiff must establish that his requested accommodations would have rendered him to be otherwise qualified for acceptance into a particular program.  *See, e.g.*, *Mershon*, 442 F.3d at 1077 (plaintiff bears the initial burden of demonstrating that he requested reasonable accommodations and that those accommodations would render him otherwise qualified for admission into academic program); *Stern v. Univ. of Osteopathic Med. & Health Sciences*, 220 F.3d 906, 909 (8th Cir. 2000) (finding, in an academic setting, that the plaintiff would have to establish that reasonable accommodations for his disability would render him qualified for a medical school program).  The same rule should logically apply to Mr. Stebbins's Title III claims in the instant matter.  Assuming Legal Aid refused to accommodate Mr. Stebbins's request that it disregard any comments it founds to be offensive, and assuming that such action would require any modification of Legal Aid's existing policies, Mr. Stebbins has not shown that he would otherwise have been qualified for acceptance for representation by Legal Aid.  It appears undisputed, for instance, that Legal Aid found Mr. Stebbins's claims to be without merit and that Mr. Stebbins had not filed a separate application for services as he had been told to do and as was required by Legal Aid for all persons seeking representation on a matter.

For all of the above reasons, the Court finds that Legal Aid has shown that there is no genuine dispute of material fact as to whether Mr. Stebbins can establish a prima facie case of either discrimination or a claim for failure to modify under the ADA.  The Court finds that Legal Aid's Motion for Partial Summary Judgment as to Mr. Stebbins's claims for discrimination and failure to modify should, therefore, be GRANTED.

### III.  Motion to Non-Suit

Mr. Stebbins filed a Motion to Non-Suit this case on October 17, 2012, stating that he needed "a reprieve from my litigation practices to focus on securing acquittal of my felony charges.  I wish to take advantage of the Arkansas Savings Statute, which entitles me one year within which to re-file this case."  (Doc. 83).  Legal Aid has filed a Response in opposition (Doc. 85) to Mr. Stebbins's Motion and a brief in support (Doc. 86).  Mr. Stebbins filed a Reply (Doc. 87) without leave of Court,[4] which the Court has nonetheless considered.

Because Legal Aid has already filed both an Answer and Motions for Summary Judgment in this case, and is opposed to any non-suit by Mr. Stebbins, this action may be dismissed at Mr. Stebbins's request only by Court order, on terms that the Court considers proper.  Fed. R. Civ. P. 41(a)(2).  Legal Aid argues that Mr. Stebbins fails to present a proper explanation for his desire to dismiss this case; that dismissal would result in a waste of judicial time and effort; and that dismissal will prejudice Legal Aid.  The Court agrees. Furthermore, at the time Mr. Stebbins filed his Motion to Non-Suit, the matter was ripe for consideration on the merits via Legal Aid's and Mr. Stebbins's

---

[4] The Court's Final Scheduling Order, filed in this case on January 31, 2012, provides that "[e]xcept for motions for summary judgment, leave of court must be obtained to file a reply in support of a motion.  A reply filed without leave of court will not be considered."  (Doc. 29, p. 2).

four separate Motions for Partial Summary Judgment.[5]  The Court has now decided all four Motions in Legal Aid's favor and, as a result, the case is to be dismissed on the merits.

Even had the Court not decided all the issues in Legal Aid's favor, Mr. Stebbins filed his Motion to Non-Suit less than three weeks before the case was scheduled to go to trial on November 5, 2012.  Mr. Stebbins states in his Reply that both Legal Aid and the Court invited Mr. Stebbins to file a motion to non-suit earlier in this litigation, and that Legal Aid should therefore not complain since he is merely doing what Legal Aid suggested.  As a point of clarification, it does not appear that  Legal Aid ever suggested that Mr. Stebbins non-suit his case.  In responding to an earlier Motion to Stay filed by Mr. Stebbins, Legal Aid merely pointed out that Mr. Stebbins's Motion was procedurally improper and that the only proper procedural mechanisms available to Mr. Stebbins at that juncture were to either proceed with the case or voluntarily non-suit the case.  (Doc. 25).  The Court did not and does not view that argument as a suggestion or endorsement of the Court granting any motion to non-suit filed by Mr. Stebbins at any time thereafter.  Furthermore, the Court did agree with Legal Aid's argument that a motion to non-suit would be procedurally proper, and did state that "[i]f Plaintiff wishes to voluntarily non-suit his case he may file a motion under Fed. R. Civ. P. 41(a)(2)."  (Text Only Order dated January 24, 2012).  Nowhere in that Text Only Order did the Court indicate, suggest, or promise that, if such a motion were filed, it would be granted.  Rather, the Court must consider any motion filed by the parties to a case at the time that it is filed and after

---

[5] Objections to the Report and Recommendation of the Magistrate, addressing Mr. Stebbins's two Motions for Partial Summary Judgment as well as one of Legal Aid's Motions for Partial Summary Judgment, were due by September 27, 2012, and both parties had timely filed objections. Mr. Stebbins's response to Legal Aid's second Motion for Partial Summary Judgment was due by September 24, 2012, and none was filed, making the Motion ripe for consideration by the Court on that date.

allowing the opposing party an opportunity to respond.  Mr. Stebbins chose to file his Motion to Non-Suit almost nine months after the Court had entered that Text Only Order; after both parties had filed two Motions for Partial Summary Judgment; after the case was ripe for consideration on the merits; and only three weeks before the case was set to go to trial.

The Court finds that, as a result of the Court's ruling on the parties' Motions for Partial Summary Judgment, as set forth above, Mr. Stebbins's Motion to Non-Suit is DENIED AS MOOT. Alternatively, the Motion is DENIED, as the Court finds that a dismissal without prejudice, over the objection of the Defendant, at this juncture of the litigation would be improper.

## IV.    Conclusion

For all the reasons set forth above, IT IS ORDERED that the Report and Recommendation (Doc. 77) is ADOPTED, with the limited exceptions that the Court declines to adopt any finding included in the Report and Recommendation, to the extent the Magistrate made such findings, (1) that Plaintiff has Asperger's Syndrome; (2) that Legal Aid's responses to Mr. Stebbins's requests for admissions were due March 14, 2012; and (3) that Mr. Stebbins submitted a change of address to the Court on March 23, 2012.  Accordingly, Defendant's Motion for Partial Summary Judgment on Mr. Stebbins's retaliation claim (Doc. 52) is GRANTED, and Mr. Stebbins's two Motions for Partial Summary Judgment (Docs. 37 and 58) are DENIED.

IT IS FURTHER ORDERED that Legal Aid's second Motion for Partial Summary Judgment (Doc. 73), as to Mr. Stebbins's claims for discrimination and failure to modify, is GRANTED.

IT IS FURTHER ORDERED that, as a result of the above rulings, Mr. Stebbins's case is DISMISSED WITH PREJUDICE.  A separate judgment will be entered in accordance with this Order.

IT IS FURTHER ORDERED that Mr. Stebbins's Motion to Non-Suit (Doc. 83) is DENIED.

IT IS SO ORDERED this 6th day of November, 2012.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE