# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3981
_____

David Anthony Stebbins

*Plaintiff - Appellant*

v.

Legal Aid of Arkansas

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: May 15, 2013
Filed: May 21, 2013
[Unpublished]

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

David Stebbins brought this suit claiming that Legal Aid of Arkansas (LAA) refused to represent him in various legal matters because of his disability, failed to accommodate his disability with modifications to its policies, and retaliated against him, all in violation of the Americans with Disabilities Act (ADA). The district

court[1] denied his summary judgment motions, granted LAA's summary judgment motions, and dismissed the case. Stebbins appeals. After careful consideration, see Myers v. Lutsen Mts. Corp., 587 F.3d 891, 892 (8th Cir. 2009) (de novo review), we affirm.

First, we agree that Stebbins did not meet his summary judgment burden as to the discrimination and failure-to-modify claims; but even if he had, Title III of the ADA does not provide for private actions seeking damages--the sole remedy that he requested. See 42 U.S.C. § 12188(a) (unless enforced by Attorney General, only remedy for violation of Title III of ADA is injunctive relief); Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006) (§ 12188(a) does not contemplate damages awards in suits brought by private parties; listing cases). Second, even assuming that Stebbins made a prima facie case of retaliation, see Mershon v. St. Louis Univ., 442 F.3d 1069, 1074 (8th Cir. 2006) (absent direct evidence, ADA retaliation claims are analyzed under framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)), we conclude that LAA proffered legitimate reasons for declining to represent him, including that (1) he had not properly applied for LAA's legal services, and (2) a conflict of interest existed between him and LAA based on this ongoing lawsuit. Nothing in the record beyond Stebbins's own assumptions and speculation suggests that those reasons were a pretext for retaliation. See Green v. Franklin Nat'l Bank of Minneapolis, 459 F.3d 903, 917 (8th Cir. 2006) (plaintiff's discrimination claim failed when her evidence of pretext was "entirely speculative").

Stebbins also challenges various discovery rulings made by the magistrate judge. We may not review them, however, because Stebbins did not file objections to those rulings in the district court. See Fed. R. Civ. P. 72(a); McDonald v. City of

---

[1] The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas, adopting in part the report and recommendations of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.

St. Paul, 679 F.3d 698, 709 (8th Cir. 2012) (magistrate judge's order denying discovery motion was unreviewable because party failed to file objection in district court).

      We therefore affirm the judgment of the district court.  See 8th Cir. R. 47B. We deny Stebbins's pending motion.

_____

-3-